**Gary W. Gorski CBN: 166526**
**Attorney at Law**
*VETERANS LAW CENTER*
3017 Douglas Blvd., Suite 150
Roseville, CA  95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com
www.VeteransLawCenter.com

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**
*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
Fax: (916) 520-3930

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>　　　　plaintiff,<br>　　v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE;<br><br>　　　　defendants. | No.  2:22-cv-1162 JAM DB<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY AND/OR PERMANENT INJUNCTION AGAINST DEFENDANTS GAVIN NEWSOM, in his official capacity as Governor of the State of California, and ROB BONTA, in his official capacity as Attorney General of the State of California**<br><br>**Constitutionality of State Statute Challenge (RULE 132 (Fed. R. Civ. P. 5.1)**<br><br>**Date:** November 15, 2022<br>**Time:** 1:30 p.m.<br>**Hon. Judge:**  John A. Mendez<br>**Location:** Courtroom 6, 14th floor<br>501 I Street<br>Sacramento, CA<br>**Action Filed:** July 5, 2022 |

**TO DEFENDANTS** GAVIN NEWSOM, in his official capacity as Governor of the State of California, and ROB BONTA, in his official capacity as Attorney General of the State of California.

**PLEASE TAKE NOTICE** that on **November 15, 2022, 1:30 p.m.,** before the Honorable Judge **John A. Mendez**, **Courtroom 6, 14th floor** in the above entitled court at 501 I Street, Sacramento, CA, Plaintiff Arnold Abrera will be seeking preliminary and/or permanent equitable injunctive relief pursuant to Local Rule 231(d) and Fed. R. Civ. P. 65 enjoining the enforcement of California Code of Civil Procedure § 1021.11, enacted in Section 2 of Senate Bill 1327, (including all future permutations and analogs, and/or attempts to void the Court's jurisdiction or negate Plaintiff's standing) which violates Plaintiff's (and the People's) constitutional rights. Because § 1021.11 is purely a punitive regulatory gun control scheme for asserting a Second Amendment right, it is *per se* unconstitutional as follows:

**Section 1021.11 violates the First Amendment.** The right to petition the government for redress of grievances includes "[t]he right of access to the courts," which "is indeed but one aspect of the right of petition." *Cal. Motor Trans. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). The Supreme Court has long held that public interest litigation is a protected "form of political expression" that is essential to secure civil liberties, particularly for minority groups seeking to vindicate politically unpopular rights: "Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts. . . . [U]nder the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 429 (1963).

Section 1021.11's fee-shifting regime also violates the First Amendment because it is

content-based and viewpoint-discriminatory: It singles out firearms advocates' protected activity and seeks to choke off their access to the courts. The State cannot justify such targeting under strict scrutiny.

**Section 1021.11 violates the Second Amendment.** There is no historical analog embracing § 1021.11's regulatory scheme.

**Section 1021.11 violates the Fifth Amendment.** There is no historical analog embracing § 1021.11's regulatory scheme and interferes with the right to counsel.

**Section 1021.11's discrimination against gun rights plaintiffs violates the Equal Protection Clause** because it draws classifications with respect to the fundamental right to petition and, to make matters worse, that classification singles out the fundamental right to keep and bear arms. California adopted this fee-shifting scheme as a response to – and apparently in retaliation for – a similar fee-shifting scheme that Texas enacted in connection with abortion regulations. But tit-for-tat is not a rational or permissible justification for the classifications in this case. "[A] bare. . . desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973).

**Section 1021.11 violates the Privileges and/or Immunities of Plaintiff:** Article IV provides that "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." While the Fourteenth Amendment provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." See *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

Because SB 1327's fee-shifting penalty is unconstitutional, Plaintiffs seek declaratory and injunctive relief to invalidate Section 1021.11 and enjoin its application.

**This motion is made following the conference of counsel pursuant to the Court's standing order which took place on September 19, 2022.** (Gorski Decl. ¶s 41-43)

3

Case 2:22-cv-01162-JAM-DB   Document 19   Filed 10/06/22   Page 4 of 5

As a result of the meet and confer, the following transaction was entered on 9/22/2022 at 1:01 PM PDT and filed on 9/22/2022 at docket number 18:

> STIPULATION and ORDER signed by Senior Judge John A. Mendez on 9/21/2022 STAYING CASE as to Plaintiff's planned motion for a TRO and Preliminary Injunction concerning the eleventh and twelfth claims for relief. Plaintiff shall notify the court when the related state proceedings have completed and the Defendants' response will be due 20 days after Plaintiff's notice. (Perdue, C.)

Oral Argument is requested and is estimated to be approximately one hour. The relief sought does not require a bond as it involves the return of personal property and conclusions of law as to the constitutionality of state statutes, as-written or as-applied.

This Motion is pursuant to Local Rule 231(d) (Fed. R. Civ. P. 65), on the grounds that immediate and irreparable injury will result to Plaintiffs unless the activities described above are enjoined pending trial of this action.

Irreparable injury, in the absence of such an injunction and interlocutory relief, is presumed since Section 1021.11 is indefensible.

Plaintiff seeks to declare C.C.P. § 1021.11 unconstitutional, and enjoin enforcement of such law <u>as-applied</u>, and further <u>as-written</u>

**FURTHERMORE**, Plaintiff requests an order enjoining Defendants from passing and/or enforcing any <u>new laws</u> and future iterations of the currently challenged law, especially actions designed to thwart this Court's jurisdiction and Plaintiff's standing.

Plaintiff is likely to succeed on the merits.

Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages alone as in order to exercise a right, the necessary tools must be returned to

4

exercise such a right.

Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for injunctive and declaratory relief.

A bond is not necessary the Court can make the determination whether the statute is constitutional as-written and as-applied.

This motion is based on this notice of motion and motion, the memorandum of points and authorities filed in support, and supporting declarations. This motion is also based on the pleadings and records already on file, and on any further matters the Court deems appropriate.

DATED: October 6, 2022

Respectfully submitted,
LAW OFFICES OF GARY W. GORSKI
 */s/ Gary W. Gorski*
GARY W. GORSKI
Attorney for Plaintiff Arnold Abrera