**Gary W. Gorski CBN: 166526**
**Attorney at Law**
3017 Douglas Blvd., Suite 150
Roseville, CA  95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**
*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
Fax: (916) 520-3930

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>                    plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE;<br><br>                    defendants. | No.  2:22-cv-01162-JAM-DB<br><br>**DECLARATION OF ARNOLD ABRERA IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Date:** November 15, 2022<br>**Time:** 1:30 p.m.<br>**Hon. Judge:**  John A. Mendez<br>**Location:** Courtroom 6, 14th floor<br>501 I Street<br>Sacramento, CA<br>**Action Filed:** July 5, 2022 |

**DECLARATION**

I, ARNOLD ABRERA, declare as follows:

1

1. I am the Plaintiff in the above referenced matter, I am 48 years old, and I have never been arrested or charged with a crime in my entire life until the police seized my guns even though I committed no crime and was never a danger to anyone, including myself.

2. Attached hereto as **Exhibit "1"** is a true and correct copy of the First Amended Complaint filed in this action currently pending before this court.

3. I am aware of Defendant Newsom's disdain towards gun ownership when he issued this tirade on December 11, 2021:

   > "I am <u>outraged</u> by yesterday's U.S. Supreme Court decision allowing Texas' ban on most abortion services to remain in place, and largely endorsing <u>Texas's</u> scheme to insulate its law from the fundamental protections of Roe v. Wade. But if states can now shield their laws from review by the federal courts that <u>compare **assault weapons** to Swiss Army knives</u>, then California <u>will use that authority</u> to protect people's lives, where Texas used it to put women in harm's way.
   >
   > "I have directed my staff to work with the Legislature and the <u>Attorney General</u> on a bill that would <u>create a right of action</u> allowing private citizens to seek injunctive relief, and statutory damages of at least $10,000 per violation plus costs and attorney's fees, against anyone who manufactures, distributes, or sells an assault weapon or ghost gun kit or parts in the State of California. If the most efficient way to <u>keep these devastating weapons</u> off our streets is to add the threat of <u>private lawsuits</u>, we should do just that." [emphasis added]

4. Around the same time of the *New York Rifle & Pistol Ass'n v. Bruen* decision, Newsom signed Senate Bill No. 1327 into law. Among its changes to the law was the addition of section 1021.11 to the California Code of Civil Procedure, which becomes effective and enforceable on January 1, 2023. Section 1021.11 provides:

   > (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, <u>who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.</u>
   >
   > (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

  (1) <u>Dismisses any claim</u> or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

  (2) <u>Enters judgment in favor of the party opposing the declaratory or injunctive</u> relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, <u>a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision</u> (a) not later than the third anniversary of the date on which, as applicable:

  (1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

  (2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

  (1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

  (2) The court in the underlying action declined to recognize or enforce the requirements of this section.

  (3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

5. California passing unconstitutional firearm laws at an alarming rate, and now California is specifically targeting parties and attorneys who bring a constitutional challenge to "any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms." This was a tit-for-tat response to a Texas abortion law.

6. This is common knowledge, carried by every major news network.

 A. https://abcnews.go.com/Politics/wireStory/california-gun-control-law-mimics-texas-

abortion-measure-87244989

B. New California gun control law allows people to sue over illegal guns (kcra.com)

C. New California gun control law mimics Texas abortion measure | AP News

D. New California gun control law mimics Texas abortion measure - ABC News (go.com)

7. As Newsom puts it: "We are sick and tired of being on the defense in this movement. It's time to put them on the defense," said Gov. Newsom at a conference at the signing of this bill.

8. Newsom and Bonta's policies are intended to impede the rights of the people to keep and bear arms, as specifically guaranteed by the Second Amendment (an enumerated "right" of the People), by setting forth a policy which reads: the Second Amendment "begins around <u>well regulated **gun policy**</u> we've completely lost our senses and lost touch with that reality so we're here resolved focused energetically on moving well over a dozen bills forward getting them to my desk where I will enthusiastically be signing bills by the end of next month …" he then dismisses gun violence being related to mental health and crime and states "what's unique in the United States is this savagery because of the availability ease and access of <u>weapons of war</u> …", thus not only is the policy to eliminate the guns from law abiding citizens through onerous regulation, but that his highest priority policies are focused on complete confiscating and banning arms that are the most useful for militia purposes.

9. Newsom rewrites the Second Amendment to read: "<u>well regulated **gun policy**</u>", changing the text which actually reads as "well regulated militia", and militia being the People carrying arms that can be used for service in the "unorganized" militia.

10. Bonta states his policy: "The SCOTUS decision is a setback for safety.  I am grateful that <u>**we**</u> had a **plan** in place to protect our current and <u>future legislative gun control efforts</u>.  In the wake of the Texas tragedy and the continued threats of mass shootings, <u>it's a moral</u>

imperative that California leads on this issue."[1]

11. Like Newsom, Bonta attempts to litigate an expansion of abortion laws in other states and using state resources in the process, but fights to restrict an enumerated right to keep and bear arms based upon some personal opinions on an issue that is not in dispute in California.

12. Bonta has made his policy crystal clear in ad blitzes on national television, such as the following during the month of May 2022:





13. **ABORTION V. SECOND AMENDMENT**: Defendants policy choices are not neutral, and therefore trigger strict scrutiny under the Second Amendment and Equal Protection Clause, since they treat an enumerated right differently than abortion, even though abortion is not an enumerated right and abortion conflicts with the sanctity of life protected by California's Penal Code Section 187(a), which defines Murder as "… the unlawful killing of a human being, or a fetus, with malice aforethought." [emphasis added] Cal. Penal Code § 187.

14. Defendants NEWSOM and BONTA policy is to attack the Second Amendment as means to influence their personal views on abortion, even though abortion is completely legal in California --- but their actions show to me that they are using their office as a platform to

---

[1] The Bill of Rights was specifically designed to protect against the so-called "moral majority", also known as "mob rule." Besides, how can California lead on an issue none of the other states agree with?

facilitate their personal views on abortion at the national level.

15. This is a pre-enforcement challenge to Senate Bill No. 1327 which is the addition of section 1021.11 to the California Code of Civil Procedure, which becomes effective and enforceable on January 1, 2023, is *per se* a restriction on the access to this court.

16. *Ringgold-Lockhart v. Cnty. of L.A.,* 761 F.3d 1057, 1061-62 (9th Cir. 2014) states:

> Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution*." Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25, 122 S. Ct. 2390, 153 L. Ed. 2d 499 (2002) (internal quotation marks omitted, alteration in original); see also *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).

17. Defendants GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE are unwilling to state that they will not utilize § 1021.11 against me.

18. Defendants BONTA and NEWSOM did state that they would not enforce § 1021.11 in this action on the condition that I drop my claims relating to § 1021.11; but they refused to waive enforcement of § 1021.11 as to any other case filed by me.

19. Under this statute, had Mr. Karalash not obtained the dismissal in a felony criminal case, the defendant DA could have obtained a judgment against Mr. Karalash. Furthermore, there is

still pending a § 1538.5 Motion for Return of Property in *People vs. Arnold Abrera*, Sacramento Superior Court case number 21FE004857, which again, the DA could use § 1021.11 against me.

20. Because of the penal nature of this law on the effect of my current counsel to this case, attorney Karalash will have to withdraw as attorney of record and Mr. Gorski will have to absorb the entire risk of financial ruin along with myself.

21. I fear § 1021.11 that Mr. Gorski's judgment could be tainted due to the penal nature of § 1021.11, and that his effective assistance would be compromised.

22. I will then be left without the counsel of his choosing because Mr. Karalash was the attorney I originally hired to defend me in the criminal matter.

23. Mr. Karalash successfully challenged the law in the lower court in case number 21FE004857, and obtained a favorable ruling based upon his challenge to the constitutionality of the Assault Weapon Control Act.

24. If Mr. Karalash is not successful on that case regarding the return of my two rifles, Mr. Karalash and I would be held liable for the DA's attorneys fees and costs in that matter as well under § 1021.11.

25. This law will impact my attorneys' decision making process creating a natural conflict of interest since my counsel will now have to consider their personal exposure and pecuniary interest, and will *per se* create an ineffective assistance of counsel.

26. Section 2 of SB 1327 is a one-way ratchet—always in the government's favor—because "[a]ny person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a)" of Cal. Code. Civ. Pro. Section 1021.11 "shall not be deemed a prevailing party under this section or any other provision of this chapter."

27. And the liability is strict because the statute by its terms purports to cut off any conceivable

defense, in expressly eliminating any defense on the basis that "[a] prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action," "[t]he court in the underlying action declined to recognize or enforce the requirements of this section," and even that ["t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion."

28. And the government is considered the "prevailing party" if a court "[d]ismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal," or "[e]nters judgment in favor of the party opposing …"

29. This law now directly threatens me, and in an unprecedented move, my counsel, and any other litigants and attorneys who now dare to challenge California's gun laws and regulations, by creating onerous, one-way (unilateral) attorneys' fees awards, which purports to award attorneys' fees to the "prevailing party," but definitionally only allow government defendants to ever be considered "prevailing parties," and under extremely liberal conditions. declaratory or injunctive relief described by subdivision (a), on any claim or cause of action." Id. (italics added).

30. Under Section 2 of SB 1327, defendants can seek to recover their fees and costs from me, my counsel, and my counsels' respective firms.

31. And the government defendants may seek to recover their fees and costs up to three years after the litigation concludes in a different state-court venue of their own choosing, notwithstanding that such liability is being imposed for entirely proper actions taken in federal court.

32. As statements made by the Governor at the time of the signing of this bill demonstrate, the

law was directly intended to chill the exercise of the right to petition the government, and the rights of concerned citizens to hire counsel of their choosing who may otherwise take up legal challenges to California's unconstitutional gun laws.

33. Access to the courts is a right guaranteed to all persons by the federal and state Constitutions.

34. This action seeks "declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms," and will likely require years to litigate all claims in all courts after SB 1327 takes effect.

35. My lawyers and I face a genuine and serious risk that Defendants here will aggressively pursue judgments against us. Such risk alone imposes a present injury and chill on my litigation choices in this case, both now and as the January 1, 2023, effective date approaches, and thwarts my right to effective assistance of counsel.

36. There is no other speedy or adequate remedy before the effective date of the law.

37. Defendants' actions are capable of repetition, yet evade review, because, on information and belief, they have a practice of returning seized firearms when the owner files suit and resists making plea deals, using delay tactics to increase the costs of litigation through excessive requests for judicial review, or use legislative and administrative tricks to avoid judicial review in an attempt to moot a case.

38. Article IV provides that "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." While the Fourteenth Amendment provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

39. In *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002), the United States Supreme Court

stated:

> Decisions of this Court have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, *Chambers* v. *Baltimore & Ohio R. Co.,* 207 U.S. 142, 148, 52 L. Ed. 143, 28 S. Ct. 34, 6 Ohio L. Rep. 498 (1907); *Blake* v. *McClung,* 172 U.S. 239, 249, 43 L. Ed. 432, 19 S. Ct. 165 (1898); *Slaughter-House Cases,* 83 U.S. 36, 16 Wall. 36, 79, 21 L. Ed. 394 (1873), the First Amendment Petition Clause, *Bill Johnson's Restaurants, Inc.* v. *NLRB,* 461 U.S. 731, 741, 76 L. Ed. 2d 277, 103 S. Ct. 2161 (1983); *California Motor Transport Co.* v. *Trucking Unlimited,* 404 U.S. 508, 513, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972), the Fifth Amendment Due Process Clause, *Murray* v. *Giarratano,* 492 U.S. 1, 11, 106 L. Ed. 2d 1, 109 S. Ct. 2765, n. 6 (1989) (plurality opinion); *Walters* v. *National Assn. of Radiation Survivors,* 473 U.S. 305, 335, 87 L. Ed. 2d 220, 105 S. Ct. 3180 (1985); and the Fourteenth Amendment Equal Protection, *Pennsylvania* v. *Finley,* 481 U.S. 551, 557, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), and Due Process Clauses, *Wolff* v. *McDonnell,* 418 U.S. 539, 576, 41 L. Ed. 2d 935, 94 S. Ct. 2963, 71 Ohio Op. 2d 336 (1974); *Boddie* v. *Connecticut,* 401 U.S. 371, 380-381, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971).

40. Defendants' actions are capable of repetition, yet evade review, because, on information and belief, they have a practice of returning seized firearms when the owner files suit and resists making plea deals, using delay tactics to increase the costs of litigation through excessive requests for judicial review, or use legislative and administrative tricks to avoid judicial review in an attempt to moot a case.

41. I already suffered injury-in-fact because Mr. Karalash will withdrawal his representation before January 1, 2023 if defendants are not enjoined.

I declare under the penalty of perjury the above information is true and correct and of my own personal knowledge. Executed in County of Sacramento on Dated Thursday, October 6, 2022.

*/s/ Arnold Abrera*
ARNOLD ABRERA
Declarant