ROB BONTA, State Bar No. 202668
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN, State Bar No. 232650
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6002
  Fax: (916) 324-8835
  E-mail: Anthony.OBrien@doj.ca.gov
*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE,<br><br>Defendants. | Case No.: 2:22-cv-01162-JAM-DB<br><br>**STATE DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  November 15, 2022<br>Time:  1:30 p.m.<br>Courtroom: 6<br>Judge:  The Honorable John A. Mendez<br>Trial Date: None Set<br>Action Filed: July 5, 2022 |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................................ 1
LEGAL AND FACTUAL BACKGROUND ...................................................................................... 2
    I.     Senate Bill No. 1327 ........................................................................................................ 2
    II.    Procedural Background ................................................................................................... 3
         A.    Filing of Initial and First Amended Complaint ............................................. 3
         B.    Meet and Confer Regarding Motion for Preliminary Injunction ................ 3
         C.    Motion for Preliminary Injunction and State Defendants' Commitment to Not Use SB 1327's Fee-Shifting Provision ...................... 4
LEGAL STANDARD .......................................................................................................................... 5
ARGUMENT ........................................................................................................................................ 5
    I.     The Court Should Deny Plaintiff's Motion Because the State Defendants Have Committed Not to Use the Fee-Shifting Provision in Connection with this Matter ........................................................................................................................ 5
    II.    Plaintiff Cannot Satisfy the *Winter* Factors Necessary for a Preliminary Injunction. ......................................................................................................................... 6
CONCLUSION ..................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Burgos v. Long*
  No. 2:11–cv–01906–JAM–JFM, 2013 WL 5818093 (E.D. Cal. Oct. 29, 2013) ...................... 7

*California v. Azar*
  911 F.3d 558 (9th Cir. 2018) ........................................................................................... 5

*Caribbean Marine Services Co., Inc. v. Baldrige*
  844 F.2d 668 (9th Cir. 1988) ........................................................................................... 7

*Castro v. ABM Industries, Inc.*
  325 F.R.D. 332 (N.D. Cal. 2018) .................................................................................... 4

*Drakes Bay Oyster Co. v. Jewell*
  747 F.3d 1073 (9th Cir. 2014) ......................................................................................... 5

*Fogelson v. Municipal Court*
  120 Cal.App.3d 858 (1981) ............................................................................................. 8

*Helfand v. Gerson*
  103 F.3d 530 (9th Cir. 1997) ........................................................................................... 6

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ......................................................................................................... 6

*Peterson v. Highland Music, Inc.*
  140 F.3d 1313 (9th Cir. 1998) ......................................................................................... 4

*Thomas v. Anchorage Equal Rts. Comm'n*
  220 F.3d 1134 (9th Cir. 2000) ..................................................................................... 6, 7

*Tingley v. Ferguson*
  No. 21-35815, 2022 WL 4076121 (9th Cir. Sept. 6, 2022) ............................................. 6

*Winter v. Nat. Res. Def. Council, Inc.*
  555 U.S. 7 (2008) .................................................................................................... 5, 6, 7

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

California Code of Civil Procedure
    § 1021.11 (eff. Jan. 1, 2023) ............................................................................................ 4
    § 1021.11(a) ................................................................................................................. 2, 8
    § 1021.11(b) ..................................................................................................................... 2
    § 1021.11(c) ..................................................................................................................... 2
    § 1021.11(e) ..................................................................................................................... 2
    § 1102.11(a) ..................................................................................................................... 8
    § 1102.11(b)(1) ..................................................................................................... 1, 2, 7, 8

California Welfare and Institutions Code
    § 5150 ............................................................................................................................... 3
    § 8102 ............................................................................................................................... 3
    § 8103 ............................................................................................................................... 3

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Article IV, § 2, cl. 1 ......................................................................................................... 3

**INTRODUCTION**

Plaintiff Arnold Abrera seeks to enjoin State Defendants—Governor Gavin Newsom and Attorney General Rob Bonta—from using the fee-shifting provision of Senate Bill (SB) No. 1327 against him in this case (or any related cases currently pending in state court).[1]  As discussed below (and has been made clear to Plaintiff), the State Defendants will not seek attorneys' fees or costs pursuant to SB 1327 in connection with this action and cannot do so in the related criminal matter Plaintiff identifies.  As such, Plaintiff has no risk of liability for State Defendants' attorney's fees in this matter, and, therefore, no threat of injury (irreparable or otherwise) sufficient to confer standing to pursue his claims related to SB 1327, much less a preliminary injunction.

With respect to SB 1327, State Defendants have committed that they will not seek attorneys' fees or costs from Plaintiff or his attorneys pursuant to that provision in connection with this (and related) actions.  Declaration of Anthony P. O'Brien ("O'Brien Decl.") at ¶¶ 5, 7, Exs. 4, 6.  State Defendants offered to enter into a stipulation memorializing this agreement.  *Id.* at ¶ 5, Ex. 4.  In spite of this notice, Plaintiff has decided to proceed with this motion, ostensibly because no other government entity has stated that they will not use the fee-shifting provision of SB 1327.[2]  *Id.* at ¶ 7, Ex. 5.  But Plaintiff's motion does not seek relief against any other

---

[1] Plaintiff's motion refers to the criminal complaint for possession of illegal firearms pending in superior court (*People v. Abrera*, Super. Ct. Sacramento County, Case No. 21FE004857).  Declaration of Gary Gorski (ECF No. 19-2; "Gorski Decl.") at ¶¶ 16-18.  Plaintiff's operative complaint also identifies a Petition for Judicial Determination Re: Return of Firearms, filed by the City of Elk Grove on January 25, 2021 (Super. Ct., Sacramento County, Case no. 34-2021-20000745).  See First Amended and Supplemental Complaint ("FAC"), Ex. 3 (ECF No. 16-3.).  According to Plaintiff's allegations, that complaint was never served on Plaintiff and appears to have been dismissed.  FAC (ECF No. 16), ¶¶ 83-86.

The State Defendants are not party to either of these actions, and therefore would have no ability to seek attorney's fees even if they decided to use the fee-shifting provision in SB 1327.  Moreover, neither action includes a claim or cause of action for declaratory or injunctive relief to prevent any government entities from enforcing a law that regulates or restricts firearms in a way that would implicate the fee-shifting provision of SB 1327.  *See* SB 1327, § 2, Cal. Code Civ. Proc. § 1102.11(b)(1) (identifying a "prevailing party" for purposes of the fee-shifting provision when the court "[d]ismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief").

[2] The other defendants are the County of Sacramento and District Attorney Anne Marie Schubert (collectively, "County Defendants"), and the City of Elk Grove, Elk Grove Police Chief

government entity—it names only the State Defendants. By way of this filing, State Defendants inform the Court and Plaintiff on the record that they will not seek attorneys' fees or costs pursuant to SB 1327 in connection with this matter (or the related state court matters) and, as such, State Defendants would be estopped from later changing course and seeking fees. Because Plaintiff has no risk of liability for attorneys' fees under SB 1327 in connection with this case, he cannot establish any of the prerequisites to injunctive relief and the motion should be denied.

## LEGAL AND FACTUAL BACKGROUND

**I.   SENATE BILL NO. 1327**

SB 1327 was signed into law by Governor Newsom on July 22, 2022, but does not take effect until January 1, 2023. *See* SB 1327 (2021-2022 Reg. Sess.). While the bill has other components, Plaintiff seeks a preliminary injunction only against SB 1327's fee-shifting provision, which provides that "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorneys' fees and costs of the prevailing party." SB 1327, § 2 (Cal. Civ. Proc. Code § 1021.11(a)); *see also* Mot. For Prelim. Inj. (ECF No. 19-1) at 6:17-15:25. Under SB 1327's fee-shifting provision, prevailing parties may seek costs and fees within three years of the date when the dismissal or denial of a claim becomes final on appellate review or when the time for seeking appellate review expires. *Id.* (Cal. Civ. Proc. Code § 1021.11(c)).

A party is a "prevailing party" if the court dismisses any claim or enters judgment in favor of the party opposing the declaratory or injunctive relief. *Id.* (Cal. Civ. Proc. Code § 1021.11(b)). Only defendants may be deemed a prevailing party. *Id.* (Cal. Civ. Proc. Code § 1021.11(e)).

---

Bobby Davis, and Elk Grove City Attorney Jonathan P. Hobbs (collectively, "Elk Grove Defendants").

2

## II. PROCEDURAL BACKGROUND

### A. Filing of Initial and First Amended Complaint

Plaintiff filed this action on July 5, 2022, alleging that Defendants violated his Second Amendment rights when the Elk Grove Police Department seized firearms in his home—pursuant to a psychiatric hold placed on his wife under California Welfare and Institutions Code §§ 5150, 8102 and 8103—and subsequently retained two of the seized firearms upon discovery that they were illegal assault weapons and unregistered.  ECF No. 1 at ¶¶ 97, 117-118, 141-152, 277-323.

On September 2, 2022, Plaintiff filed a First Amended and Supplemental Complaint. ECF No. 16 (FAC).  In that amended complaint, Plaintiff added causes of action challenging SB 1327, contending that the new law violated his rights under the First Amendment and the Privileges and Immunities Clause (U.S. Const., art. IV, § 2, cl. 1; 14th Amend.).  *Id.* at ¶¶ 455-497.

On September 21, 2022, the parties entered into a stipulation to partially stay litigation of the first amended complaint pending resolution of a related criminal matter involving a felony complaint against Plaintiff for possession of illegal and unregistered firearms (*People v. Arnold Abrera*, Super. Ct. Sacramento County, Case No. 21FE004857).[3]  ECF No. 17.  Under this stipulation, Defendants' response to the First Amended Complaint would be stayed until Plaintiff provides the Court notice that the criminal matter has been resolved.  *Id*. at 2:10-14.  The stipulation did not stay Plaintiff's planned motion for a preliminary injunction against the State Defendants regarding anticipated enforcement of SB 1327.  *Id*. at 2:6-9.  The Court entered an order for the partial stay of this matter on September 22, 2022.  ECF No. 18.

### B. Meet and Confer Regarding Motion for Preliminary Injunction

On September 20, 2022, Plaintiff's counsel sent an e-mail to all opposing counsel, "requesting that all individual and government defendants to waive enforcement of SB 1327 as to Plaintiff and his attorneys."  O'Brien Decl., ¶ 2, Ex. 1.  Plaintiff's counsel also asked that the waiver "relate[] to past, pending and future cases involving Plaintiff, criminal, civil and administrative."  *Id*.  On September 26, 2022, counsel for the State Defendants responded, stating

---

[3] The State Defendants are not named as parties in this criminal matter.

3

that if Plaintiff "agrees to withdraw his claims for relief related to SB 1327," the State Defendants would not seek attorney's fees or costs in connection with the present lawsuit. *Id.*, ¶ 3, Ex. 2. On October 5, 2022, Plaintiff's counsel notified the parties that he rejected the State Defendants' offer, and that he was noticing the motion for preliminary injunction for hearing. *Id.*, ¶ 4, Ex. 3.

### C. Motion for Preliminary Injunction and State Defendants' Commitment to Not Use SB 1327's Fee-Shifting Provision

On October 6, 2022, Plaintiff filed his Motion for Preliminary Injunction, noticing the motion for hearing on November 15, 2022, and naming the State Defendants as the sole entities subject to the requested injunction. Mot. for Prelim. Inj. (ECF No. 19). The motion seeks the enjoinment of California Code of Civil Procedure section 1021.11 (eff. Jan. 1, 2023), the fee-shifting provision enacted by SB 1327. *Id.* at 2:5-13. In his motion, Plaintiff asserts that:

> Injunctive relief is needed to ensure that Plaintiff (and his lawyers) can proceed with this action without facing the threat of liability for significant fees and costs if this litigation is unsuccessful in any, even minor, respect.

ECF No. 19-1 at 6:1-3.[4]

On October 14, 2022, counsel for the State Defendants notified Plaintiff's counsel that the State Defendants "will not use the fee-shifting provision in SB 1327 . . . at any time in connection with this action, regardless of whether your client makes any further amendments to the operative complaint." O'Brien Decl., ¶ 5, Ex. 4. On October 17, Plaintiff's counsel responded, stating that his client "is still proceeding with his motion for an injunction." *Id.*, ¶ 6, Ex. 5. On October 18, 2022, State Defendants' counsel responded to Plaintiff's counsel, reiterating that State Defendants

---

[4] Plaintiff's motion makes a sweeping request for the Court to issue "an order enjoining Defendants from passing and/or enforcing any new laws and future iterations of the currently challenged law, especially actions designed to thwart this Court's jurisdiction and Plaintiff's standing." Mot. For Prelim. Inj. (ECF No. 19) at 4:18-22. Plaintiff, however, does not provide any support for this request in his motion papers. The Court, therefore, should not address any requests or arguments that go beyond Plaintiff's request for relief from SB 1327's fee-shifting provision in this action. *See Castro v. ABM Industries, Inc.*, 325 F.R.D. 332, 334 n.3 (N.D. Cal. 2018) ("The Court declines to address an argument which plaintiffs have not fully developed"); *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) ("We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court") (internal citation omitted).

4

will not use SB 1327's fee-shifting provision in connection with this action, regardless of the status of the present motion. *Id.*, ¶ 7, Ex. 6.

## LEGAL STANDARD

Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "When the government is a party, these last two factors," balance of the equities and public interest, "merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Analysis of the first factor (i.e., likelihood of success on the merits) is a "threshold inquiry," and thus if a movant fails to establish that factor, the court "need not consider the other factors." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018).

## ARGUMENT

**I.  THE COURT SHOULD DENY PLAINTIFF'S MOTION BECAUSE THE STATE DEFENDANTS HAVE COMMITTED NOT TO USE THE FEE-SHIFTING PROVISION IN CONNECTION WITH THIS MATTER**

This Court should deny Plaintiff's request for injunctive relief related to SB 1327's fee-shifting provision because Plaintiff faces no threat that the State Defendants—the only parties against whom an injunction is sought—will use that provision in connection with this litigation in this case (or the related state court matters). More specifically, State Defendants' commitment not to seek fees under SB 1327 in this matter gives Plaintiff all relief sought by the eleventh and twelfth claims for relief in the FAC regarding SB 1327. *See, e.g.*, FAC at ¶ 481 ("Plaintiff and Plaintiff's lawyers faces a genuine and serious risk that Defendants here will aggressively pursue judgments against Plaintiff and Plaintiff's lawyers. Such risk alone imposes a present injury and chill on Plaintiff's litigation choices in this case").

State Defendants have repeatedly informed Plaintiffs' counsel that they will not use SB 1327's fee-shifting provision in connection with this case. Most recently, on October 18,

5

State Defendants reiterated that they will not use the provision in connection with this action, irrespective of whether Plaintiff amends the operative complaint or continues to litigate this motion. O'Brien Decl., ¶¶ 5, 7, Exs. 4, 6. State Defendants have offered to enter into a written stipulation to memorialize this agreement should Plaintiff opt to withdraw the present motion. *Id*. While Plaintiff's counsel has declined to withdraw the present motion, State Defendants' commitment to not use the fee-shifting provision here is unconditional and subject to judicial estoppel. *Id*.; *see also Helfand v. Gerson*, 103 F.3d 530, 535 (9th Cir. 1997) ("[J]udicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion"). As such, Plaintiff may pursue this action (and the associated state court matters) without risk of being made to pay attorneys' fees or costs under SB 1327, and there is no need for an injunction.

## II. PLAINTIFF CANNOT SATISFY THE *WINTER* FACTORS NECESSARY FOR A PRELIMINARY INJUNCTION.

Plaintiff's motion should be denied because, without risk of injury, irreparable or otherwise, Plaintiff cannot establish the *Winter* factors necessary to obtain a preliminary injunction.

First, Plaintiff cannot establish that he is likely to succeed on the merits because with no risk of injury, he cannot establish Article III standing to seek relief. *See Winter*, 555 U.S. at 20. Article III standing requires plaintiffs to show an actual or imminent "injury-in-fact" that is, among other things, "fairly traceable" to the complained of conduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Given State Defendants' commitment not to seek fees under SB 1327, there is no actual or imminent injury traceable to State Defendants. "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement" of Article III. *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc).

Courts consider three factors to determine whether a threat of enforcement "is genuine enough to confer an Article III injury": "(1) whether the plaintiff has a 'concrete plan' to violate the law, (2) whether the enforcement authorities have 'communicated a specific warning or threat to initiate proceedings,' and (3) whether there is a 'history of past prosecution or enforcement.'"

*Tingley v. Ferguson*, No. 21-35815, 2022 WL 4076121, at *6 (9th Cir. Sept. 6, 2022) (quoting *Thomas*, 220 F.3d at 1139).

Plaintiff cannot satisfy Article III standing because State Defendants have stated on the record that they will not seek fees pursuant to SB 1327. *Thomas*, 220 F.3d at 1139. State Defendants have not merely refrained from communicating to Plaintiff any "specific warning" or "threat to initiate proceedings," they have gone further—they have affirmatively stated that they will not use SB 1327's fee-shifting provision against Plaintiff or his attorneys in connection with this action.

Plaintiff cannot proffer any evidence that State Defendants have or will make use of section 2 of SB 1327 in connection with this case. Plaintiffs thus lacks the injury-in-fact necessary for Article III standing against the State Defendants.

Second, Plaintiff cannot establish that, absent a preliminary injunction, he would suffer irreparable harm. *See Winter*, 555 U.S. at 20; *see also Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (threat of irreparable harm must be "immediate"). Because State Defendants have agreed not to seek attorney's fees and costs under the fee-shifting provision of SB 1327 in connection with this action, Plaintiff is under no threat of harm.

Lastly, Plaintiff's inability to show any cognizable harm as a result of the State Defendants' commitment to not use SB 1327's fee-shifting provision in this or related matters also prevents him from demonstrating that the equities tip in his favor or that an injunction here is in the public interest. Plaintiff's alleged harm—a potential conflict of interest due to the possibility of use of SB 1327's fee-shifting provision in this or the related criminal matter (Gorski Decl., ¶¶ 18-23)—is illusory. As noted above, the State Defendants are not using the fee-shifting provision in this matter. And that provision cannot be used in the related criminal matter, which does not include a "claim or cause of action brought by the party seeking the declaratory or injunctive relief." (SB 1327, § 2, Cal. Code Civ. Proc. § 1102.11(b)(1).) Therefore, Plaintiff gains nothing—and therefore cannot prove a balance of equities in his favor or that the injunction serves the public interest—if the Court were to grant the requested injunctive relief and enjoin the fee-shifting provision. *See Burgos v. Long*, No. 2:11–cv–01906–JAM–JFM, 2013 WL 5818093 (E.D. Cal.

Oct. 29, 2013) at *11 (finding that "the balance of equities and public interest weigh against injunctive relief" because "[p]laintiff will not suffer cognizable harm if the injunction is not issued").

Plaintiff's motion also raises concern that the County Defendants could use the fee-shifting provision in the related criminal matter (*People v. Abrera*, Super. Court, Sacramento County, Case No. 21FE004857). *See* Gorski Decl. at ¶¶ 17-21.  But Plaintiff's motion does not seek relief against in the County Defendants.  See Mot. For Prelim. Inj. (ECF No. 19) at 2:2-15.  And in any event, attorney's fees are not available in such criminal actions.  *See Fogelson v. Municipal Court*, 120 Cal.App.3d 858 (1981) ("Attorney fees provisions in the Code of Civil Procedure do not deal with criminal actions, unless the words or context compel a holding that they do").  Here, the language in Code of Civil Procedure section 1021.11(a) does not contemplate the collection of attorney's fees in criminal actions.  To the contrary, the statute applies the fee-shifting provision in matters in which a party is seeking "declaratory or injunctive relief to prevent" enforcement of a statute restricting or regulating firearms.  SB 1327, § 2 (Cal. Code Civ. Proc., § 1102.11(a).)  Plaintiff's concerns that the fee-shifting provision may be used against him in either this action, or in the related criminal matter, are therefore unfounded.

Because the State Defendants will not use SB 1327's fee-shifting provision against Plaintiff in connection with this case, and would be barred by judicial estoppel if they sought to do so, he cannot establish the prerequisites for obtaining the "extraordinary relief" of a preliminary injunction.

/ / /

/ / /

**CONCLUSION**

For these reasons, the State Defendants urge the Court to deny Plaintiff's motion for a preliminary injunction.

Dated:  October 20, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

SA2022303127
36655935.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Abrera, Arnold v. Gavin Newsom, et al.** | No. | **2:22-cv-01162-JAM-DB** |

I hereby certify that on <u>October 20, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 20, 2022</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2022303127
36656092.docx