1

**Gary W. Gorski CBN: 166526**
**Attorney at Law**

2

*VETERANS LAW CENTER*
3017 Douglas Blvd., Suite 150

3

Roseville, CA  95661
Cell: (775) 720-1000

4

Fax: (916) 520-3930

5

CivilRightsAttorney@BlackWolfLaw.com
www.VeteransLawCenter.com

6

7

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**

8

*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150

9

Roseville, CA  95661
(916) 787-1234

10

Fax: (916) 520-3930

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

14

ARNOLD ABRERA,

15

                    plaintiff,

                v.

16

17

GAVIN NEWSOM, in his official capacity
as Governor of the State of California; ROB

18

BONTA, in his official capacity as Attorney
General of the State of California; ANNE

19

MARIE SCHUBERT, in her official
capacity as County of Sacramento District

20

Attorney; COUNTY OF SACRAMENTO;
BOBBY DAVIS, in his official capacity as

21

Chief of the Elk Grove Police Department;
JONATHAN P. HOBBS, in his official

22

capacity as the City Attorney for the City of
Elk Grove; CITY OF ELK GROVE;

23

24

                    defendants.

No.  2:22-cv-1162 JAM DB

**ORDER [PROPOSED] RE:**
**PLAINTIFF'S MOTION FOR A**
**PRELIMINARY**
**INJUNCTIONAGAINST**
**DEFENDANTS GAVIN NEWSOM, in**
**his official capacity as Governor of the**
**State of California, and ROB BONTA,**
**in his official capacity as Attorney**
**General of the State of California**

**Date:** November 15, 2022
**Time:** 1:30 p.m.
**Hon. Judge:**  John A. Mendez
**Location:** Courtroom 6, 14th floor
501 I Street
Sacramento, CA
**Action Filed:** July 5, 2022

25

26

**ORDER [PROPOSED]**

27

The above referenced matter came before the Court on November 15, 2022, 1:30 p.m., before

28

1

the Honorable Judge John A. Mendez, presiding. Plaintiff Arnold Abrera's motion for a preliminary injunction and declaratory relief is granted regarding California Code of Civil Procedure § 1021.11, enacted in Section 2 of Senate Bill 1327 (hereinafter SB 1327), the Court hereby rules as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that:

1. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for injunctive and declaratory relief.

2. The Court finds that Plaintiff has Article III standing as presented in his motion and reply.

3. Because SB 1327's fee-shifting penalty is unconstitutional on its face, Plaintiff has met his burden regarding declaratory and injunctive relief to invalidate SB 1327 and enjoin its application.

4. **SB 1327 violates the First Amendment.** The right to petition the government for redress of grievances includes "[t]he right of access to the courts," which "is indeed but one aspect of the right of petition." *Cal. Motor Trans. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). The Supreme Court has long held that public interest litigation is a protected "form of political expression" that is essential to secure civil liberties, particularly for minority groups seeking to vindicate politically unpopular rights: "Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts. . . . [U]nder the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 429 (1963).

5. SB 1327's fee-shifting regime also violates the First Amendment because it is content-based and viewpoint-discriminatory: It singles out firearms advocates' protected activity and seeks to choke off their access to the courts. The State cannot justify such targeting

2

under strict scrutiny.

6. **SB 1327 violates the Second Amendment.** There is no historical analog embracing SB 1327's regulatory scheme.

7. **SB 1327 violates the Fifth Amendment.** There is no historical analog embracing § SB 1327's regulatory scheme and interferes with the right to counsel.

8. **SB 1327's discrimination against gun rights plaintiffs violates the Equal Protection Clause** because it draws classifications with respect to the fundamental right to petition and, to make matters worse, that classification singles out the fundamental right to keep and bear arms. California adopted this fee-shifting scheme as a response to – and apparently in retaliation for – a similar fee-shifting scheme that Texas enacted in connection with abortion regulations. But tit-for-tat is not a rational or permissible justification for the classifications in this case. "[A] bare. . . desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973).

9. **SB 1327 violates the Privileges and/or Immunities of Plaintiff:** Article IV provides that "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." While the Fourteenth Amendment provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." See *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

10. **The Court finds irreparable injury** is presumed since SB 1327 is indefensible, in the absence of such an injunction and interlocutory relief.

11. Plaintiff is likely to succeed on the merits.

12. Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

13. Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages.

14. The Court finds that a bond is not necessary and is in the public interest not to require a bond.

15. SB 1327 is hereby declared unconstitutional and shall be enjoined. Judgment is entered in favor of Plaintiff as to his claim for declaratory relief and Defendants are hereby enjoined.

16. Defendant Attorney General Rob Bonta and Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those inferior county and municipal entities and policy makers who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing the SB 1327 (California Code of Civil Procedure § 1021.11).

17. Defendant Attorney General Rob Bonta shall provide forthwith, by personal service or otherwise, actual notice of this order to all state and local agencies. Within 10 days, the government shall file a declaration establishing proof of such notice.

**IT IS SO ORDERED**


Date: _____                    _____
                                      **HON. JOHN A. MENDEZ**
                                      United States District Judge

4