UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>              Plaintiff,<br><br>      v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,<br><br>              Defendants. | No.  2:22-cv-01162-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Arnold Abrera ("Plaintiff") petitions the Court to enjoin Governor Gavin Newsom and California Attorney General Rob Bonta ("Defendants") from enforcing California Code of Civil Procedure § 1021.11 (enacted under Senate Bill No. 1327) against Plaintiff and the citizens of California.  See Mot. for Preliminary Inj. ("Mot."), ECF No. 19.  Plaintiff contends that the statute's fee-shifting provision constitutes an unprecedented, unconstitutional attack on the Second Amendment and those who wish to bring non-frivolous claims to enforce their right to bear arms for lawful

1

purposes. Id. at 3-4. Defendants oppose the motion on both the merits and standing grounds, noting their commitment to not enforce the statute against Plaintiff in this action or any related cases. See Opp'n, ECF No. 22, at 1. Plaintiff replied. See Reply, ECF No. 24.

For the reasons set forth below, this Court DENIES Plaintiff's motion for preliminary injunction.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's firearms, two handguns and two semi-automatic rifles, were seized from his home after officers responded to a suicide threat from Plaintiff's wife; the seizure occurred pursuant to California Welfare and Institutions Code §§ 5150, 8102, and 8103. Mot. at 2. Shortly thereafter, Plaintiff filed a complaint against Defendants and other state parties, alleging that the seizure violated his Second Amendment rights. See Compl., ECF No. 1. Several months later, Plaintiff filed the operative first amended complaint ("FAC"), adding causes of action challenging § 1021.11, which covers the fee-shifting provisions in Senate Bill No. 1327. See FAC, ECF No. 16. § 1021.11 permits state entities and officials charged with enforcing laws that regulate or restrict firearms to collect attorney's fees and costs from any person or entity who pursues declaratory or injunctive relief against the enforcement of those laws if the state is the prevailing party; the state may seek

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 15, 2022.

2

these costs and fees within three years of the date when the dismissal or denial of relief became final on appellate review or when the time for seeking appellate review expires.  Cal. Civ. Pro. Code § 1021.11.

A couple of weeks after filing the FAC, Plaintiff requested by e-mail that Defendants waive enforcement of § 1021.11 against Plaintiff and his counsel for all of Plaintiff's past, current, and future litigation related to this case.  Opp'n at 3. Defendants replied that they would waive enforcement if Plaintiff agreed to withdraw his claims for relief related to § 1021.11, which Plaintiff rejected.  Id. at 3-4.  A couple of weeks later, Plaintiff filed this motion for preliminary injunction seeking to enjoin Defendants' enforcement of § 1021.11.  Id. at 4.  Shortly thereafter, Defendants claim that they notified Plaintiff's counsel that they would not enforce the statute against Plaintiff in any litigation related to this action, regardless of whether or not Plaintiff amended the FAC; Defendants reiterated this commitment several days later in response to Plaintiff's statement that he planned to continue with this motion for preliminary injunction.  Id. at 4-5.  Plaintiff contends that Defendants have stated that they do intend to proceed with enforcement of § 1021.11 against Plaintiff unless Plaintiff withdraws this motion.  Mot. at 6.  On October 20, 2022, Defendants filed their opposition brief, arguing that (1) Plaintiff lacks standing and (2) Plaintiff has alleged insufficient facts to establish the requisite elements for a preliminary injunction.  See Opp'n.  Plaintiff replied.  See Reply.

3

II. OPINION

A. Legal Standard

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1).

If a plaintiff lacks standing, then the Court lacks subject-matter jurisdiction, and the case must be dismissed. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

B. Analysis

1. Standing

Defendants claim that Plaintiff lacks standing because Plaintiff faces no threat that Defendants will enforce § 1021.11 against him. Opp'n at 5. Defendants have committed to not seek fees against Plaintiff in this case or any related matters, which is what Plaintiff is seeking in the FAC. Id. Defendants claim that their commitment to not enforcing the statute against Plaintiff is unconditional and subject to judicial estoppel, which eliminates the need for Plaintiff's injunction. Id. at 6.

Plaintiff responds that Defendants' stated commitment not to enforce § 1012.11 against him is insufficient to negate standing. Reply at 2. Plaintiff argues that Defendants' commitment is illusory and does not bind the other defendants named in the FAC nor does it protect other prospective challengers to SB No. 1327 and § 1012.11. Id. at 2-3, 10-11. Plaintiff then refers to the

Supreme Court's holding in New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York, 206 L. Ed. 2d 798, 140 S. Ct. 1525, 1526 (2020) to support his contention that Defendants are abusing their positions as state officials for political ends. Id. at 3-4.  Plaintiff claims that, regardless of Defendants' stated commitment, he and other potential litigants have suffered an injury-in-fact due to the chilling effect of the statute, which deters legal challenges.  Id. at 7-9.  Plaintiff further contends that an injury-in-fact has been established because the statute nullifies 42 U.S.C. § 1988, a federal statutory right. Id. at 10.

The Court finds that Plaintiff has failed to establish standing.  To have standing, a plaintiff must show that (1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the injury is "fairly traceable" to the challenged conduct, and (3) the injury is likely to be "redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  For the second factor, a plaintiff must allege "a causal connection between the injury and the conduct" at issue; it is insufficient to connect the injury to the independent actions of a third party.  Id. at 560.  When a plaintiff alleges a chilling of their First Amendment rights as an injury in fact, the alleged chilling cannot be based solely on a fear of future injury that is too speculative to confer standing.  Wright v. Serv. Emps. Int'l Union Loc. 503, No. 20-35878, 2022 WL 4295626, at *5 (9th Cir. Sept. 19, 2022).  Further, a plaintiff cannot establish standing

through the "mere existence of a proscriptive statute nor a generalized threat of prosecution." Thomas v. Anchorage Equal Rts. Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000). To establish third-party standing, a plaintiff must show that (1) the third-party suffered an injury in fact, (2) the plaintiff and third party have a close relationship, and (3) the third party faces an obstacle that prevents them from pursuing their own claim. Campbell v. Louisiana, 523 U.S. 392, 397 (1998).

In this case, Plaintiff has failed to establish that he faces a concrete and particularized injury from the enforcement of § 1012.11 against him. Defendants have stated in their opposition brief that they do not intend to enforce the statute against Plaintiff in the current action or any related action. By assuming this position in a legal proceeding and maintaining that position, Defendants will be subject to judicial estoppel, absent a showing that: (1) Defendants' stated position is clearly inconsistent with an earlier position; (2) Defendants have succeeded in persuading a court to accept an earlier inconsistent position; or (3) Defendants' inconsistent position will "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Bock v. Washington, 33 F.4th 1139, 1145 (9th Cir. 2022). Plaintiff has failed to make a showing of any of these factors. In light of this failure, the Court finds that Defendants are estopped from enforcing § 1021.11 against Plaintiff in this action and related actions, and that Plaintiff has failed to demonstrate an injury-in-fact on this ground. Plaintiff's claim of a chilling effect must also fail because the threat of future injury from the enforcement of the statute

against him is non-existent.  Plaintiff's contention that Defendants' commitment does not bind the other parties in the FAC is immaterial because Plaintiff narrowed the scope of his injunction to address only Defendants Newsom and Bonta; the speculative, independent actions of third parties not named as parties in this action are insufficient to establish the requisite "causal connection between the injury and the conduct" at issue.  Lujan, 504 U.S. at 560.  Plaintiff further fails to establish any of the requisite elements for third-party standing on behalf of other potential litigants.  As for Plaintiff's argument concerning the abrogation of 42 U.S.C. 1988, the Court declines to consider it pursuant to Ninth Circuit precedent against the consideration of new arguments or issues raised for the first time in a reply brief.  Brown v. Takeuchi Mfg. Co. (U.S.), No. 221CV00392JAMDMC, 2022 WL 1204713, at *4 (E.D. Cal. Apr. 22, 2022) (citing Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir.2003)); see also State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990).

   2.   Remaining Issues

   The Court does not reach the parties' remaining issues, because the first issue of standing is dispositive.


            III.   SANCTIONS

   This Court issued its Order re Filing Requirements ("Filing Order") on August 4, 2022.  ECF No. 11-2.  The Filing Order limits reply memoranda to ten pages.  Filing Order at 1.  The Filing Order also states that an attorney who exceeds the page limit must pay monetary sanctions of $50 per page.  Id.

Plaintiff exceeded the Court's 10-page limit on reply memoranda by four pages.  See Reply.  The Court therefore ORDERS Plaintiff's counsel to pay $200.00 to the Clerk for the Eastern District of California no later than seven days from the date of this Order.

## IV.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for preliminary injunction.

IT IS SO ORDERED.

Dated: December 8, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE