**Gary W. Gorski CBN: 166526**
**Attorney at Law**
*VETERANS LAW CENTER*
3017 Douglas Blvd., Suite 150
Roseville, CA 95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com
www.VeteransLawCenter.com

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**
*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150
Roseville, CA 95661
(916) 787-1234
Fax: (916) 520-3930

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARNOLD ABRERA,

plaintiff,

v.

GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE;

defendants.

No. 2:22-cv-1162 JAM DB

**DECLARATION OF GARY W. GORSKI IN RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE AT DOCKET # 33**

**Hon. Judge:** John A. Mendez
**Location:** Courtroom 6, 14th floor
501 I Street
Sacramento, CA
**Action Filed:** July 5, 2022

**DECLARATION**

I, Gary W. Gorski, declare as follows:

1. I am Plaintiff ARNOLD ABRERA's attorney in the above referenced matter, along with co-

counsel Daniel M. Karalash.

2. I was the attorney who prepared, signed under Rule 11, and filed Plaintiff's motion for preliminary injunction. It was my decision and advice to file the motion, and I'm the only person responsible for its filing as I signed the filing. I alone accept full responsibility for its filing.

3. Sanctionable conduct under Rule 11 requires any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. The facts show that I have been professional and reasonable to opposing parties, and that the motion was not filed with improper motives or inadequate investigation.

4. In its order denying on the motion for an injunction, the identifies the injury-in-fact as the "chilling effect" on legal challenges and the nullification of 42 U.S.C. § 1988. However, the main thrust of Plaintiff's injury-in-fact was that Plaintiff's attorney, Mr. Karalash, would withdraw from all of Plaintiff's legal proceedings if the statute remained in effect because the non-state defendants could also bring an action under the statute, and they did not state they were waiving rights under the statute. That very specific injury to Plaintiff was presented to the Court as well. (See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20; **Karalash Decl.** ¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.)

5. I thoroughly researched the issue of standing, and the motion for the injunction was not just premised on the broad "chilling effect" it has in general, but on the very specific effect it had on Plaintiff's relationship with his lead attorney, Mr. Karalash. (See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20;

**Karalash Decl.** ¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.)

6. I thoroughly researched the issue as to the State being the proper party to defend the statute, and not the non-state defendants.

7. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) was argued on November 3, 2021, and decided on June 23, 2022. 20-843 New York State Rifle & Pistol Assn., Inc. v. Bruen (06/23/2022) (supremecourt.gov)

8. This action was commenced on July 5, 2022.

9. In response to *Bruen*, SB 1327 was made law on July 22, 2022. [Approved by Governor July 22, 2022. Filed with Secretary of State July 22, 2022.] Bill Text - SB-1327 Firearms: private rights of action. (ca.gov)

10. After the passage of this law, Plaintiff amended the complaint to protect his attorney-client relationship with Mr. Karalash and myself since Mr. Karalash refused to continue his representation of Plaintiff due to the financial ruin SB 1327 would cause Mr. Karalash, unless SB 1327 was declared unconstitutional and enjoined from being enforced. There are other issues too, such as monetary exposure, but attorney-client confidential communications apply and can only be discussed *in camera*.

11. Plaintiff filed a First Amended Complaint on September 2, 2022, challenging the constitutionality of SB 1327 and to protect Plaintiff's attorney-client relationship with Mr. Karalash. (**FAC ¶s 460-466**, Docket Entry # 16.) Plaintiff also amended the complaint pursuant to meet and confer issues relating to Rule 12(b)(6) motions. Again, I was acting in good faith in keeping down costs.

12. This injury-in-fact was presented to the Court, and that Mr. Karalash was going to withdrawal his representation if SB 1327 was not enjoined from being enforced *in toto* by **<u>any of the</u>**

**named defendants** in this action. (See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20; **Karalash Decl.** ¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.)

13. Mr. Karalash has now formally filed his motion to be relieved as counsel because of legal exposure presented by SB 1327 as to non-state defendants in this case specifically. (See **Docket Entry # 36**, MOTION to WITHDRAW as ATTORNEY Daniel M. Karalash by Arnold Abrera. Motion Hearing set for 1/24/2023 at 01:30 PM in Courtroom 6 (JAM) before Senior Judge John A. Mendez."

14. Because an injunction against a state statute mandates that the State be named as a party to defend its constitutionality, the State is the only real party in interest because the only way to prohibit any defendant named in this case from moving under SB 1327 is to directly challenge the statute on its face, or "[i]f Defendant Attorney General committed to not enforcing § 1021.11 and entered into a consent judgment binding himself, his office, his successors and district attorneys, county counsel, and city attorneys …" See *Miller v. Bonta*, No. 22cv1446-BEN (JLB), 2022 U.S. Dist. LEXIS 217190, at *11-12 (S.D. Cal. Dec. 1, 2022). (Attached hereto as **Exhibit "A"** is a true and correct copy of *Miller v. Bonta*, No. 22cv1446-BEN (JLB), 2022 U.S. Dist. LEXIS 217190 (S.D. Cal. Dec. 1, 2022).

15. This Court was made aware of the injury-in-fact to Plaintiff since the promise by the state of non-enforcement since it was non-binding on the other municipal and county defendants named herein. (See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20; **Karalash Decl.** ¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.)

16. This Court denied the request for preliminary equitable relief, leaving intact SB 1327 and the ability of defendants ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; and CITY OF ELK GROVE to seek attorney fees and costs against Plaintiff, Mr. Karalash and myself personally.

17. This injury-in-fact was addressed in the meet and confer process, and non-state defendants were unwilling to waive enforcement of SB 1327, nor was the State willing to enter into a consent decree so that the non-state defendants were prohibited from using SB 1327 against attorneys Karalash and Gorski.

18. Also, there is no dispute that the State was the proper party to defend the statute, regardless as to whether the State enforced it in this action. No other Defendant attempted to intervene, and the State never argued that its position of non-enforcement was binding on the other named municipal and county defendants so long as SB 1327 remained on the books. This fact is clear throughout the meet and confer process. (Attached hereto as **Exhibit "B"** is a true and correct copy of the email meet and confer chain in this matter.)

19. On or about September 19, 2022, I met and conferred via phone with all counsel regarding the motion for preliminary injunction and Rule 12(b)(6) motions. This conference was pursuant to the Court's standing order. All parties were in attendance prior to the filing of the motion for injunctive relief, and I left the conversation with the understanding that the Attorney General was the party to defend the constitutionality of the statute, and that all other named defendants (i.e., ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the

City Attorney for the City of Elk Grove; CITY OF ELK GROVE) should not have to be dragged through the litigation since the State Defendants were responsible for defending its constitutionality.

20. I also asked if any non-state defendant was willing to sign a stipulation waiving enforcement of the statute, and the only party receptive to that idea was the Attorney General's office.

21. On September 20, 2022, prior to filing the motion for a preliminary injunction, Mr. Gorski met and conferred with all parties regarding their exercise their powers under SB 1327. Tuesday, September 20, 2022, 12:13 PM, Mr. Gorski stated in an email addressed to all defendants as follows (**Exhibit "B"**):

> Plaintiff is requesting all individual and government defendants to waive enforcement of SB 1327 as to Plaintiff and his attorneys. This waiver request relates to past, pending and future cases involving Plaintiff, criminal, civil and administrative. The waiver shall be signed by way of stipulation and order. Anything less than [sic]what is stated herein, Plaintiff intends to immediately seek a TRO challenging the constitutionality of SB 1327 scheduled for November 9, 2022, or a date thereafter if the court is not available that date. Though the TRO is only limited to the state, I would need a waiver from all parties in order not to go through with the TRO. [emphasis added]

22. As a result of the meet and confer, and in an effort to save everyone time and money and conserve judicial resources, the following transaction was entered on 9/22/2022 at 1:01 PM PDT and filed on 9/22/2022 at docket number 18 (**Exhibit "B"**):

> STIPULATION and ORDER signed by Senior Judge John A. Mendez on 9/21/2022 STAYING CASE as to Plaintiff's planned motion for a TRO and Preliminary Injunction concerning the eleventh and twelfth claims for relief. Plaintiff shall notify the court when the related state proceedings have completed and the Defendants' response will be due 20 days after Plaintiff's notice. (Perdue, C.)

23. Only state defendants responded to my September 20, 2022, meet and confer on September 26, 2022, as follows (**Exhibit "B"**):

> Thank you for your e-mail. **If** Mr. Abrera agrees to **withdraw his claims** for relief related to SB 1327 (the eleventh and twelfth claims for relief in the First Amended and Supplemental Complaint, ECF No. 16), the Attorney General and Governor agree to not seek attorneys' fees or costs against Mr. Abrera or his attorneys, pursuant to section 2 of SB 1327, in connection with the present lawsuit (Abrera v. Newsom, U.S. District Court (E.D. Cal.) Case No. 2:22-cv-

> 01162-JAM-DB). The Attorney General and the Governor do not agree to a waiver of attorneys' fees and costs for any future cases.
>
> If these terms are amenable to you and your client, please let me know, and I will work on drafting a stipulation consistent with the terms above. [emphasis added]

24. This was a <u>conditional offer</u> to not use the statute "if" the challenge was dismissed. Because the challenge was not dismissed, Defendants clearly represented that they intend seek relief under AB 1327.

25. Mr. Gorski responded on <u>October 5, 2022</u>, stating that (**Exhibit "B"**):

> Plaintiff does NOT agree to the terms proposed:
>
>> If Mr. Abrera agrees to withdraw his claims for relief related to SB 1327 (the eleventh and twelfth claims for relief in the First Amended and Supplemental Complaint, ECF No. 16), the Attorney General and Governor agree to not seek attorneys' fees or costs against Mr. Abrera or his attorneys, pursuant to section 2 of SB 1327, in connection with the present lawsuit (Abrera v. Newsom, U.S. District Court (E.D. Cal.) Case No. 2:22-cv-01162-JAM-DB). The Attorney General and the Governor do not agree to a waiver of attorneys' fees and costs for any future cases.
>
> Because of the state court 1538.5 motion still pending (now being heard October 17), and <u>**municipal defendants' unwillingness to sign any permanent waivers for this case and any future cases**</u>, Plaintiff fears the prospects of SB 1327 being asserted against him in state court proceedings and this proceeding, and future enforcement actions relating to his ability to exercise his fundamental rights under the Second Amendment.
>
> I contacted the clerk for a hearing date, and the only available November date is the 15th. (See attached) That is the date that I'm setting the motion for a preliminary injunction. Please advise any objections to that date.
>
> Again, thank you for your professionalism.

26. Because Defendant Attorney General Bonta and Governor Newsom commitment to not enforce § 1021.11 was conditional, and defendant Bonta refused to commit to a consent judgment binding himself, his office, his successors and district attorneys, county counsel, and city attorneys, the Attorney General's conditional offer was not going to rectify the injury-in-fact suffered by Plaintiff with attorney Karalash. All other county and municipal defendants would be free to exercise the powers and rights granted to them under SB 1327.

27. Therefore, Plaintiff filed the motion for a preliminary injunction on <u>October 6, 2022</u>, docket

number 19, after an impasse in the meet and confer process.

28. **It was only <u>after</u> Plaintiff filed the motion for injunctive relief that the conditional offer by the State was switched to <u>unconditional</u>**. On <u>October 17, 2022</u>, the State responded in an email by stating (**Exhibit "B"**):

> I hope all is well. I am writing to let you know that the Governor and the Attorney General will not use the fee-shifting provision in SB 1327 (SB 1327, sec. 2; Code Civ. Proc., sec. 1102.11) at any time in connection with this action, regardless of whether your client makes any further amendments to the operative complaint.
>
> Please let me know if your client decides to <u>withdraw the pending</u> motion for a preliminary injunction; if so, I will draft a stipulation noting this agreement. [emphasis added.]
>
> Thank you very much for your professional courtesy in this matter.

29. Mr. Gorski responded on <u>October 17, 2022</u>, and stated (**Exhibit "B"**):

> My client is still proceeding with his motion for an injunction. Besides, <u>**no other government entity**</u> <u>has indicated that the statute will NOT be enforced</u> or utilized. Thanks. [emphasis added.]

30. On <u>October 17, 2020</u>, additional meet and confer took place as to why I was requesting a waiver from all named defendants when only the State Defendants were named in the motion for a preliminary injunction. Attorneys Tyra stated (**Exhibit "B"**):

> Your email below raises a point on which I am not clear with respect plaintiff's pending motion for preliminary injunction.
>
> The motion is directed only at Governor Newsom and Attorney General Bonta is their official capacities. In light of this, how is the position of the other public entities relative to CCP 1021.11 relevant to the motion? Plaintiff is not seeking to enjoin those other public entities from seeking fees under the statute despite the fact the statute entitles not only the state, but "a political subdivision, a governmental entity, or public official in this state …" to recover fees under the statute. Thus, <u>since Plaintiff is not seeking to enjoin the other public entities from recovering fees under the statute, I am unclear as to why the City of Elk Grove's (my client) position on this issue is relevant to the motion.</u>
>
> I look forward to your response.

31. On October 17, 2020, I responded (**Exhibit "B"**):

> You are correct in that the Motion for an injunction is only applicable to the state since it is a direct challenge to the law "as-written". <u>The fact that not a single government entity has come out and said they will not exercise their</u>

> respective rights under the statute is relevant to the issue of mootness and **standing**. [emphasis added]

32. Other than State Defendants NEWSOM and BONTA, no other defendant in this action has agreed to not enforcing SB 1327, especially in this action, nor has any other defendant taken a position that they should be name as indispensable parties. In sum, no one disagreed with my logic and provided a 21-day notice to rectify any standing or party issues other than the State Defendants regarding standing. (See **Exhibit "B"**)

33. Meet and confer is meant to flush out the minutia and differences of opinion; here, there was none, other than by the State on standing.

34. On October 18, 2022, the State responded with yet another iteration of its non-enforcement proposal, which again, failed to address the issue of the other named Defendants utilization of SB 1327 in this case[1] (**Exhibit "B"**):

> Thank you for your response. This email is to clarify and confirm that State Defendants will not use SB 1327's fee-shifting provision at any time in connection with this action, regardless of the status of the present preliminary injunction motion or the operative complaint. [emphasis added]

35. In fact, the same brief was filed in this case at docket number 26, on November 4, 2022, eleven (11) days before the scheduled hearing. In that Request for Judicial Notice, it states (**Exhibit "B"**):

> In the attached brief, the Attorney General commits not to seek attorney's fees or costs from any plaintiff or plaintiff's attorney under section 2 of California Senate Bill 1327 in any case, unless and until a court ultimately holds that the fee-shifting provision in section 4 of Texas Senate Bill 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken. This commitment extends to fees or costs incurred at any time in connection with any suit filed before the date on which a decision ultimately upholding the constitutionality of section 4 of SB 8 is affirmed on appeal (or the time to file an appeal expires). This position accurately reflects the State Defendants' position in Abrera as well. [emphasis added]

36. On the face of the Request for Judicial Notice, the State Defendants seem like they **switched**

---

[1] See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20; **Karalash Decl.** ¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.

**back to a conditional offer** of non-enforcement, to wit: "… unless and until a court ultimately holds that the fee-shifting provision in section 4 of Texas Senate Bill 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken." This change in the offer presented was not addressed by this Court in the denial of the motion for preliminary injunction.

37. To be honest, I felt like it was a moving target and regardless of the promises, the fact remained that SB 1327 could be used by any other defendant in this case without any defendant taking a position on its constitutionality. The meet and confer email chains in **Exhibit "B"** clearly shows that I was trying to parse through the issue of standing. Most importantly, it also shows that no one raised the issue of sanctionable conduct on my part. The purpose of meet and confer is for the attorneys to call the other party out on sanctionable conduct, and not a reasonable difference of opinion.

38. Notwithstanding defendants Bonta and Newsom's statement that they do not intend presently to enforce the state attorneys fee statute at issue, Plaintiff has standing because of the injury-in-fact is the damage to Plaintiff's attorney-client relationship with Mr. Karalash. (See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20; **Karalash Decl.** ¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.)

39. Because the presence of the statute on the books caused actual harm in the relationship between Mr. Karalash and Plaintiff, I was acting in good faith presenting that my position was the correct position, and as pointed out to this Court. (See First Amended Complaint, ¶ 460, Docket Entry # 16, also found at Docket Entry 19-3, **Exhibit "1"**; **Reply to Opposition**, 13:12-16, Docket Entry # 24; **Abrera Decl.** ¶s 20-24, 41 Docket Entry # 20; **Karalash Decl.**

¶s 12, 15, 22, Docket Entry # 24-1; **Reply to Request for Judicial Notice**, 2:15-20, Docket Entry # 27.) The fact that another federal judge looking at the same facts rules differently regarding standing should weigh heavily in my favor that my arguments were not frivolous or to cause unnecessary delay and expense.

40. I have done everything to minimize the cost of litigation. My client has suffered an injury-in-fact as raised in reply to the State Defendants opposition arguing a lack of standing. No attorney called me out and stated that I was acting in an unreasonable manner or that my legal position was frivolous. There may have been differences of opinion, but that is not bad faith.

41. I respectfully request to dismiss the Order to Show Cause.

I declare under the penalty of perjury the above information is true and correct and of my own personal knowledge. Executed in County of Sacramento on Friday, December 16, 2022.

/s/ Gary W. Gorski
GARY W. GORSKI
Declarant