1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  ANYA M. BINSACCA
   Supervising Deputy Attorney General
3  JAY C. RUSSELL, State Bar No. 122626
   Deputy Attorney General
4    455 Golden Gate Avenue
     Suite 11000
5    San Francisco, CA  94102
     Telephone:  (415) 510-3617
6    Fax:  (415) 703-5843
     E-mail:  Jay.Russell@doj.ca.gov
7  *Attorneys for Defendants Gavin Newsom, in his*
   *official capacity as Governor of California, and Rob*
8  *Bonta, in his official capacity as Attorney General of*
   *California*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12

13 | **ARNOLD ABRERA,** | Case No.: 2:22-cv-01162-JAM-DB |

14                              Plaintiff,   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

15            v.

16 **GAVIN NEWSOM, in his official capacity as Governor of the State of California, et al.,**

17                                            Date:         January 9, 2024
                                             Time:         1:30 p.m.
18                              Defendants.   Courtroom:    6
                                             Judge:        The Honorable John A.
19                                                          Mendez
                                             Trial Date:   None Set
20                                           Action Filed:  July 5, 2022

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction .................................................................................................................... 1

Legal and Factual Background ........................................................................................ 1

    I.    Summary of Plaintiff's Allegations ............................................................ 1

    II.   Plaintiff's Challenges to State Firearms Laws ........................................... 2

Legal Standards ............................................................................................................... 3

Argument ........................................................................................................................ 4

    I.    The First Amended Complaint Violates Rule 8 ......................................... 4

    II.   Plaintiff's Claims Are Pending in State Court so This Court Should Abstain from Asserting Jurisdiction ............................................................ 6

         A.    This Court Should Abstain from Exercising Jurisdiction Under the Prior Exclusive Jurisdiction Doctrine ................................... 6

         B.    Alternatively, Abstention Is Appropriate Under Younger v. Harris .......... 7

    III.   Sovereign Immunity Bars Plaintiff's Claims Against Governor Newsom. ........... 8

    IV.   Plaintiff's Equal Protection Claim Fails to State a Claim Under Rule 12(b)(6) ................................................................................................. 10

    V.    Plaintiff's Claims Related to Code of Civil Procedure Section 1021.11 Are Moot. .......................................................................................................... 12

Conclusion .................................................................................................................... 12

1

## TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

5
*Agua Caliente Band of Cahuilla Indians v. Hardin*
 223 F.3d 1041 (9th Cir. 2000) ................................................................................. 9

6
*Arizonans for Official English v. Arizona*
7
 520 U.S. 43 (1997) ................................................................................................ 12

8
*Balistreri v. Pacifica Police Dep't*
 901 F.2d 696 (9th Cir. 1990) ................................................................................... 3
9

*Bell Atl. Corp. v. Twombly*
10
 550 U.S. 544 (2007) ................................................................................................. 3

11
*Beltran v. California*
12
 871 F.2d 777 (9th Cir. 1988) ................................................................................... 7

13
*Canatella v. California*
 304 F.3d 843 (9th Cir. 2002) ................................................................................... 7
14

*Chapman v. Deutsche Bank Nat'l Tr. Co.*
15
 651 F.3d 1039 (9th Cir. 2011) ......................................................................... 4, 6, 7

16
*City of Cleburne, Tex. v. Cleburne Living Ctr.*
17
 473 U.S. 432 (1985) ............................................................................................... 11

18
*Coalition to Defend Affirmative Action v. Brown*
 674 F.3d 1128 (9th Cir. 2012) ............................................................................... 10
19

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*
20
 527 U.S. 666 (1999) ................................................................................................. 8

21
*Colorado River Water Conservation Dist. v. United States*
22
 424 U.S. 800 (1976) ................................................................................................. 4

23
*Doe v. Lawrence Livermore Nat'l Lab.*
 131 F.3d 836 (9th Cir. 1997) ................................................................................... 8
24

*Epstein v. Wash. Energy Co.*
25
 83 F.3d 1136 (9th Cir. 1996) ................................................................................... 4

26
*Freeman v. City of Santa Ana*
27
 68 F.3d 1180 (9th Cir. 1995) ................................................................................. 11

28

ii

1

**TABLE OF AUTHORITIES**
(continued)

2
Page

3    *Hirsh v. Justices of Supreme Court of the State of Cal.*
        67 F.3d 708 (9th Cir. 1995) ................................................................. 7
4

5    *Li v. Kerry*
        710 F.3d 995 (9th Cir. 2013)................................................................. 3

6
     *Long v. Van de Kamp*
7       961 F.2d 151 (9th Cir. 1992)................................................................. 9

8    *Los Angeles Cnty. Bar Ass'n v. Eu*
        979 F.2d 697 (9th Cir. 1992)................................................................. 9
9

10   *McHenry v. Renne*
        84 F.3d 1172 (9th Cir. 1996)........................................................ 3, 4, 6

11   *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*
        457 U.S. 423 (1982) ............................................................................ 7
12

13   *Miller v. Bonta*
        646 F. Supp. 3d 1218 (S.D. Cal. 2022) ............................................. 12
14

15   *N. Star Int'l v. Ariz. Corp. Comm'n*
        720 F.2d 578 (9th Cir. 1983)................................................................. 3

16
     *Nat'l Audubon Soc'y, Inc. v. Davis*
17      307 F.3d 835 (9th Cir. 2002)................................................................. 9

18   *Pennhurst State Sch. & Hosp. v. Halderman*
        465 U.S. 89 (1984) .............................................................................. 8
19

20   *Rosenbaum v. City and County of San Francisco*
        484 F.3d 1142 (9th Cir. 2007)............................................................ 11

21   *Rupf v. Yan*
        85 Cal. App. 4th 411 (2000)................................................................. 8
22

23   *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*
        546 F.3d 1087 (9th Cir. 2008).............................................................. 7
24

25   *Silveira v. Lockyer*
        312 F.3d 1052 (9th Cir. 2002)............................................................ 11

26   *Snoeck v. Brussa*
        153 F.3d 984 (9th Cir. 1998)................................................................. 9
27

28

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss First Am. Compl. (2:22-cv-01162-JAM-DB)

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*South Bay Rod & Gun Club, Inc. v. Bonta*
    No. 22-cv-1461-BEN-JLB (S.D. Cal. Mar. 20, 2023) ........................................................... 12

4

5

*United States v. Kama*
    394 F.3d 1236 (9th Cir. 2005) ................................................................................................. 7

6

*Weinstein v. Edgar*
    826 F. Supp. 1165 (N.D. Ill. 1993) .......................................................................................... 9

7

8

*Ex parte Young*
    209 U.S. 123 (1908) .................................................................................................................. 8

9

*Younger v. Harris*
    401 U.S. 37 (1971) .......................................................................................................... 4, 7, 8

10

11

**STATUTES**

12

United States Code, Title 42
    § 1983 ......................................................................................................................................... 8

13

14

California Code of Civil Procedure
    § 1021.11 .............................................................................................................................. 3, 12

15

16

California Penal Code
    § 1538.5 ....................................................................................................................................... 2
    § 30515 ........................................................................................................................................ 2

17

18

California Welfare and Institutions Code
    § 8102 ................................................................................................................................. *passim*
    § 30800 ........................................................................................................................................ 5

19

20

**CONSTITUTIONAL PROVISIONS**

21

California Constitution
    Article 4, § 1 .............................................................................................................................. 9

22

23

United States Constitution
    Second Amendment ........................................................................................................... *passim*

24

    Eleventh Amendment ................................................................................................ 1, 8, 9, 10
    Fourteenth Amendment ..................................................................................................... *passim*

25

26

27

28

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss First Am. Compl. (2:22-cv-01162-JAM-DB)

# TABLE OF AUTHORITIES
### (continued)

Page

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 8 .................................................................................................................. 4, 6
    Rule 8(a) .............................................................................................................. 1, 3
    Rule 8(a)(2) .............................................................................................................. 4
    Rule 8(d) ............................................................................................................. 1, 4
    Rule 8(e) ................................................................................................................. 4
    Rule 12(b)(1) ........................................................................................................... 4
    Rule 12(b)(6) ............................................................................................... 3, 4, 10

**OTHER AUTHORITIES**

Senate Bill 1327 .................................................................................................... 3, 12

**INTRODUCTION**

In his First Amended Complaint, Plaintiff Arnold Abrera ostensibly challenges various California laws on the grounds that they allegedly violate his Second Amendment rights.  But Abrera's lengthy and obtuse pleading is in no way "a short and plain statement of the claims showing that [Abrera] is entitled to relief," nor is "each allegation simple, concise, and direct," as required under Federal Rules of Civil Procedure 8(a) and (d).  Absent the requisite concise and direct allegations, neither California Governor Gavin Newsom nor Attorney General Rob Bonta should be forced to respond to Abrera's allegations.

As best as can be interpreted, it appears that Abrera alleges that his firearms were temporarily confiscated by local law officers under laws that promote public safety and security. That confiscation is the subject of an ongoing state action, and this Court should defer to that court's jurisdiction and otherwise abstain from interfering.  Nor can Governor Newsom or Attorney General Bonta be held to answer for Abrera's allegations against them, which are essentially claims against the State barred by the Eleventh Amendment.  In any event, the valid state laws that Abrera appears to challenge are founded on sound public policy and do not impair Abrera's constitutional rights.  Accordingly, Abrera cannot state a cause of action against either the Governor or the Attorney General, and the State Defendants' motion to dismiss should be granted.

**LEGAL AND FACTUAL BACKGROUND**

**I.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff Arnold Abrera alleges as follows.  He is a married 48-year-old resident of Elk Grove.  First Am. Compl. (FAC) ¶ 12.  Abrera and his wife possessed six firearms, ammunition, and magazines, all of which were in their Elk Grove residence.  *Id.* ¶¶ 67-70.

On December 27, 2020, Elk Grove Police Officers went to the Abrera residence in response to a 911 call from Mr. Abrera.  FAC ¶ 71.  Abrera's children told the responding officers that Abrera had called 911 and was upstairs trying to prevent their mother from getting a firearm located in the home.  *Id.* Ex. 1 at 4, ECF 16-1.  When questioned, Abrera's wife told the officers that she "wanted to kill [herself]."  *Id.* at 6.  As a result, police officers placed Abrera's wife on a

1

72-hour hold under California Welfare and Institutions Code section 5150. *Id.*; FAC ¶ 73. Under Welfare and Institutions Code section 8102, Elk Grove police officers seized all of the firearms in the Abrera home. *Id.* Ex. 1 at 6-7.

Following that seizure, the Elk Grove City Attorney filed a petition in Sacramento County Superior Court, entitled *City of Elk Grove v. Euginie Abrera*, No. 34-2021-20000745, seeking a judicial determination regarding the return of firearms under Welfare and Institutions Code section 8102. FAC Ex. 3, ECF 16-3. In that petition, the City explained that two of the six firearms seized from Plaintiff's home were illegal, unregistered assault rifles, namely, a Del-Ton Inc., model DTI 15, 556 caliber assault rifle, and a Roggio Arsenal, model RA 15, multiple caliber assault rifle. *Id.* Abrera's motion under Penal Code section 1538.5 for the return of the weapons remains pending. *Id.* ¶ 464.

On January 29, 2021, the City of Elk Grove issued an arrest warrant for Abrera, alleging there was probable cause that the above-described firearms seized during the December 27, 2020 check of the Abrera residence were unregistered "bullet-button" assault rifles, which violated Penal Code section 30515. FAC Ex. D, ECF 16-4. That case was dismissed on April 13, 2022. *Id.* ¶ 92, Ex. 5, ECF 16-5.

## II.   PLAINTIFF'S CHALLENGES TO STATE FIREARMS LAWS

In his prolix complaint, Abrera's first cause of action appears to allege that California Welfare & Institutions Code section 8102 is unconstitutional both "as written" and "as applied," because it allowed police officers to remove weapons from the home when Abrera's wife was held under Welfare & Institutions Code section 5150. FAC ¶¶ 167, 183. In his second cause of action, Abrera alleges that an undefined "Gun Control" policy promulgated by the State violates his Second Amendment rights. *See, generally*, *id.* ¶ 222.

Abrera's third through sixth causes of action argue that California's various limitations on the configuration of assault weapons and the purchase of ammunition violate his Second Amendment rights. *See, generally*, FAC ¶¶ 305, 321, 346, 392. Abrera's seventh cause of action seeks declaratory and injunctive relief, declaring that California's statutory process for the return of lawfully seized firearms is unconstitutional as written. *Id.* ¶ 404. In his eighth cause of action,

2

1  Abrera alleges that his Fourteenth Amendment rights have been violated because California

2  allegedly enforces statutes regulating firearms more zealously than those related to immigration

3  or abortion.  *Id.* ¶¶ 410-415.  Abrera seeks declaratory and injunctive relief against these alleged

4  "customs, policies, and practices."  *Id.* ¶ 421.

5      Finally, in his eleventh and twelfth claims, Abrera seeks a declaration that Senate Bill 1327,

6  which enacted California Code of Civil Procedure section 1021.11, is unconstitutional and seeks

7  to have it enjoined.  FAC ¶¶ 455-497.[1]

8                      **LEGAL STANDARDS**

9      Under Federal Rule of Civil Procedure 8(a), complaints must contain a "short and plain

10  statement" providing "enough facts to state a claim to relief that is plausible on its face" to

11  survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That "short

12  and plain statement" requires that a plaintiff's alleged grounds for any entitlement to relief be

13  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

14  will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Prolix, confusing

15  complaints . . . impose unfair burdens on litigants and judges," and are thus subject to dismissal.

16  *McHenry v. Renne,* 84 F.3d 1172, 1179-80 (9th Cir. 1996).

17      Relatedly, "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only

18  'fair notice of the nature of the claim, but also grounds on which the claim rests.'"  *Li v. Kerry*,

19  710 F.3d 995, 998 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556 n.3).  A

20  motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the

21  claims in the complaint.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

22  1983).  Dismissal of the complaint or of any claim within it "can be based on the lack of a

23  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

24  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "[C]onclusory allegations

25

26  _____

27    [1] Abrera's First Amended Complaint also includes two causes seeking damages for the
      seizure and retention of his firearms (FAC ¶¶ 422-454), and a cause of action for inverse
      condemnation.  *Id.* ¶¶ 498-506.  Abrera does not allege any wrongdoing by the State Defendants
28    with respect to these claims.

                                3

of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Finally, comity and abstention doctrines provide independent grounds for dismissing an action under Rule 12(b)(1). *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043-44 (9th Cir. 2011) (applying the prior exclusive jurisdiction doctrine); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971).

## ARGUMENT

## I.   THE FIRST AMENDED COMPLAINT VIOLATES RULE 8

The entire First Amended Complaint should be dismissed because its prolix, indecipherable allegations do not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," or with subdivision (d)(1), requiring that "each allegation must be simple, concise, and direct."

To comply with Rule 8, a complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d at 1177.  Even where the factual elements of a cause of action are present, but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *Id.* at 1178.  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179.  Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* (construing former Rule 8(e), now 8(d)) (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) and *Von Poppenheim v. Portland Boxing & Wrestling Comm.*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)).

Here, the First Amended Complaint includes a mix of potential claims along with general grievances against various laws concerning the purchase and registration of firearms, and Abrera's vague and ambiguous assertions require the State Defendants and the Court to sift through extraneous allegations to guess whether relevant and potentially answerable allegations

4

1   might be hiding somewhere in the pleadings.  For instance, Abrera's first cause of action alleges a

2   violation of his Second Amendment rights, entitled "State Statute Pertaining to Firearms Seizures

3   (As-Written)."  FAC ¶ 29.  But the allegations are a confusing mix of statements that fail to

4   identify a particular theory for the claim.  Abrera states that Welfare & Institutions Code section

5   8102 "is overinclusive as-applied because its reach . . . extends to [weapons] owned by a person

6   other that [sic] the [Welfare & Institutions Code] section 5150 detainee."  *Id.* ¶ 167.  Later in this

7   same cause of action, Abrera claims that Welfare & Institutions Code section 5150 "is facially

8   flawed," and also asserts that Welfare & Institutions Code section 30800 has "no history or

9   tradition for the suspension of [Abrera's] rights and destruction of arms."  *Id.* ¶ 173.  In short,

10  Defendants are left to guess at what laws are being challenged, and whether the challenge is to a

11  law as written or in its application.

12       In that same regard, Abrera's second cause of action challenges laws that have allegedly

13  been "applied" to him without identifying the statutes in question, instead alleging a general "gun

14  control policy" or "Gun Control Actions" untethered to any specific law.  FAC ¶¶ 187, 188.  In

15  this twenty-page cause of action, Abrera claims that a "complex statutory and regulatory scheme"

16  and "tapestry of laws and policies" violate his rights under the Second Amendment, yet he fails to

17  identify the "laws and policies" that are allegedly unconstitutional when applied to him.  *Id.*

18  ¶¶ 223, 257.  Abrera instead engages in what might be interpreted as personal attacks on the State

19  Defendants.  *Id.* ¶ 198 ("Newsom and Bonta abuse their duty to protect the Second Amendment

20  rights of California citizens by using threats, intimidation, and fear tactics"); *id.* ¶ 208 & n.2

21  (alleging that Attorney General Bonta's statements concerning potential legislative action

22  concerning weapons possession is an expression of "mob rule"); *id.* ¶ 212([alleging that

23  advertisements issued by Attorney General Bonta are a "fight[] to restrict an enumerated right to

24  keep and bear arms based upon some personal opinions").  Again, the State Defendants are left

25  guessing what laws and what actions inform Abrera's allegations.

26       Other claims are so obtuse as to be unintelligible.  For example, in his eighth cause of

27  action, Abrera "asserts an Equal Protection challenge to the written and unwritten policy of

28  'collateral consequences' being applied to immigration cases involving illegal aliens but not

                                        5

1   naturalized citizens and the poor." *Id.* ¶ 409.  Apart from being irrelevant, the allegations again

2   leave the State Defendants guessing at how this states an equal-protection claim and what

3   allegedly unconstitutional actions they purportedly have undertaken.

4          Abrera's vague (and in many instances hyperbolic) claims do not meet the standards of

5   clarity required by Rule 8, and instead leave the State Defendants to decipher what constitutional

6   violations have been alleged, against whom, and how they should be addressed.  Given the

7   hodgepodge of assertions, the First Amended Complaint does not clearly allege "who is being

8   sued, for what relief, and on what theory, with enough detail to guide discovery."  *McHenry*, 84

9   F.3d at 1177-78.  The First Amended Complaint should be dismissed for failure to comply with

10  Rule 8.

11  **II.     PLAINTIFF'S CLAIMS ARE PENDING IN STATE COURT SO THIS COURT SHOULD
             ABSTAIN FROM ASSERTING JURISDICTION**
12

13         Attempting to decipher Abrera's obtuse allegations, it appears that the gravamen of all his

14  claims is that firearms were taken from his home under Welfare & Institutions Code section 8102,

15  and two of the weapons have not been returned.  FAC ¶¶ 73-81, 94-98.  Abrera's challenge to that

16  retention and demand for the firearms' return remains pending in Sacramento County Superior

17  Court.  *Id.* ¶¶ 94, 464.  Because a ruling that resolves that dispute would also resolve the basis of

18  Abrera's claims here—namely, the seizure and retention of Abrera's weapons under Welfare &

19  Institutions Code section 8102—this Court should decline jurisdiction and allow the state action

20  to proceed.

21         **A.     This Court Should Abstain from Exercising Jurisdiction Under the Prior
                    Exclusive Jurisdiction Doctrine**
22

23         Because Abrera is litigating the status of the confiscated weapons in pending state court

24  proceedings, the Court should dismiss his complaint under the doctrine of "prior exclusive

25  jurisdiction."  *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d at 1044 ("[W]here parallel state

26  and federal proceedings seek to 'determine interests in specific property as against the whole

27  world' (*in rem*), or where 'the parties' interests in the property . . . serve as the basis of the

28  jurisdiction' for the parallel proceedings (*quasi in rem*), then 'the doctrine of prior exclusive

6

1   jurisdiction fully applies'" (quoting *Penn. Gen. Cas. Co. v. Penn. ex rel Schnader*, 294 U.S. 189,

2   195 (1935)).  This doctrine thus bars a court from assuming jurisdiction over a *res* that is the

3   subject of a previously filed *rem* or *quasi in rem* action in state court.  *Id.*; *see also United States*

4   *v. Kama,* 394 F.3d 1236, 1240, n.2 (9th Cir. 2005) (Ferguson, J., concurring) ("[W]here a state

5   statute places items seized by local law enforcement under judicial control, seizure by state police

6   itself constitutes an assertion of *in rem* jurisdiction over the seized item").

7       Here, Abrera's previously filed action for the return of the weapons remains pending in

8   state court, and so this action is barred under the "prior exclusive jurisdiction" doctrine and

9   should be dismissed.

10      **B.    Alternatively, Abstention Is Appropriate Under *Younger v. Harris***

11      Federal courts generally abstain from granting injunctive or declaratory relief that would

12  interfere with pending state judicial proceedings.  *Younger v. Harris*, 401 U.S. 37, 40-41 (1971);

13  *Hirsh v. Justices of Supreme Court of the State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per

14  curiam) ("*Younger* and its progeny generally direct federal courts to abstain from granting

15  injunctive or declaratory relief that would interfere with pending state judicial proceedings.").

16  This abstention doctrine derives from principles of equity, comity, and federalism.  *San Jose*

17  *Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th

18  Cir. 2008).

19      A federal court must abstain if three conditions are met: 1) the state proceedings are

20  ongoing; 2) the proceedings implicate important state interests; and 3) the state proceedings

21  provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  *Middlesex*

22  *Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Additionally, the Ninth

23  Circuit requires that the federal proceeding "would enjoin the [state] proceeding or have the

24  practical effect of doing so."  *San Jose Silicon Valley Chamber of Com. Pol. Action Comm.*, 546

25  F.3d at 1092.  Courts assess "whether the state court proceedings were ongoing as of the time the

26  federal action was filed."  *Canatella v. Caifornia*, 304 F.3d 843, 850 (9th Cir. 2002); *Beltran v.*

27  *California*, 871 F.2d 777, 782 (9th Cir. 1988) ("[T]he critical question is not whether the state

28

7

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss First Am. Compl. (2:22-cv-01162-JAM-DB)

1    proceedings are still 'ongoing', but whether 'the state proceedings were underway before

2    initiation of the federal proceedings'") (citation omitted)).

3         Abrera's allegations show that all these requirements are met.  First, there is an ongoing

4    state action.  FAC ¶ 464.  Second, the challenged law—Welfare & Institutions Code section

5    8102—promotes important state interests.  *Rupf v. Yan,* 85 Cal. App. 4th 411, 423 (2000) (section

6    8102 "directly safeguards public health and safety").  Third, the state court forum is adequate for

7    Abrera to present his federal claims.  *Id*. at 424-25.  Finally, an order from the state court

8    resolving that dispute would moot his allegations here concerning Welfare & Institutions Code

9    section 8102 and end his standing to bring his Second Amendment claims, whereas a ruling here

10   would have the "practical effect" of enjoining the state proceeding.

11        Accordingly, this case is subject to *Younger* abstention and should be dismissed.

12   **III.    SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST GOVERNOR NEWSOM.**

13        Abrera alleges that his case against the State Defendants arises under 42 U.S.C. § 1983.

14   FAC ¶¶ 43, 44.  Governor Newsom is named for having "authority to exercise 'all police power

15   vested in the state."  *Id.* ¶ 18.  Governor Newsom is immune based on such claims and should be

16   dismissed from the litigation.

17        "Claims under § 1983 are limited by the scope of the Eleventh Amendment."  *Doe v.*

18   *Lawrence Livermore Nat'l Lab*., 131 F.3d 836, 839 (9th Cir. 1997).  The Eleventh Amendment

19   bars suits against a state in federal court for all types of legal or equitable relief in the absence of

20   consent by the State or abrogation of that immunity by Congress.  *Coll. Sav. Bank v. Fla. Prepaid*

21   *Postsecondary Educ. Expense Bd*., 527 U.S. 666, 670 (1999); *Pennhurst State Sch. & Hosp. v.*

22   *Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).  "The Eleventh Amendment [also] bars a

23   suit against state officials when 'the state is the real, substantial party in interest.'"  *Pennhurst*,

24   465 U.S. at 101 (citation omitted).  The "'general rule is that relief sought nominally against an

25   officer is in fact against the sovereign if the decree would operate against the latter.'"  *Id.* (quoting

26   *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).  "And, as when the State itself is named as the

27   defendant, a suit against state officials that is in fact a suit against a State is barred regardless of

28   whether it seeks damages or injunctive relief."  *Id.* at 101-02.

8

1    In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized a limited exception

2  to Eleventh Amendment immunity.  The *Ex parte Young* exception allows "suits for prospective

3  declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an

4  alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*,

5  223 F.3d 1041, 1045 (9th Cir. 2000).  However, this exception applies only where "it is plain that

6  such officer must have some connection with the enforcement of the act, or else it is merely

7  making him a party as a representative of the State, and thereby attempting to make the State a

8  party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at

9  157).  "This connection must be fairly direct; a generalized duty to enforce state law or general

10  supervisory power over the persons responsible for enforcing the challenged provision will not

11  subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

12  Further, "[a]bsent a real likelihood that the state official will employ his supervisory powers

13  against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Long v.*

14  *Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992).

15    Abrera's pleading does not and cannot allege that the Governor has any connection—direct

16  or otherwise—to enforcing Welfare & Institutions Code section 8102, which forms the basis for

17  Abrera's Second Amendment claims.  Nor can Governor Newsom grant Abrera's alleged

18  "Application for Return of Firearms" under various Penal Code sections, the basis for his seventh

19  cause of action.  As discussed above, the Governor is named because he is "responsible for all

20  Executive Orders," allegedly having "all police power vested in the state."  FAC ¶¶ 17-18.[2]  But

21  the Governor's general authority is an insufficient connection and does not make him a proper

22  defendant in this action.  *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847, *amended*

23  312 F.3d 416 (9th Cir. 2002) (holding suit was "barred against the Governor and the state

24  Secretary of Resources, as there is no showing that they have the requisite enforcement

25  connection to Proposition 4"); *see also Weinstein v. Edgar*, 826 F. Supp. 1165, 1167 (N.D. Ill.

26  1993) (stating that if a governor's general obligation to faithfully execute the laws was a

27    [2] Abrera also incorrectly alleges that Governor Newsom "exercises legislative power."

28  FAC ¶ 18.  *See* Cal. Const. art. 4, § 1 ("The legislative power of this State is vested in the California Legislature.").

9

1   sufficient connection to the enforcement of the challenged statute, "then the constitutionality of

2   every statute enacted by the Illinois legislature necessarily could be challenged by merely naming

3   the Governor as a party defendant").

4          Governor Newsom cannot be sued in these circumstances.  The Governor's general

5   authority to issue executive orders is an insufficient connection to Abrera's allegations and does

6   not make him a proper defendant in this action.  Abrera's claims focus on the confiscation of

7   firearms by Elk Grove police officers following a domestic disturbance at the Abrera home (*see,*

8   *e.g.*, FAC ¶ 1 ["This case pertains to Plaintiff's four firearms (two rifles, two pistols) being seized

9   because he made a false threat to dial 911"]), and charges brought by the Sacramento County

10  District Attorney for Abrera's possession of illegal assault weapons.  There is not—nor could

11  there be—an allegation that Governor Newsom had any involvement in the searches, seizures, or

12  arrests that form the basis of these claims.

13         In short, Abrera's allegations against Governor Newsom—however lengthy—are nothing

14  more than the unremarkable assertions that the Governor "is responsible for all Executive

15  Orders."  FAC ¶ 16.  Allegations of a generalized duty to enforce state law are insufficient to

16  overcome Eleventh Amendment sovereign immunity.  *See, e.g.*, *Coalition to Defend Affirmative*

17  *Action v. Brown* 674 F.3d 1128, 1134 (9th Cir. 2012) ("The individual state official sued 'must

18  have some connection with the enforcement of the act'" (quoting *Ex parte Young*, 209 U.S. at

19  157)).

20         Abrera's claims against Governor Newsom should be dismissed.

21  **IV.    PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS TO STATE A CLAIM UNDER RULE**

22  **        12(B)(6)**

23         Although not entirely clear, Abrera's eighth cause of action appears to allege that matters

24  involving firearms—by implication the enforcement of California Welfare & Institutions Code

25  section 8102, which directs confiscation of firearms when someone is detained to examine their

26  mental condition under certain code sections—are "treated by a different standard than all other

27  rights," ostensibly those involving immigration and reproductive rights.  FAC ¶ 415.  But because

28

1   Abrera fails to compare the enforcement of section 8102 to any applicable control group, his

2   equal-protection claim necessarily fails and should be dismissed.

3        The Fourteenth Amendment's Equal Protection Clause guarantees that the government

4   treats similar individuals in a similar manner. *City of Cleburne, Tex. v. Cleburne Living Ctr.*,

5   473 U.S. 432, 439 (1985); U.S. Const. amend. XIV, § 1 (prohibiting states from "deny[ing] to any

6   person within its jurisdiction the equal protection of the laws"). "The first step in equal protection

7   analysis is to identify the [government's] classification of groups" and, "[o]nce the plaintiff

8   establishes governmental classification, it is necessary to identify a 'similarly situated' class

9   against which the plaintiff's class can be compared." *Freeman v. City of Santa Ana*, 68 F.3d

10   1180, 1187 (9th Cir. 1995) (citation omitted); *see also Silveira v. Lockyer*, 312 F.3d 1052, 1088

11   (9th Cir. 2002), abrogated on other grounds by *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008)

12   ("[I]n order for a state action to trigger equal protection review at all, that action must treat

13   similarly situated persons disparately") (citation omitted).

14        In his eighth cause of action, Abrera does not define the parameters or characteristics of any

15   similarly situated "control group" against which he can be compared. *See Freeman*, 68 F.3d at

16   1187 ("The similarly situated group is the control group."). Abrera alleges that "Defendants'

17   policy choices"—ostensibly, enforcing laws related to assault weapons—"trigger strict scrutiny

18   under the Second Amendment and Equal Protection Clause." FAC ¶ 408. Although his

19   allegations are patently unclear, Abrera appears to suggest that the proposed control group

20   consists of persons whose firearms have been confiscated under California Welfare and

21   Institutions Code section 8102. But Abrera does not allege that he has been treated differently

22   than other owners of firearms. In any event, Abrera fails to define any similarly situated control

23   group, what—if any—additional characteristics are shared by the individuals in that group, and

24   how that group is treated differently. *See Rosenbaum v. City and County of San Francisco*, 484

25   F.3d 1142, 1154 (9th Cir. 2007) (plaintiffs' "undifferentiated control group" "was not comparable

26   because these groups were not similarly situated because of their varying characteristics"). Even

27   if Abrera could define a control group of firearms owners, there is no allegation—nor could there

28   be—that it is "similarly situated" to persons subject to immigration laws or those asserting rights

1  to reproductive privacy, whom Abrera seems to allege are treated more leniently than gun

2  owners.

3        Because Abrera has not and cannot identify a similarly situated class of individuals against

4  which to compare himself, he fails to meet his threshold burden in attempting to state an equal

5  protection claim.  The State Defendants' motion to dismiss should be granted.

6  **V.    PLAINTIFF'S CLAIMS RELATED TO CODE OF CIVIL PROCEDURE SECTION 1021.11
         ARE MOOT.**
7

8        In his eleventh and twelfth causes of action, Abrera claims that Code of Civil Procedure

9  section 1021.11, enacted under Senate Bill 1327, violates his First and Fourteenth Amendment

10 rights.  But as the Ninth Circuit has explained, that law cannot be enforced following the

11 permanent injunctions issued in *Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022), and

12 *South Bay Rod & Gun Club, Inc. v. Bonta*, No. 22-cv-1461-BEN-JLB (S.D. Cal. Mar. 20, 2023).

13 Abrera's claims are accordingly moot and should be dismissed.

14       "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be

15 extant at all stages of review, not merely at the time the complaint is filed.'"  *Arizonans for*

16 *Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395,

17 401 (1975)).  Here, Abrera seeks declaratory and injunctive relief, "prevent[ing] this State" from

18 enforcing Senate Bill 1327.  FAC ¶ 480.  This is precisely the relief provided through the final

19 judgments entered in *Miller* and *South Bay*.  Those judgments eliminate any case or controversy

20 raised in Abrera's eleventh and twelfth causes of action.  As such, they should be dismissed.

21                                  **CONCLUSION**

22       The Court should dismiss all claims against Governor Newsom and Attorney General

23 Bonta.

24       //

25       //

26       //

27       //

28       //

12

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss First Am. Compl. (2:22-cv-01162-JAM-DB)

1    Dated:  November 14, 2023                    Respectfully submitted,

2                                                 ROB BONTA
                                                  Attorney General of California
3                                                 ANYA M. BINSACCA
                                                  Supervising Deputy Attorney General
4

5

6                                                  /s/ Jay C. Russell

7                                                 JAY C. RUSSELL
                                                  Deputy Attorney General
8                                                 Attorneys for Defendants Gavin Newsom, in
                                                  his official capacity as Governor of
9                                                 California, and Rob Bonta, in his official
                                                  capacity as Attorney General of California
     SA2022303127
10   43953809.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss First Am. Compl. (2:22-cv-01162-JAM-DB)