**Gary W. Gorski CBN: 166526**
**Attorney at Law**
*VETERANS LAW CENTER*
3017 Douglas Blvd., Suite 150
Roseville, CA 95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com
www.VeteransLawCenter.com

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**
*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150
Roseville, CA 95661
(916) 787-1234
Fax: (916) 520-3930

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>    plaintiff,<br><br> v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE;<br><br>    defendants. | No. 2:22-cv-01162 JAM DB<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY AND PERMANENT INJUNCTION AGAINST DEFENDANTS**<br><br>**Constitutionality of State Statute Challenge**<br><br>**Date:** January 9, 2024<br>**Time:** 1:30 p.m.<br>**Courtroom:** 6<br>**Judge:** The Honorable John A. Mendez<br>**Location:** Courtroom 27, 8th floor<br>501 I Street<br>Sacramento, CA<br>**Trial Date: None Set**<br>**Action Filed:** July 5, 2022 |

1

**TO DEFENDANTS** GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE.

PLEASE TAKE NOTICE that on January 9, 2024, 1:30 p.m., before the Hon. Judge:  The Honorable John A. Mendez, Courtroom 6, in the above-entitled court at 501 I Street, Sacramento, CA, Plaintiff Arnold Abrera will be seeking a preliminary and permanent equitable injunctive relief for the return of his firearms and other property.

Oral Argument is requested and is estimated to be approximately one hour.  The relief sought does not require a bond as it involves the return of personal property and conclusions of law as to the constitutionality of state statutes, as-written and/or as-applied.

Plaintiff seeks this relief for return of his firearms, and if destroyed, the ability to purchase and replace any destroyed firearms. The property seized is as follows:

1. One (1) Glock, Inc., Model 17, 9mm Cal., Serial No. BBDW312 **[Semi-Automatic Handgun]**

2. One (1) Sig Sauer Model SP2022, .40 Cal., Serial No. 24B245366, Erroneously Listed As "Sauer, J.P., & Sons" **[Semi-Automatic Handgun]**

3. One (1) Sig Sauer Model SP2022, 9mm Cal., Serial No. 24B245997, Erroneously Listed As "Sauer, J.P., & Sons" **[Semi-Automatic Handgun]**

4. One (1) Sturm, Ruger & Co., Model LC380CA, .380 Cal., Serial No. 32653888 **[Semi-Automatic Handgun]**

5. One (1) Del-Ton Inc., Model DTI 15, 5.56 Cal., Serial No. B6215 **[Semi-Automatic Rifle AR-15]**;

6. One (1) Roggio Arsenal, Model RA L5, Multi-Caliber, Serial No. RA09011623 **[Semi-Automatic Rifle AR-15]**

2

Irreparable injury in the absence of such an injunction and interlocutory relief, takes place each day the property is not returned so that Plaintiff may fully exercise his Second Amendment rights. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

## NOTICE OF RELIEF SOUGHT

Plaintiff moves for equitable and declaratory relief and a preliminary and permanent injunction under rule 65 of the Federal Rules of Civil Procedure regarding the seizure of the following firearms which Plaintiff owned and had a community property interest in, as follows:

1. One (1) Glock, Inc., Model 17, 9mm Cal., Serial No. BBDW312 **[Semi-Automatic Handgun]**

2. One (1) Sig Sauer Model SP2022, .40 Cal., Serial No. 24B245366, Erroneously Listed As "Sauer, J.P., & Sons" **[Semi-Automatic Handgun]**

3. One (1) Sig Sauer Model SP2022, 9mm Cal., Serial No. 24B245997, Erroneously Listed As "Sauer, J.P., & Sons" **[Semi-Automatic Handgun]**

4. One (1) Sturm, Ruger & Co., Model LC380CA, .380 Cal., Serial No. 32653888 **[Semi-Automatic Handgun]**

5. One (1) Del-Ton Inc., Model DTI 15, 5.56 Cal., Serial No. B6215 **[Semi-Automatic Rifle AR-15]**;

6. One (1) Roggio Arsenal, Model RA L5, Multi-Caliber, Serial No. RA09011623 **[Semi-Automatic Rifle AR-15]**

Specifically, Plaintiff is requesting the Court to order Defendants and their agents, servants, employees, and those working in active concert with them and each other, to 1)

immediately return all firearms seized without payment of fees and paperwork, and 2) enjoin Defendants from enforcing or giving effect to the laws, regulations or policies which resulted in the seizure of Plaintiff's firearms and ancillary accessories by Defendants on or about December 27, 2020, at Plaintiff's residence in the Elk Grove, California, in clear violation of Plaintiff's Second and Fourteenth Amendment rights and the Supreme Court's holdings in *United States v. Miller*, 307 U. S. 174 (1939); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010);  *Caetano v. Massachusetts*, 577 U.S. 411 (2016); and, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. ____ (2022).

Plaintiff further seeks to enjoin defendants from enforcing the following laws as they pertain to Plaintiff as-applied, and further as-written to acquire, possess, use, and/or transfer constitutionally protected firearms for lawful purposes including self-defense and militia use, permanently enjoining Defendants from enforcing each of the following sections to the extent they prevent law-abiding Californians, like Plaintiff, from owning, acquiring, possessing, using or transferring constitutionally protected arms and the purchasing of parts and ammunition as follows:

1.  **FIREARM SEIZURES:** Cal. Welf. & Inst. Code, §§ 5150 and 5151. Two firearm statutes come into play when a person is detained under Cal. Welf. & Inst. Code, § 5150, as a danger to himself or others. Cal. Welf. & Inst. Code, § 8103, will prohibit the person's possession of firearms for a five-year period. Welf. & Inst. Code, § 8102, authorizes confiscation of any weapons the person already possesses.

2.  **SEMI-AUTOMATIC RIFLE BAN:** California continues to restrict semi-automatic rifles under Cal. Pen. Code §§ 30510(a), 30515(a), 30515(a)(1)(A-C), 30515(a)(1 )(E-F), 30515(a)(3), 30520, 30600, 30600(a), 30605, 30605(a), 30925, 30945, and California Code of Regulations, title 11, section 5499, prohibiting "assault weapons" or, alternatively, to the

4

extent they prohibit the acquisition, possession, or transfer of any semi-automatic, centerfire rifle with a detachable magazine having a "pistol grip," "flash suppressor," "thumbhole stock," or "telescoping" stock, or any semi-automatic, centerfire rifle that is over 26 inches in overall length. Plaintiff requests an order enjoining enforcement of California Penal Code §§ 30515(a)(1) through (8) (defining an "assault weapon" by prohibited features), 30800 (deeming certain "assault weapons" a public nuisance), 30915 (regulating "assault weapons" obtained by bequest or inheritance), 30925 (restricting importation of "assault weapons" by new residents), 30945 (restricting use of registered "assault weapons"), and 30950 (prohibiting possession of "assault weapons" by minors). California Penal Code §18010 which states that "The Attorney General, a district attorney, or a city attorney may bring an action to enjoin the manufacture of, importation of, keeping for sale of, offering or exposing for sale, giving, lending, or possession of, any item that constitutes a nuisance under any of the following provisions: *** (12) Section 24390, relating to a camouflaging firearm container. *** (19) Section 32390, relating to a large-capacity magazine. (d) (1) Commencing July 1, 2022, the Attorney General, a district attorney, or a city attorney may bring an action to enjoin the importation into the state or sale of **any firearm precursor part** …
(2) Commencing July 1, 2022, firearm precursor parts … are a nuisance and are subject to confiscation and destruction pursuant to Section 18005." Plaintiff further seeks to enjoin Defendants from enforcing Assembly Bill (AB) 1621 (stats. 2022, ch. 76), which, among other things, AB 1621 replaces the current Penal Code section 30400. The new Penal Code section 30400, subdivision (a) takes effect immediately and states: "it shall be unlawful for a person to purchase, sell, offer to sell, or transfer ownership of any firearm precursor part in this state that is not a federally regulated firearm precursor part." In other words, **no firearm precursor parts may be legally purchased**, sold, offered for sale, or transferred unless such

firearm precursor parts meet the definition of a "federally regulated firearm precursor part."

3. **"LARGE-CAPACITY MAGAZINE" BAN:** Cal. Pen. Code § 16740 provides that a "large-capacity magazine" means any ammunition feeding device with the capacity to accept more than 10 rounds. Cal. Pen. Code § 32310 states that any person in this state who possesses any large-capacity magazine, regardless of the date the magazine was acquired, is guilty of an infraction or is guilty of a misdemeanor. This law is also applied retroactively.

4. **HANDGUN BAN, UNSAFE HANDGUN LIST AND MICROSTAMPING:** California's statutory and regulatory scheme pursuant to Cal. Pen. Code § 31910. Cal. Penal Code §§ 16380, 16900, 31900 et seq., 31910, 32000, 32015, 32030, and 11 Cal. Code Regs. § 4070(a) prohibits the sale of semi-automatic pistols unless they have certain features and are on a roster of approved handguns for sale. This enforcement scheme results in ban of semiautomatic handguns by attrition.

5. **AMMUNITION BAN:** Cal. Penal Code § 30312(a)-(b), which regulates the purchase of all firearm ammunition. Ammunition sales, deliveries, or transfers in California must now be conducted by a state-licensed ammunition vendor in a face-to-face transaction. A California resident who seeks to buy firearm ammunition must first pay for and pass an electronic background check each time he or she wishes to make a purchase. And a resident may not purchase from vendors outside of California, whether in person or through an internet transaction, unless the ammunition is delivered directly to a California-licensed ammunition vendor, whereupon the resident must then pay for and pass the background check in a face-to-face transaction. *Id.*; § 30314.

6. **APPLICATION FOR RETURN OF FIREARMS:** Cal. Penal Code §§  33850, 33855, 33860, 33880 provide that any person who claims title to any firearm, ammunition feeding device, or ammunition that is in the custody government shall pay a fee and associated costs

for seizure, impoundment and storage, while also submitting an application for return of the arms, even if the government makes a mistake in seizing the arms or a person is found not guilty.

**FURTHERMORE**, Plaintiff requests an order enjoining Defendants from passing and/or enforcing any <u>new policies or taking further actions</u> resulting in future iterations of the currently challenged laws and policies, which exceed the current standard regulation of firearms under current federal law as of the time this motion was filed, i.e., The National Firearms Act (NFA) (1934); Federal Firearms Act of 1938 (FFA); Omnibus Crime Control and Safe Streets Act of 1968 (GCA); Firearm Owners Protection Act (FOPA) (1986); and Brady Handgun Violence Prevention Act (1993); and Undetectable Firearms Act (1988). There is no persuasive historical evidence or record establishing that the laws and regulations at issue imposes prohibitions that fall outside the historical scope of the Second and Fourteenth Amendment. This relief is sought to prohibit the State from creating uncertainty as to firearm ownership and acquisition, as well as peripheral accessories and ammunition, and to stop the invidious discrimination by NEWSOM and BONTA towards the People exercising their Second and Fourteenth Amendment rights, including the Equal Protection Clause of the Fourteenth Amendment.

Defendants must be enjoined and ordered to return the firearms, ammunition and magazines, which have been confiscated by defendants, and identified as follows:

1. One (1) Glock, Inc., Model 17, 9mm Cal., Serial No. BBDW312 **[Semi-Automatic Handgun]**

2. One (1) Sig Sauer Model SP2022, .40 Cal., Serial No. 24B245366, Erroneously Listed As "Sauer, J.P., & Sons" **[Semi-Automatic Handgun]**

3. One (1) Sig Sauer Model SP2022, 9mm Cal., Serial No. 24B245997, Erroneously Listed As "Sauer, J.P., & Sons" **[Semi-Automatic Handgun]**

4. One (1) Sturm, Ruger & Co., Model LC380CA, .380 Cal., Serial No. 32653888 **[Semi-Automatic Handgun]**

5.  One (1) Del-Ton Inc., Model DTI 15, 5.56 Cal., Serial No. B6215 **[Semi-Automatic Rifle AR-15]**;

6.  One (1) Roggio Arsenal, Model RA L5, Multi-Caliber, Serial No. RA09011623 **[Semi-Automatic Rifle AR-15]**

**FURTHERMORE,** an order that Plaintiff Abrera and other citizens be able to purchase Non-Roster Handguns (Unsafe Handguns) (Penal Code, § 32000.) along with the standard magazine which the handgun was designed to hold, irrelevant as to any new laws being passed prior to judicial review of this court, and which are not banned under Federal Law.

**FURTHERMORE,** a conclusion of law that the above cited California Penal Code sections interfere with Plaintiff's rights to purchase, own, and possess a variety of semi-automatic handguns and rifles with magazines holding more than 10 rounds of ammunition, and that these laws and policies are *per se* an unconstitutional as it is a prior restraint on arms protected under the Second Amendment, and are in clear violation of Plaintiff's Second and Fourteenth Amendment rights and the Supreme Court's holdings in *United States v. Miller*, 307 U. S. 174 (1939); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010);  *Caetano v. Massachusetts*, 577 U.S. 411 (2016); and, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. ____ (2022).

Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those duly sworn state peace officers and federal law enforcement officers who gain knowledge of this injunction order or know of the existence of this injunction order, must be enjoined from implementing or enforcing California Penal Code sections the Unsafe Handgun Act (Cal. Penal Code §§ 31910, 32015(a)) and its progeny the Crime Gun Identification Act ("CGIA"). Assem. B. 1471, 2007-2008 Leg., Reg. Sess. § 1 (Cal. 2007). Non-Roster Handguns (Unsafe Handguns) (Penal Code, § 32000.)

8

**FURTHERMORE,** Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those duly sworn state peace officers and federal law enforcement officers who gain knowledge of this injunction order or know of the existence of this injunction order, must be enjoined from implementing or enforcing the ammunition sales background check provisions found in California Penal Code §§ 30370(a) through (d) and 30352, and the ammunition anti-importation provisions found in §§ 30312(a) and (b), and 30314(a) as well as the criminal enforcement of California Penal Code §§ 30365, 30312(d) and 30314(c).

Plaintiff is likely to succeed on the merits.

Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages alone as in order to exercise a right, the necessary tools must be returned to exercise such a right.

Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for injunctive and declaratory relief.

The Second Amendment is the only right which requires access and ownership of a specific type of property (i.e. gun, knife, taser, etc.). To exercise this right, it essentially includes the right to have access to "arms" by way of sale or self-manufacture.

A bond is not necessary the Court can make the determination whether the statute is constitutional as-written and as-applied.

This motion is based on this notice of motion and motion, the memorandum of points and authorities filed in support, and supporting declarations. This motion is also based on the

1    pleadings and records already on file, and on any further matters the Court deems appropriate.

2                                           Respectfully submitted,
                                            LAW OFFICES OF GARY W. GORSKI
3    DATED: December 5, 2023                 /s/ Gary W. Gorski
4                                            GARY W. GORSKI
                                            Attorney for Plaintiff Arnold Abrera

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28