**Gary W. Gorski CBN: 166526**
**Attorney at Law**
*VETERANS LAW CENTER*
3017 Douglas Blvd., Suite 150
Roseville, CA  95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com
www.VeteransLawCenter.com

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**
*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
Fax: (916) 520-3930

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>            plaintiff,<br>    v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE;<br><br>            defendants. | No.  2:22-cv-1162 JAM DB<br><br>**ORDER [PROPOSED] RE: PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND DECLARATORY RELIEF AGAINST DEFENDANTS**<br><br>**Date:** January 9, 2024<br>**Time:** 1:30 p.m.<br>**Courtroom:** 6<br>**Judge:** The Honorable John A. Mendez<br>**Location:** Courtroom 27, 8th floor<br>501 I Street<br>Sacramento, CA<br>**Trial Date: None Set**<br>**Action Filed: July 5, 2022** |

**ORDER [PROPOSED]**

The above referenced matter came before the Court on January 9, 2024, 1:30 p.m., before the Honorable Judge John A. Mendez, presiding. Plaintiff Arnold Abrera's motion for a preliminary injunction and declaratory relief is granted regarding the return of six firearms and injunctive and declaratory relief:

**IT IS HEREBY ORDERED AND ADJUDGED** that:

1. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for injunctive and declaratory relief.

2. The Court finds that Plaintiff has Article III standing as presented in his motion and reply.

3. Because Plaintiff committed no crime and was not a danger to himself or others, Plaintiff's Second Amendment rights were violated when his six firearms listed below were seized.

4. Statutes relied upon by defendants by seizing and holding his firearms indefinitely are unconstitutional on their face, Plaintiff has met his burden regarding declaratory and injunctive relief to invalidating the statutes relied upon for depriving Plaintiff of his Second Amendment Rights and Defendants are hereby enjoined in their application under the facts and circumstances as applied to Plaintiff.

5. The following laws are declared unconstitutional in direct conflict with the Second Amendment:

    a. FIREARM SEIZURES: Cal. Welf. & Inst. Code, §§ 5150, 5151, 8102, 8103 violates the Second Amendment. There is no historical analog embracing this regulatory scheme.

    b. SEMI-AUTOMATIC RIFLE BAN: Cal. Pen. Code §§ 30510(a), 30515(a), 30515(a)(1)(A-C), 30515(a)(1 )(E-F), 30515(a)(3), 30520, 30600, 30600(a),

30605, 30605(a), 30925, 30945, and California Code of Regulations, title 11, section 5499; California Penal Code §§ 30515(a)(1) through (8) (defining an "assault weapon" by prohibited features), 30800 (deeming certain "assault weapons" a public nuisance), 30915 (regulating "assault weapons" obtained by bequest or inheritance), 30925 (restricting importation of "assault weapons" by new residents), 30945 (restricting use of registered "assault weapons"), and 30950 (prohibiting possession of "assault weapons" by minors). California Penal Code §§ 18005, 18010 destruction of arms and magazines violates the Second Amendment. There is no historical analog embracing this regulatory scheme.

c. "LARGE-CAPACITY MAGAZINE" BAN: Cal. Pen. Code §§ 16740, 32310 violates the Second Amendment. There is no historical analog embracing this regulatory scheme.

d. HANDGUN BAN, UNSAFE HANDGUN LIST AND MICROSTAMPING: California's statutory and regulatory scheme pursuant to Cal. Pen. Code § 31910. Cal. Penal Code §§ 16380, 16900, 31900 et seq., 31910, 32000, 32015, 32030, and 11 Cal. Code Regs. § 4070(a) violates the Second Amendment. There is no historical analog embracing this regulatory scheme. There is no historical analog embracing this regulatory scheme.

e. AMMUNITION BAN: Cal. Penal Code § 30312(a)-(b), § 30314 violates the Second Amendment. There is no historical analog embracing this regulatory scheme.

f. APPLICATION FOR RETURN OF FIREARMS: Cal. Penal Code §§ 33850, 33855, 33860, 33880 violates the Second Amendment. There is no historical analog embracing this regulatory scheme.

6. **The Court finds irreparable injury** is presumed.

7. Plaintiff is likely to succeed on the merits.

8. Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

9. Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages.

10. The Court finds that a bond is not necessary and is in the public interest not to require a bond.

11. The above statutory provisions are hereby declared unconstitutional and shall be enjoined. Judgment is entered in favor of Plaintiff as to his claim for declaratory relief and Defendants are hereby enjoined.

12. Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those county and municipal entities and policy makers who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing the above statutory provisions.

13. Defendant Attorney General Rob Bonta shall provide forthwith, by personal service or otherwise, actual notice of this order to all state and local agencies. Within 10 days, the government shall file a declaration establishing proof of such notice.

14. Defendants shall immediately return Plaintiff's firearms, forthwith and no application or fee shall be required as a condition for the return. The firearms to be returned to Plaintiff are as follows: One (1) Glock, Inc., Model 17, 9mm Cal., Serial No. BBDW312; One (1) Sig Sauer Model SP2022, .40 Cal., Serial No. 24B245366; One (1) Sig Sauer Model

SP2022, 9mm Cal., Serial No. 24B245997; One (1) Sturm, Ruger & Co., Model LC380CA, .380 Cal., Serial No. 32653888; One (1) Del-Ton Inc., Model DTI 15, 5.56 Cal., Serial No. B6215; and, One (1) Roggio Arsenal, Model RA L5, Multi-Caliber, Serial No. RA09011623.

15. To the extent that any of Plaintiff's firearms have been destroyed, Plaintiff shall have the option to purchase similar arms, without restriction, except that which is limited by federal law.

**IT IS SO ORDERED**

Date: _____          _____
                                **HON. JOHN A. MENDEZ**
                                United States District Judge