ROB BONTA, State Bar No. 202668
Attorney General of California
ANYA M. BINSACCA, State Bar No. 189613
Supervising Deputy Attorney General
JAY C. RUSSELL, State Bar No. 122626
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3617
 Fax:  (415) 703-5843
 E-mail:  Jay.Russell@doj.ca.gov
*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>                          Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE,<br><br>                          Defendants. | Case No. 2:22-cv-01162-JAM-DB<br><br>**STATE DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date:          January 9, 2024<br>Time:          1:00 p.m.<br>Courtroom:  6<br>Judge:         The Honorable John A. Mendez<br>Trial Date:   None Set<br>Action Filed: July 5, 2022 |

1

The Court should dismiss Plaintiff Arnold Abrera's First Amended Complaint because its prolix allegations fail to clearly and concisely state any viable claim for relief or any constitutional violation, including claims for alleged equal-protection violations. Moreover, Abrera's claims have been or are being addressed in state court, or are otherwise moot, and this Court should decline to exercise jurisdiction.

For all these reasons, the Court should grant the State Defendants motion to dismiss the First Amended Complaint.

### I.  PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH THAT THE FIRST AMENDED COMPLAINT IS A SHORT AND PLAIN STATEMENT ESTABLISHING JURISDICTION AND GROUNDS FOR RELIEF.

As established in the State Defendants' opening brief (ECF No. 54), Abrera's complaint should be dismissed under Federal Rule of Civil Procedure 8 because it does not clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996).

In response, Abrera concedes that "[m]any of the averments plead [sic] are unrelated to moving Defendants," but that he "is also seeking a systemic or institutional injunction against the State, which goes well beyond the statutes." (Pl.'s Opp'n to State Defs.' Mot. to Dismiss (Pl.'s Opp'n) at 4.) Defendants can only guess at the meaning of Abrera's assertion that the injunction sought "goes well beyond the statutes," or what a "systemic or institutional injunction" might entail. Such vague and imprecise statements by themselves are grounds to grant the Rule 8 motion.

Abrera fails to provide any substantive response to Defendants' arguments concerning the application of Rule 8 and the complaint's deficiencies. Abrera does nothing to clarify the "mix of potential claims" made in his complaint or to establish which laws are "facially flawed," apart from reiterating all the laws cited in his complaint. *See* Pl.'s Opp'n at 4 ("[T]here is no guess as to what laws are being facially challenged," because they allegedly "are spelled out" in over 50 paragraphs of the complaint's allegations).

Abrera's challenge to numerous California laws, and the grounds on which they allegedly violate the Constitution both as applied and on their face, is not clearly articulated. Given these flaws, the complaint should be dismissed for failure to comply with Rule 8.

## II. GIVEN THE STATE COURT PROCEEDINGS, THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION.

In his opposition, Abrera contends that there are no *in rem* proceedings "pending," and that Defendants' reference to Abrera's application for the return of firearms has somehow "misguided" the Court. Pl.'s Opp'n at 4. But Defendants rely on Abrera's own allegations concerning his action for the return of firearms. Pl.'s First Am. Compl. ¶¶ 73-81, 94-98. And regardless of whether those proceedings are pending or resolved, this Court should decline jurisdiction.

The Supreme Court has long recognized that in actions concerning property (i.e., *in rem* proceedings) exclusive jurisdiction in one court is necessary "to avoid unseemly and disastrous conflicts in the administration of our dual judicial system . . . and to protect the judicial processes of the court first assuming jurisdiction." *Penn Gen. Casualty Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195, (1935) (citations omitted); *In re Seizure of Approximately 28 Grams of Marijuana,* 278 F. Supp. 2d 1097, 1101 (N.D. Cal. 2003). That exclusive jurisdiction arises upon the action being commenced and does not depend on the status of the case's outcome. *In re Seizure of Approximately 28 Grams of Marijuana*, 278 F. Supp. 2d 1102 (declining jurisdiction with state property seizure proceedings pending); *see also Scarabin v. DEA,* 966 F.2d 989, 993 (5th Cir. 1992) ("A federal agency cannot obtain jurisdiction over the res . . . when a state court obtains jurisdiction first").

Whether or not "*in rem* proceedings [are] currently 'pending'" (Pl.'s Opp'n at 5), this Court should abstain from exercising jurisdiction. If Abrera's application remains pending, abstention under *Pennsylvania* and *Younger v. Harris,* 401 U.S. 37, 43-45 (1971) is appropriate. If the application is no longer "pending" because it has been fully adjudicated, that decision cannot be disturbed under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the [*Rooker-Feldman*] doctrine is to protect state judgments from collateral federal attack. Because

district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Dist. of Columbia v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Abrera's application in state court will resolve whether he can legally possess the firearms in question. Given those proceedings (whether pending or adjudicated), there are no grounds for the Court to exercise jurisdiction here, and Defendants' motion should be granted.

### III. GOVERNOR NEWSOM HAS COMPLETE SOVEREIGN IMMUNITY FROM PLAINTIFF'S CLAIMS.

Abrera spends the majority of his opposition arguing that Governor Newsom is not immune to his claims because he "seeks prospective injunctive relief" (Pl.'s Opp'n at 5), and because Governor Newsom's alleged "actions in pushing and signing laws that blatantly violate the Second Amendment represent a brazen assault" on the Constitution. *Id.* at 7. Setting aside Abrera's inflammatory language, his opposition misses the mark: there are, nor can there be, any allegations that Governor Newsom was involved in the actions that allegedly violated Abrera's Second Amendment rights, namely, the confiscation of illegal weapons under Welfare and Institutions Code section 8102. Abrera's claims are thus barred under the doctrine of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 1000 (1984) (holding that the Eleventh Amendment "bars a suit against state officials when the state is the real, substantial party in interest").

In opposition, Abrera continues to repeat the generalized claim that the Governor "signed new gun laws" that do not align with Abrera's concepts of what weapons should be available to the public and who should be permitted to have them. But as noted in the opening brief (ECF No. 74-1 at 9-10), claims of having exercised executive authority are insufficient for overcoming Eleventh Amendment sovereign immunity. *See Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (noting that actions for declaratory and injunctive relief against state officers survive sovereign immunity only where "it is plain that such officer must have some connection with the

enforcement of the act"). Sovereign immunity therefore bars Plaintiffs' declaratory and injunctive relief claims against Governor Newsom. He should be dismissed.

### IV. PLAINTIFF'S EQUAL PROTECTION CLAIMS FAIL.

Abrera opposes the State Defendants' motion to dismiss his Equal Protection claims by asserting, without legal support, that their alleged "policies and practices surrounding gun laws create a disparate treatment between law enforcement officers and the general public." Pl.'s Opp'n at 9. This argument suffers from the same incoherence as the complaint in general, and should be rejected under Rule 8. Even so, if Abrera is arguing that there should be no distinction between peace officers and "the general public" concerning the ability to carry weapons (which is what he appears to argue), the argument fails.

Peace officers may be treated differently than the "general public." In *Gallinger v. Becerra* 898 F.3d 1012 (9th Cir. 2018), individuals with permits to carry concealed weapons challenged the law banning possession of firearms on school grounds and within school zones, with an exception for peace officers, both active and retired. *Gallinger v. Becerra,* 898 F.3d at 1014. In rejecting the challenge that the law violated the equal-protection rights of concealed weapons permit holders, the Ninth Circuit affirmed the district court's holding that plaintiffs could not establish a violation of the Equal Protection Clause because there exists a rational basis for excluding peace officers from the law and plaintiffs "failed to present evidence of explicit legislative intent to cause harm to civilian gun owners." *Gallinger* at 1020. Nor did the Ninth Circuit "credit conclusory allegations of law . . . unsupported by specific factual allegations." *Id.,* (citing *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017)).

The same holds true here, and Abrera's factually and legally unsupported argument fails.[1] There is no cogently stated equal protection claim, and Defendant's motion to dismiss should be granted.

---

[1] Abrera reasserts his inflammatory and irrelevant assertions concerning abortion rights in his opposition, arguing that Governor Newsom is somehow "treating the Second Amendment differently than [these] rights." These unsupported and irrelevant claims should be rejected here, and stricken from the First Amended Complaint.

### V. PLAINTIFF'S CAUSE OF ACTION CHALLENGING CODE OF CIVIL PROCEDURE SECTION 1021.11 IS MOOT.

Finally, Abrera argues that his claims concerning Code of Civil Procedure section 1021.11 are not moot because that law is "still on the books." Pl.'s Opp'n at 12. Abrera either misconstrues or simply ignores the effect of the district court's ruling in the consolidated cases of *Miller v. Bonta* and *South Bay Gun Club v. Bonta,* and his arguments should be rejected.

In *Miller v. Bonta*, No. 22-cv-1446-BEN-MDD, and *South Bay Rod & Gun Club, Inc. v. Bonta*, 646 F. Supp. 3d 1232 (S.D. Cal. Mar. 20, 2023), the district court's final judgment declared California Code of Civil Procedure section 1021.11 unconstitutional and permanently enjoined the Governor, Attorney General, and anyone "in active concert or participation with them who receive actual notice of this injunction order" from using the law's fee-shifting provision in any action. *South Bay Rod & Gun Club*, 646 F. Supp. 3d at 1245. That final judgment moots Abrera's claims here. *Sea-Land Service, Inc. v. Int'l Longshoremen's and Warehousemen's Union*, 939 F.2d 866, 870 (9th Cir. 1991). Given the final and permanent injunction issued in *Miller* and *South Bay Rod & Gun Club,* there no longer exists any law "for the court to declare unconstitutional or to enjoin," and it "could not be clearer that this case is moot." *Givens v. Newsom,* 629 F. Supp. 3d 1020, 1025 (E.D. Cal. 2022) (citing *Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022); *see also Abrera v. Newsom,* No. 22-16897 (9th Cir. Aug. 14, 2023) (granting motion to dismiss for mootness). And because the district court's order permanently enjoins the State Defendants and anyone acting "in active concert with them" (such as the remaining municipal Defendants) from enforcing section 1021.11, neither the voluntary cessation or "capable of repetition while evading review" exceptions to mootness apply. *See Givens,* 629 F. Supp. 3d at 1025-27.

There is no longer a justiciable controversy concerning California Code of Civil Procedure section 1021.11, as its enforcement has been completely and permanently enjoined in all respects. Abrera's claims concerning its application are moot, and Defendants' motion should be granted.

# CONCLUSION

For these reasons, the State Defendants urge the Court to grant their motion to dismiss the First Amended Complaint.

Dated: December 21, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Jay C. Russell*

JAY C. RUSSELL
Deputy Attorney General
*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

SA2022303127/44003623.docx

# CERTIFICATE OF SERVICE

Case Name:   *Abrera, Arnold v. Gavin Newsom, et al.*
Case No.     **2:22-cv-01162-JAM-DB**

I hereby certify that on December 21, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 21, 2023, at San Francisco, California.

|  |  |
|---|---|
| G. Pang | |
| Declarant | Signature |

SA2022303127/44003643.docx