**Gary W. Gorski CBN: 166526**
**Attorney at Law**
*VETERANS LAW CENTER*
3017 Douglas Blvd., Suite 150
Roseville, CA  95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com
www.VeteransLawCenter.com

**Daniel M. Karalash CBN: 176421**
**Attorney at Law**
*STRATEGIC LAW COMMAND*
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
Fax: (916) 520-3930

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>              plaintiff,<br>    v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE;<br><br>              defendants. | No.  2:22-cv-1162 JAM DB<br><br>**PLAINTIFF'S REPLY OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR FOR PRELIMINARY INJUNCTION FILED JOINTLY BY DEFENDANTS ANNE MARIE SCHUBERT, COUNTY OF SACRAMENTO, CITY OF ELK GROVE, BOBBY DAVIS AND JONATHAN P. HOBBS**<br><br>**Date:** January 9, 2024<br>**Time:** 1:30 p.m.<br>**Courtroom:** 6<br>**Judge:** The Honorable John A. Mendez<br>**Location:** Courtroom 27, 8th floor<br>501 I Street<br>Sacramento, CA<br>**Trial Date: None Set**<br>**Action Filed:** July 5, 2022 |

1

**REPLY**

The ongoing retention of two handguns registered under Mr. Abrera's name, two additional handguns in which he possesses a community interest, and two semi-automatic rifles that are legal under federal law, all unequivocally belonging to Mr. Abrera and entirely disconnected from any criminal activity, violence, or suicide, represents not just an unfounded action but a direct assault on the Second Amendment. This baseless confiscation, starkly lacking any legal or rational basis, amounts to a flagrant and egregious violation of Mr. Abrera's constitutional rights.

Such retention by the Defendants, in the face of clear evidence of legal ownership and the absence of any incriminating circumstances, undermines the very essence of the Second Amendment. The right to keep and bear arms, as enshrined in the Constitution, is a fundamental liberty that the state cannot infringe upon without substantial justification. In Mr. Abrera's case, the lack of any legitimate reason for the continued withholding of his firearms demonstrates a severe breach of this constitutional provision.

This situation not only challenges the individual rights of Mr. Abrera but also sets a dangerous precedent if left unaddressed. It signals a concerning trend where lawful gun ownership can be arbitrarily disrupted by state action without due cause, threatening the rights of all law-abiding gun owners. Therefore, the immediate redress of this situation is imperative, not only to restore Mr. Abrera's rights but also to uphold the integrity of the Second Amendment and protect the constitutional liberties of all citizens.

This Court must, therefore, acknowledge the profoundly erroneous nature of their ongoing retention of the firearms and mandate their prompt restitution to Mr. Abrera, aligning its decision with the tenets of the Supreme Court's holdings in *United States v. Miller*, 307 U. S. 174 (1939); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742

(2010); *Caetano v. Massachusetts*, 577 U.S. 411 (2016); and, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. \_\_\_\_ (2022).

## ARGUMENT

The facts of this case stand unchallenged and irrefutable; the Defendants have made no effort to dispute them, <u>nor have they provided any evidence justifying the continued non-return of Mr. Abrera's firearms</u>. In fact, it appears they cannot furnish such justification. Instead, their strategy has been one of obfuscation and delay, relying on legal maneuvers rather than addressing the core issue at hand. This approach not only sidesteps the fundamental question of why Mr. Abrera's legally owned firearms remain in their possession but also flies in the face of due process and the holdings in *Miller, Heller, McDonald, Caetano* and *Bruen*. Their reliance on legal artifices, rather than confronting the undeniable facts, underscores the weakness of their position and the absence of any legitimate reason for withholding Mr. Abrera's property.

The opposition from the Defendants, notably lacking in substantive legal or factual justification for the non-return of Mr. Abrera's handguns, fails to address the core constitutional issues at play, underscoring a disregard for Mr. Abrera's fundamental rights (i.e., return of arms without haste, similar to 18 U.S.C.S. § 924(d)(1)-(2)).

***Defendants' Unexplained Retention of Firearms:*** The Defendants have not provided any legal or factual basis for their continued possession of Mr. Abrera's firearms, notably the handguns, which are presumptively protected under the *Heller* decision. This omission not only violates Mr. Abrera's Second Amendment rights but also raises serious concerns regarding due process and the arbitrary nature of the Defendants' actions.

The conduct exhibited by the Elk Grove Defendants and the District Attorney Defendants in Mr. Abrera's case is not only deeply concerning but indicative of a flagrant disregard for constitutional safeguards. The absence of any articulated legal or factual basis for retaining Mr.

Abrera's handguns, particularly after the dismissal of charges, starkly illustrates their arbitrary and capricious actions, amounting to a severe violation of Mr. Abrera's rights under the Second Amendment.

***Violation of Due Process and Second Amendment Rights****:* The initial seizure of Mr. Abrera's firearms was executed without any substantiated evidence of criminal conduct or threat, representing a gross violation of his due process rights. The continuous refusal to return these firearms only exacerbates this infringement, demonstrating a blatant disregard for the Second Amendment's protections.

***Systematic Overreach and Lack of Transparency:*** The combined actions of the Elk Grove Defendants and the District Attorney Defendants in Mr. Abrera's case reveal a disturbing pattern of overreach and opacity.

***Unjustified Seizure Policy***: The Defendants' alleged policy of seizing all firearms from a household if one person is detained, as detailed in the First Amended Complaint (paragraph 243), is executed without the requisite legal warrants, contravening the Fourth Amendment. This policy is executed without clear rationale or justification, undermining its legality and raising serious concerns about its legitimacy.

***Procedural Irregularities in Welfare & Institutions Code § 8102 Action:*** The handling of the Welfare & Institutions Code § 8102 petition by the City of Elk Grove, especially the notable absence of naming Mr. Abrera as a perty, and thus failing to have a summons issued and served upon Mr. Abrera, is a glaring due process violation.

***Deliberate Exclusion of Mr. Abrera:*** The intentional exclusion of Mr. Abrera from the Welfare & Institutions Code § 8102 petition, despite his clear ownership of the firearms, is inexcusable, nor do defendants attempt to explain why.

The approach taken by the Elk Grove Defendants in this case not only infringes upon Mr. Abrera's constitutional rights but also sets a dangerous precedent that threatens public trust in the legal system. The Court must take a firm stand against these violations. The lack of legal justification for the continued retention of Mr. Abrera's firearms, particularly in light of the dismissal of related criminal charges and his clear ownership rights, demands immediate redress. This case calls for a decisive judicial response to rectify these grave injustices, uphold the rule of law, and protect the constitutional rights of Mr. Abrera. It is imperative that the Court not only denounces these actions by way of declaratory relief but also issue an order to ensure the prompt return of Mr. Abrera's firearms and to prevent such flagrant violations from occurring in the future.

***Historical Context of Second Amendment:*** The retention of Mr. Abrera's firearms contradicts the historical underpinnings of the Second Amendment, established during the Founding Era and reinforced during the Reconstruction Period. The Defendants' actions mirror the governmental overreach the Amendment was designed to prevent and disregard the protections intended to be afforded to individuals against state infringements.

**I. Mandatory vs. Prohibitory Injunction**

Contrary to the Defendants' characterization, Mr. Abrera's request aligns with a prohibitory injunction. He seeks to restore the *status quo* ante by reclaiming his unlawfully seized firearms, thereby preventing ongoing constitutional violations.

**II. Strong Likelihood of Success**

Mr. Abrera demonstrates a substantial likelihood of success. The seizure of his firearms, absent any criminal activity or threat, blatantly infringes upon his Second Amendment rights and violates due process.

### III. Misapplication of *Rooker-Feldman* Doctrine and Issue Preclusion

The Defendants incorrectly invoke the *Rooker-Feldman* doctrine. Mr. Abrera is challenging the unconstitutional actions of the Defendants, not appealing a state court decision, thus federal court jurisdiction is appropriate.

### IV. Standing for Facial Challenges

Mr. Abrera's challenge is not a broad attack on California statutes but a specific one against their application in his unique situation. His standing is evidenced by the direct impact of the seizure on his rights.

### V. Injunctive Relief Against Enforcement of Criminal Statutes

Mr. Abrera's motion is not a sweeping endeavor to obstruct the enforcement of criminal statutes across the board. Instead, it precisely targets the unconstitutional application of these statutes in his unique situation at this stage of the proceeding. The central aim of this motion is to rectify the specific legal injustices inflicted upon Mr. Abrera, particularly focusing on the return of his firearms.

This targeted approach is rooted in the principle that while laws are designed to maintain order and safety, their application must always adhere to constitutional standards. In Mr. Abrera's case, the application of these statutes has led to an infringement of his fundamental rights under the Constitution. The motion seeks to challenge and overturn these specific instances of overreach and misapplication, thereby restoring Mr. Abrera's constitutionally protected rights.

The return of Mr. Abrera's arms, therefore, is not merely a procedural matter but a necessary correction to align with constitutional mandates. It represents the restoration of his rights under the Second Amendment, which have been unduly infringed upon by the overreaching application of the law.

### VI. Standing for Injunctive Relief

The ongoing violation of Mr. Abrera's constitutional rights, coupled with the continued possession of his firearms by the Defendants, establishes a clear injury, affirming his standing for injunctive relief.

### VII. Irreparable Harm and Balance of Equities

The ongoing deprivation of Mr. Abrera's Second Amendment rights undeniably constitutes irreparable harm. The balance of equities and public interest heavily favor upholding these fundamental rights.

### VIII. Plaintiff Incorporates His Opposition To Defendants' Motion To Dismiss.

Plaintiff hereby incorporates his opposition, *in toto,* to Defendants motion to dismiss.

### CONCLUSION

The Defendants' opposition fails to justify the continued retention of Mr. Abrera's firearms, particularly in light of the dismissal of related charges and the absence of any legal rationale for retention, underlines the necessity for this Court's intervention. This Court should recognize the severity of these constitutional violations and take decisive action to ensure the return of Mr. Abrera's firearms, thereby protecting his fundamental rights under established legal precedents as mandated by *Bruen*.

DATED: December 26, 2023

Respectfully submitted,
LAW OFFICES OF GARY W. GORSKI
*/s/ Gary W. Gorski*
GARY W. GORSKI
Attorney for Plaintiff Arnold Abrera