UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE,<br><br>　　　　Defendants. | No.  2:22-cv-01162-JAM-DB<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SACRAMENTO AND ANNE MARIE SCHUBERT'S MOTION TO DISMISS; GRANTING DEFENDANT GAVIN NEWSOM AND ROB BONTA'S MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY AND PERMANENT INJUNCTION** |

　　　Defendants move this Court for an Order dismissing Plaintiff Arnold Abrera's ("Plaintiff") eighty-one (81) page, five hundred and six (506) paragraph First Amended Complaint ("FAC"). For the reasons set forth below, the Court grants Defendants' motions and

1

1  dismisses the FAC with leave to amend. Further, the Court denies
2  Plaintiff's motion for equitable and declaratory relief and a
3  preliminary and permanent injunction.[1]  Pl.'s Mot., ECF No. 56.

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's firearms, four semi-automatic handguns and two semi-automatic rifles, were seized from his home after officers responded to a suicide threat from Plaintiff's wife. FAC ¶¶ 1, 67. Plaintiff legally purchased two of the semi-automatic handguns and the two semi-automatic rifles in California in or around 2016. Id. ¶ 68.  The other two handguns were purchased by Plaintiff's wife, but Plaintiff has a community property interest in them. Id. ¶ 69.  The remainder of the facts and causes of action set forth in the FAC are not concise, clear, straightforward or direct.

As best the Court can tell, Plaintiff claims that after seizure of the firearms, there were various state court proceedings initiated by both Plaintiff and the government. Plaintiff apparently was criminally charged with possession of two rifles not legal in California. At or near the same time, Plaintiff attempted to have all six firearms returned to him. Id. at 15-17.  The criminal complaint was ultimately dismissed, however, not all of Plaintiff's firearms have been returned to him. Id. ¶ 94.  It is not clear from the FAC which, if any, firearms have been returned to Plaintiff.

Plaintiff's FAC contends various California gun control laws

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 9, 2024.

are unconstitutional.  See FAC.  Plaintiff's FAC sets forth his strong belief in an individual's right to bear arms and rails against a whole host of California's laws, regulations, and policies that he believes infringe on this Second Amendment right.  Id.  Plaintiff alleges "California's laws and regulations and defendants' policies and practices have a single goal, which is to repeal the Second Amendment without the approval of three-fourths of the States."  Id. ¶ 144.

On September 22, 2022, all parties in this action stipulated to a partial stay of the case, pending the outcome of a motion for return of firearms in state court.  Order of Stay, ECF No. 18.  The Order directed Plaintiff to "notify the court when the related state proceedings have completed, and whether he plans to proceed with the First Amended Complaint or move to amend the complaint."  Id.  On September 27, 2023, Plaintiff filed a "Notice of End of Stay" with the Court.  Not., ECF No. 46.  The Notice does not contain any information as to whether the state proceedings have completed.  Thus, the Court is still unaware whether the state proceedings are ongoing or if any pending state court matters will have any effect on the claims pled in the FAC.

Defendants Anne Marie Schubert, in her official capacity as County of Sacramento District Attorney, and County of Sacramento ("County Defendants") seek to dismiss Plaintiff's FAC on numerous grounds.  County Defendants' Mot. (County's Mot."), ECF No. 51; County's Mem. P. & A., ECF No. 51-1.  Further, in a footnote, County Defendants state, "[a]rguably, the FAC violates Rule 8 of the Federal Rules of Civil Procedure . . . . the Court has the

1  power to dismiss a complaint in its entirety where violations of
2  FRCP 8's 'short and plain' requirement are 'egregious.'"  See
3  County's Mem. P. & A. at footnote 2 (citing Fed. R. Civ. P. 8;
4  United States v. Lockheed-Martin Corp., 328 F.3d 374, 377-78 (7th
5  Cir. 2003); McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir.
6  1996); Fed. R. Civ. P. Rule 41(b).  Defendants Bobby Davis and
7  Jonathan P. Hobbs, in their official capacities, and the City of
8  Elk Grove ("City Defendants") filed a joinder to the County's
9  motion, adopting all arguments, facts, and points and authorities
10 submitted by County Defendants.  Joinder, ECF No. 53.
11     Defendants Gavin Newsom and Rob Bonta, in their official
12 capacities, ("State Defendants") also seek to dismiss Plaintiff's
13 FAC on the grounds that, among other reasons, Plaintiff fails to
14 comply with Rule 8.  State Defendants' Mot. ("State's Mot."), ECF
15 No. 54; State's Mem. P. & A., ECF No. 54-1.  State Defendants
16 contend, "[t]he entire [FAC] should be dismissed because its
17 prolix, indecipherable allegations do not comply with Federal
18 Rule of Civil Procedure 8(a)(2). . . ."  Id. at 4:10-11.  State
19 Defendants argue Plaintiff's "vague and ambiguous assertions
20 require the State Defendants and the Court to sift through
21 extraneous allegations to guess whether relevant and potentially
22 answerable allegations might be hiding somewhere in the
23 pleadings."  Id. at 4-5.
24     Plaintiff objects to these motions. Plaintiff also brings a
25 separate motion for equitable and declaratory relief, as well as
26 a preliminary and permanent injunction.  Opp'n to County's Mot.,
27 ECF No. 63; Opp'n to State Defendant's Mot., ECF No. 62; Pl.'s
28 Mot. for Preliminary Inj. ("Pl.'s Mot."), ECF No. 56.

4

## II.  OPINION

### A.  Legal Standard

Under Federal Rules of Civil Procedure Rule 8(a)(2), complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states: "Each allegation [of a pleading] must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  There is a practical reason behind Rule 8.  If a plaintiff fails to comply with the "short and plain statement" requirement, judicial economy and the merits of the plaintiff's claims may be at risk. Id. at 1180.

In requiring each allegation to be "simple, concise, and direct," Rule 8(d) "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

### B.  Judicial Notice

Plaintiff requests the Court take judicial notice of state court records in ruling on the motions.  Req.'s for Judicial Notice, ECF Nos. 57, 65.  The Court did not rely on these documents in ruling on the instant motions and therefore denies as moot Plaintiff's requests.  See Sikhs for Justice "SFJ", Inc. vg. Facebook, Inc., 144 F.Supp.3d 1088, 1091 n.1 (N.D. Cal. 2015).

5

C.  Discussion

   1.  Failure to Comply with Federal Rules of Civil Procedure Rule 8

Plaintiff's FAC consists of roughly thirty (30) pages of introduction, historical background of gun laws, regulations, and policies in California, the United States, and the Philippines, and scattered facts surrounding the underlying action.  Fifty (50) pages of the FAC contain the thirteen (13) claims for relief.  The FAC fails to make clear connections between specific allegations and individual Defendants and does not "provide defendants notice of what legal claims are asserted against which defendants."  McHenry at 1175-1176.  "The purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes."  Id.  Plaintiff's FAC is "argumentative, prolix, replete with redundancy, and largely irrelevant" and "consists largely of immaterial background information."  Id. at 1177. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  Id. at 1180.

Therefore, under Rule 8, Defendants' motions to dismiss are granted and the FAC is dismissed in its entirety.  Defendants have not shown that amendment would be futile so Plaintiff is granted leave to amend.  In the Second Amended Complaint Plaintiff should focus on "linking [his] factual allegations to actual legal claims."  Id. at 1176.

        2.    <u>Plaintiff's Motion Denied as Moot</u>

With no operative complaint, Plaintiff's motion for equitable and declaratory relief and a preliminary and permanent injunction is denied as moot. <u>Silvas v. G.E. Money Bank</u>, 449 F. App'x 641, 645 (9th Cir. 2011); <u>Performance Designed Prod. LLC v. Plantronics</u>, Inc., No. 3:19-CV-00536-GPC-LL, 2019 WL 3082160, at *8 (S.D. Cal. July 15, 2019).

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' motions and dismisses without prejudice Plaintiff's FAC in its entirety.  The Court DENIES as moot Plaintiff's request for equitable and declaratory relief and a preliminary and permanent injunction.

Plaintiff is granted twenty (20) days from the date of this order to file an amended complaint. Defendants shall file their responsive pleadings to this Second Amended Complaint within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: January 24, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7