1

**P O R T E R | S C O T T**

2
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301

3
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500

4
Sacramento, California 95815
TEL: 916.929.1481

5
FAX: 916.927.3706

6

Attorneys for Defendants

7
COUNTY OF SACRAMENTO and ANNE MARIE SCHUBERT
*Exempt from Filing Fees Pursuant to Government Code § 6103*

8

9
UNITED STATES DISTRICT COURT

10
EASTERN DISTRICT OF CALIFORNIA

11
ARNOLD ABRERA,                                      CASE NO.  2:22-cv-01162-DAD-DB

12
                    Plaintiff,          **DEFENDANTS ANNE MARIE SCHUBERT**

13
                                        **AND COUNTY OF SACRAMENTO'S**
                                        **MEMORANDUM OF POINTS AND**

14
v.                                      **AUTHORITIES IN SUPPORT OF MOTION TO**
                                        **DISMISS PLAINTIFF'S SECOND AMENDED**

15
GAVIN NEWSOM,  in his official capacity **COMPLAINT**

16
as Governor of the State of California; et al.,

17
                    Defendants.         Date:   May 21, 2024
                                        Time:  1:30 p.m.

18
                                        Courtroom: 4

19
                                        Complaint Filed:  7/5/22

20
_____/    First Amended Complaint filed: 9/2/22
                                        Second Amended Complaint filed: 2/13/24

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I.    INTRODUCTION/ALLEGATIONS/CLAIMS .................................................. 1

II.   STANDARD ................................................................................................ 4

III.  ARGUMENT ............................................................................................... 4

      A. The Court should decline jurisdiction under *Penn General* ........................................... 4

      B. Alternatively, Rooker/Feldmand Abstention applies ........................................ 6

      C. Collateral Estoppel/Issue Preclusion ................................................................. 6

      D. The claims are no ripe because Plaintif has not alleged compliance with California
         Penal Code Sections 12021.3.1 and 33850 to legally lay title to the two rifles.............. 6

      E. Plaintiff does not have Article III standing for Facial challenges and/or the Second
         Amendment does not protect the right to possess specific firearms ............................. 8

      F. Plaintiff's claims against the District Attorney in her official capacity for prosecuting
         crimes and any claimed policies for gun prosecution is tantamount to an action against
         the State of California, to which Monell does not apply ................................................ 11

      G. Plaintiff's claims for damages are barred by Eleventh Amendment Immunity............. 12

      H. Declaratory relief against the District Attorney is not appropriate under the Ex Parte
         Young doctrine exception to Eleventh Amendment immunity ..................................... 13

      I. Plaintiff's claims challenging California Code of Civil Procedures 1021.1 should be
         dismissed as moot ........................................................................................... 14

      J. The Fifteenth and Sixteenth Claims as arising from the seizure or return of the
         firearms as violations of the Fourth, Fifth or Fourteenth Amendments fail to state
         claims against these moving defendants ........................................................ 14

      K. The state law claim for inverse condemnation fails to state a valid claim.................... 15

      L. Plaintiff has no standing to assert injunctive relief ......................................... 15

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

Cases

*1st Westco Corp. v. Sch. Dist. of Philadelphia,*
    6 F.3d 108 (3d Cir. 1993)................................................................................................ 14

*Alaska Right to Life v. Feldman,*
    504 F.3d 840 (9th Cir. 2007) ........................................................................................... 7

*Albers v. County of Los Angeles,*
    (1965) 62 Cal. 2nd 250 .................................................................................................... 15

*Allen v. McCurry,*
    449 U.S. 90 (1980)........................................................................................................... 6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................................... 4

*Bane v. City of Philadelphia,*
    Civil Action No. 09-2798, 2009 WL 6614992 ................................................................ 10

*Bd. of Cty. Comm'rs v. Brown,*
    520 U.S. 397 (1997)......................................................................................................... 12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................................... 4

*Bingue v. Prunchak,*
    512 F.3d 1169 (9th Cir.2008) .......................................................................................... 15

*Bishop v. Boral Industries, Inc.,*
    2019 U.S Dist. LEXIS 153495 ........................................................................................ 16

*Bras v. California Pub. Util. Comm'n,*
    59 F.3d 869 (9th Cir.1995) .............................................................................................. 9

*Butler v. Judge of United States Dist. Ct.,*
    116 F.2d 1013 (9th Cir.1941) .......................................................................................... 4

*Casey v. Lewis,*
    4 F.3d 1516 (9th Cir.1993) .............................................................................................. 8

*Children's Healthcare is a Legal Duty, Inc. v. Deters,*
    92 F.3d 1412 (6th Cir.1996) ............................................................................................ 14

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983)........................................................................................................... 16

*City of San Diego v. Boggess,*
    216 Cal. App. 4th 1494 (2013) ........................................................................................ 9, 10

*City of San Jose v. Rodriguez,*
    No. H40317, 2015 WL 1541988 (2015)........................................................................... 10

*County of Los Angeles v. Superior Court,* (Peters),
    68 Cal.App.4th 1166 (1998) ............................................................................................ 12

*D.C. Court of Appeals v. Feldman,*
    460 U.S. 462 (1983).......................................................................................................... 6

*District of Columbia v. Heller,*
    (2008) 554 U.S. 570.......................................................................................................... 10

*Doe & Associates Law Offices v. Napolitano*,
  252 F.3d 1026 (9th Cir.2001) ................................................................................... 6
*Ensoniq Corp. v. Superior Court*,
  65 Cal.App.4th 1537 (1998) ................................................................................. 5, 7
*Ex parte Young*,
  209 U.S. 123 ......................................................................................................... 13, 14
*Fayetteville Inv'rs v. Commercial Builders, Inc.*,
  936 F.2d 1462 (4th Cir.1991) ................................................................................. 4
*Fenner v. Boykin*,
  271 U.S. 240 (1926) ............................................................................................... 16
*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ............................................................................................... 15
*Garcha v. City of Beacon*,
  351 F.Supp.2d 213 (S.D.N.Y.2005) ...................................................................... 10
*Hearns v. San Bernardino Police Dept.*,
  530 F.3d 1124 (9th Cir. 2008) ............................................................................... 3
*Howlett v. Rose*,
  496 U.S. 356 (1990) ............................................................................................... 12
*Hygrade Provision Co. v. Sherman*,
  266 U.S. 497 (1925) ............................................................................................... 16
*In re Seizure of Approximately 28 Grams of Marijuana*,
  278 F. Supp. 2d 1097 (N.D. Cal. 2003) ................................................................ 6
*Jackson v. Barnes*,
  749 F.3d 755 (9th Cir. 2014) ................................................................................. 11
*Kentucky, dba Bureau of State Police v. Graham,*
  473 U.S. 159 (1985) ............................................................................................... 11
*Knaefler v. Mack*,
  680 F.2d 671 (9th Cir.1982) .................................................................................. 4
*Lucido v. Superior Court*,
  51 Cal.3d 335 (1990) ............................................................................................. 6
*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................ 8, 9
*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir.1996) .................................................................................. 2
*McMillian v. Monroe County*,
  520 U.S. 781 (1998) ............................................................................................... 12
*Miller v. Bonta*,
  No. 22-cv-1446, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022) .......................... 14
*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978) ............................................................................................... 12
*Nat'l Park Hosp. Ass'n v. DOI*,
  538 U.S. 803 (2003) ............................................................................................... 7
*Nicholson v. City of Daphne*,
  No. CIV A 07-0496-WS-M, 2009 WL 1789385 (S.D. Ala. June 24, 2009) .......... 2
*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ............................................................................................... 16

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) ............................................................................ 4

*Paterno v. State of California*,
   (2003) 113 Cal. App. 4th 998 .......................................................................... 15

*Penn Gen. Casualty Co. v. Pennsylvania*,
   294 U.S. 189 (1935) ...................................................................................... 4, 5

*People v. One Ruger .22–Caliber Pistol*,
   (2000) 84 Cal.App.4th 310, 100 Cal.Rptr.2d 780 ...................................... 9, 12

*People v. Superior Court (Laff)*,
   25 Cal.4th 703 (2001) ....................................................................................... 5

*People v. Superior Court (McGraw)*,
   (1979) 100 Cal.App.3d 154 ............................................................................... 7

*People v. Superior Court, Orange County*,
   28 Cal.App.3d 600 (1972) ................................................................................. 5

*Pitts v. County of Kern*,
   (1998) 17 Cal.4th 340 ................................................................................ 12, 13

*Richardson v. Flores*,
   28 F.4th 649 (5th Cir. 2022) ........................................................................... 13

*Rodgers v. Knight*,
   781 F.3d 932 (8th Cir. 2015) ........................................................................... 10

*Rodriguez v. City of San Jose*,
   No. 5:15-CV-03698-EJD, 2017 WL 4355095 (N.D. Cal. Sept. 29, 2017).......... 10

*Rupf v. Yan*,
   (2000) 85 Cal.App.4th 411, 102 Cal.Rptr.2d 157 (*Rupf* ) ....................... 9, 10, 12

*San Diego Gun Rights Comm. v. Reno*,
   98 F.3d 1121 (9th Cir. 1996) ............................................................................. 7

*Sanders v. City and County of San Francisco*,
   226 F. App'x 687 (9th Cir. 2007) .................................................................... 13

*Scarabin v DEA*,
   966 F.2d 989 (1992) ........................................................................................... 5

*Sliger v. Prospect Mortg., LLC*,
   789 F.Supp.2d 1212 (E.D. Cal. 2011) ............................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................... 4

*Thomas v. Anchorage Equal Rights Comm'n*,
   220 F.3d 1134 (9th Cir. 2000) ........................................................................... 7

*Thompson v. Illinois Dep't of Prof'l Regulation*,
   300 F.3d 750 (7th Cir.2002) .............................................................................. 4

*United States ex rel. Garst v. Lockheed-Martin Corp.*,
   328 F.3d 374 (7th Cir. 2003) ............................................................................. 2

*United States v. $79,123.49 in United States Cash and Currency*,
   830 F.2d 94 (7th Cir.1987) ................................................................................ 4

*United States v. $490,920 in United States Currency*,
   911 F.Supp. 720 (S.D.N.Y.1996) ....................................................................... 5

*United States v. One 1977 Mercedes Benz*,
   708 F.2d 444 ..................................................................................................... 4

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

*Wagner v. First Horizon Pharmaceutical Corp.*,
  464 F.3d 1273 (11th Cir.2006) .......................................................................... 2
*Walters v. Wolf*,
  660 F.3d 307 (8th Cir. 2011) ......................................................................... 10
*Weiner v. San Diego County*,
  210 F.3d 1025 (9th Cir. 2000) ........................................................... 11, 12, 13
*Weisfeld v. Scott*,
  143 S. Ct. 773, 215 L. Ed. 2d 45 (2023) ...................................................... 13
*Will v. Michigan Dept. of State Police*,
  491 U.S. 58 (1989) ........................................................................................ 12
*Yamagiwa v. City of Half Moon Bay*,
  (2007) 523 F. Supp. 2d 1036 ......................................................................... 15
*Yeager v. City of San Diego*,
  2007 WL 7032933 (S.D.Cal. June 1, 2007) .................................................... 2

Statutes

28 U.S.C. § 1257 ................................................................................................ 6
28 U.S.C. § 1738 ................................................................................................ 6
Article I, Section 19 of the California Constitution ......................................... 15
Cal. Welf. & Inst. Code § 8102(a) ................................................................. 1, 9
Cal.Penal Code § 12275.5 .................................................................................. 7
California Constitution, Article V, §13 ............................................................ 13
California Penal Code section 1536 .............................................................. 5, 12
California Penal Code section 1538.5 ........................................................... 1, 16
California Penal Code section 1583.5 ................................................................. 6
California Penal Code section 12275 .................................................................. 7
California Penal Code section 33850 .................................................................. 8
California Penal code sections 30510 and 30515 ............................................... 1
California Penal Code §§ 30515(a)(1)-(8), 30800, 30915, and 30945 .............. 2
California Welfare and Institutions Code section 5150 ........................ 1, 2, 9, 14
section 8102 ........................................................................................... 9, 10, 12
Section 8102, subdivision (a) ............................................................................ 9
§ 8102, subd. (b) ................................................................................................ 9
§ 8102, subd. (c) ................................................................................................ 9
§ 30800 ..................................................................................................... 2, 3, 14
§ 33850, subd. (a) .............................................................................................. 8
§§ 30600, 30605, and 30800 ............................................................................. 2

Rules

5 (9th Cir ........................................................................................................... 4
Fed. R. Civ. P. 12(f) .......................................................................................... 3
Federal Rule of Civil Procedure Rule 12(b)(6) ................................................ 4
FRCP 8(a) .......................................................................................................... 2
FRCP 41(b) ........................................................................................................ 2
Rule 8 of the Federal Rules of Civil Procedure ................................................ 2

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Other Authorities

Federal Practice and Procedure, 1380 (2004) ............................................................................. 3

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

Defendant ANNE MARIE SCHUBERT[1] in her official capacity as County of Sacramento District Attorney and Defendant COUNTY OF SACRAMENTO hereby move to dismiss the Second Amended Complaint ("SAC") of Plaintiff ARNOLD ABRERA and submit the following Memorandum of Points and Authorities in support.

## I.   INTRODUCTION/ALLEGATIONS/CLAIMS

This case stems from a 911 call on December 27, 2020 by Plaintiff, whose wife Euginie Abrera expressed suicide ideations by firearm.  The Elk Grove Police Department responded, placed Plaintiff's wife on a hold under California Welfare and Institutions Code section 5150, and seized six firearms in the home ostensibly pursuant to Cal. Welf. & Inst. Code § 8102(a).

Of the six firearms, two were unregistered semi-automatic style rifles, which Plaintiff claims ownership.  Elk Grove filed a petition against Euginie Abrera in January 2021 to prevent return of the two rifles.  (Plaintiff does not allege the outcome of that petition).   While criminal charges were filed against Plaintiff on March 8, 2021, for violation of California Penal code sections 30510 and 30515 for unlawful possession of said rifles, *People v Abrera*, Sacramento County Superior Court Case No. 21FE004857, those charges were dismissed on April 13, 2022.   Plaintiff later filed a motion for return of the rifles before the Sacramento County Superior Court pursuant to California Penal Code section 1538.5. which was denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] M. Schubert is no longer the elected District Attorney.  Thien Ho was elected District Attorney of Sacramento County in 2022, and officially took office in January 2023.

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

In his forty five page, two hundred eighty nine (289) paragraph Second Amended Complaint which incorporates all preceding paragraphs into the sixteen (16) claims for relief,[2] Plaintiff rails against a whole host of California statutory provisions related to gun ownership, broadly arguing that several sections violate the Second Amendment, seeking declaratory and injunctive relief, as well as damages, all essentially stemming from not having the two seized rifles returned.

As against these moving Defendants, Plaintiff asserts the second, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, and sixteenth claims, as well as state law claim under the fourteenth claim for relief.

In his Second Claim entitled "STATE BAN AND SEIZURES OF AR15s, AND SIMILAR SEMI-AUTOMATIC RIFLES LEGAL UNDER FEDERAL LAW" (p, 24, SAC), Plaintiff alleges California Penal Code §§ 30515(a)(1)-(8), 30800, 30915, and 30945, along with penalties under §§ 30600, 30605, and 30800 as applied violate his Second Amendment rights.  (SAC, Paragraphs 128-133).

The Fourth Claim entitled "STATE STATUTE PERTAINING TO FIREARM SEIZURES" alleges that the application of Cal. Welfare & Institutions Code §§ 5150, 8102, and Penal Code § 30800 to Plaintiff's situation was unconstitutional.  (SAC, ¶s 142-149).

The Seventh claim entitled "STATE PROSECUTORIAL ACTIONS AND CIVIL ACTIONS" alleges Defendants have a custom, policy or practice of "target[ing]" the lawful possession of firearms which "directly harmed the Plaintiff, leading to his arrest, the filing of charges, and the confiscation of

---

[2] Arguably, the SAC violates Rule 8 of the Federal Rules of Civil Procedure.  "Complaints that are tediously prolonged and redundant, as Plaintiff's is here, do not meet Rule 8's requirement of simplicity, directness and clarity."  *Yeager v. City of San Diego*, 2007 WL 7032933 at *10 (S.D.Cal. June 1, 2007) (citing *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996); See also *Nicholson v. City of Daphne*, No. CIV A 07-0496-WS-M, 2009 WL 1789385, at *2 (S.D. Ala. June 24, 2009) (noting a complaint which had 134 numbered paragraphs spanning 46 pages, and later counts "indiscriminately incorporate by reference all preceding ones" violated Rule 8) citing e.g. *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006) (a complaint "incorporat[ing] every antecedent allegation by reference into each subsequent claim for relief" is a shotgun pleading). Indeed, the Court has the power to dismiss a complaint in its entirety where violations of FRCP 8's "short and plain" requirement are "egregious." [See e.g., *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 377-78 (7th Cir. 2003) (FRCP 8(a) "requires parties to make their pleadings straightforward"; "sprawling" complaint properly dismissed); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("[p]rolix, confusing complaints ... impose unfair burdens on litigants and judges"); see also FRCP 41(b) (dismissal for failure to comply with Federal Rules).]

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

his firearms under the guise of public safety" as a violation of the Second Amendment, seeking monetary damages. (SAC ¶s 175-188).

The Ninth Claim is not actually a claim, but a petition to have the rifles returned.  (SAC, Paragraphs 200-212).  The Tenth and Eleventh claims both assert Equal Protection violations.  The Tenth claim appears to vaguely allege there are policies of targeting immigrants "as it pertains to the Second Amendment," ostensibly in prosecuting "gun crimes", and for a "two tiered system" of return of guns versus property (SAC, Paragraphs 213-228).[3]  The Eleventh claim, asserted only against Defendant SCHUBERT, alleges peace officers are given preferential treatment in the prosecution of crimes, citing one matter involving an officer Justin Shepard, although there are no allegations Mr. Shepard was not prosecuted despite possessing an unlawful AR15- style rifle.  (SAC, Paragraphs 229-240)

In the Twelfth claim, Plaintiff repeats his policy allegations that District Attorney has a policy of not returning AR15s, citing California Penal Code section 30800, which authorizes the District Attorney, amongst others, to initiate a civil action to prevent, inter alia, possession of an assault rifle. Plaintiff does not (and cannot allege) that the District Attorney (or anyone in her office) actually initiated such an action against Plaintiff, nor sought to destroy the rifles at issue.  (SAC, Paragraphs 241-251).

In his Thirteenth claim, Plaintiff takes issue with Code of Civil Procedure 1021.11.  In the Fifteenth and Sixteenth claims, Plaintiff asserts new claims for Fourth Fifth and Fourteenth Amendment violations arising from the seizure of the rifles.  Lastly, Plaintiff asserts a state law inverse condemnation claim in the Sixteenth claim under the California Constitution.

Defendants  ANNE MARIE SCHUBERT  in her official capacity as County of Sacramento

---

[3] Defendants move to strike Paragraphs 218-220 that vaguely allege policies about abortion, which are clearly not relevant to this action. The Court may, on its own motion or on motion of a party, strike from a pleading any redundant or immaterial matter. (Fed. R. Civ. P. 12(f).) a motion to strike is appropriate if it will "eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011); See also Charles Wright & Arthur Miller, Federal Practice and Procedure, 1380 (2004).  Moreover, "[t]he district court [has] ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive SACtual detail. One option would have been to simply strike the surplusage from the [complaint]." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008); see, *Fallon v. U.S. Gov't*, No. CIV S–06–1438, 2007 WL 707531, at *2 (E.D.Cal. March 6, 2007.)

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
4861-4104-1833, v. 1

District Attorney and Defendant COUNTY OF SACRAMENTO now move to dismiss the claims asserted against them.

## II.   STANDARD

Complaints must contain a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6).  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  This requires more than a recitation of the elements of the claim.  Id.  The statement must include enough facts, taken as true, to suggest a right to relief.  Id.   However, mere "conclusory allegations of law and unwarranted inferences" do not. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on Rule 12(b)(6) motions to dismiss, the court should consider documents that are explicitly incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  In addition, "in the event of conflict between the bare allegations of the complaint and any exhibit attached ..., the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc*., 936 F.2d 1462, 1465 (4th Cir.1991).  Under the rule, if a plaintiff "attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir.2002).

## III.   ARGUMENT

**A.    The Court should decline jurisdiction under *Penn General***

A common-law rule of long standing prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court. *Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935); *United States v. $79,123.49 in United States Cash and Currency*, 830 F.2d 94, 95 (7th Cir.1987); *Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir.1982) (dictum); *Butler v. Judge of United States Dist. Ct*., 116 F.2d 1013, 1015 (9th Cir.1941); cf., *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 450 n. 5 (9th Cir.1983), cert. denied, 464 U.S. 1071, (1984). The purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

upon which jurisdiction of each depends. *See Penn General*, 294 U.S. at 195, 55 S.Ct. at 389.

The rule against concurrent in rem proceedings is not a constitutional limitation upon the jurisdiction of the federal courts. Rather, it is a prudential limitation applied by the Supreme Court in the interest of judicial harmony, but as a mandatory principle. The language of *Penn General* indicates that a federal court must yield to a prior state proceeding. *Penn General*, 294 U.S. at 195, 55 S.Ct. at 389 (" [T]he jurisdiction of one court must of necessity yield to the other.").

Where state statutes place items seized by local law enforcement under judicial control, courts have held that seizure by police itself constitutes an assertion of jurisdiction over the seized items by the state courts. See *Scarabin v DEA*, 966 F.2d 989 (1992) (finding that state law granted courts exclusive control over res where statute provided that seized property "shall be retained under the direction of the judge" and, when no longer needed, "shall be disposed of according to law, under the direction of the judge"); *United States v. $490,920 in United States Currency,* 911 F.Supp. 720 (S.D.N.Y.1996) (finding statute and case law provided that seized items be held "in the custody of the court").

California courts have also interpreted California Penal Code section 1536 to confer jurisdiction on state courts to hear non-statutory motions for return of seized property held for use as evidence. "[E]ven in the absence of statutory authorization, the superior court possesses the inherent power to conduct proceedings and issue orders regarding property seized from a criminal suspect pursuant to a warrant issued by the court." *People v. Superior Court (Laff), 25 Cal.4th 703 (2001)*; see *also Ensoniq Corp. v. Superior Court,* 65 Cal.App.4th 1537, 1547 (1998). As such, courts retain jurisdiction to dispose of seized items even after the criminal case has been completed, *People v. Superior Court*, *Orange County*, 28 Cal.App.3d 600, 607–08 (1972) (court had jurisdiction to hear motion for return of property made at return of 'not guilty' verdict), and may return property in the absence of any criminal proceeding in a 'special proceeding' separate from any underlying criminal case, *Ensoniq Corp*., 65 Cal.App.4th at 1547. This jurisdiction over seized property exists separate and apart from the criminal matter by virtue of the judicial control over seized items conferred by statute, in much the same manner as in rem jurisdiction.

The extent of judicial control conferred by California Penal Code section 1536 well might be sufficient on its own to find that, under *Penn General*, federal courts may not take jurisdiction over

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

property seized by California state authorities without a state turnover order. *In re Seizure of Approximately 28 Grams of Marijuana*, 278 F. Supp. 2d 1097, 1106–07 (N.D. Cal. 2003).

Here, Plaintiff acknowledges he filed a motion for return of property under California Penal Code section 1583.5 to the superior court, which was denied (Paragraph 73, SAC).   Invoking this procedure over the property is the state having in rem jurisdiction over the firearms, such that the federal court must therefore decline jurisdiction.   Indeed, that the state court has jurisdiction over rifles necessarily means Plaintiff's application for return (in his "seventh claim) would seek to disturb those jurisdictional boundaries.

**B.     Alternatively, Rooker/Feldman Abstention applies**

The application of the *Rooker-Feldman* doctrine, which is premised on the principle that federal district courts lack jurisdiction to review the decisions of a state judicial proceeding, (See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir.2001)), means that only the Supreme Court can review state court rulings, via the procedures set forth in 28 U.S.C. § 1257.   Here, Plaintiff acknowledges he filed a motion for return of property under California Penal Code section 1583.5 which was denied.   The motion to return the rifles was denied by the state court and thus cannot be disturbed under the *Rooker-Feldman* doctrine.

**C.     Collateral Estoppel/Issue Preclusion**

Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgment emerged. See e.g. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); in California, "[c]ollateral estoppel precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990).   Here, Plaintiff admits the superior court denied his motion for return of the rifles.  Under the collateral estoppel principles, this court cannot upset that ruling.  Accordingly, Plaintiff is estopped from challenging the denial of the return of the weapons, as the state court has already done so.

**D.     The claims are not ripe because Plaintiff has not alleged compliance with California Penal Code Sections 12021.3.1 and 33850 to legally lay title to the two rifles**

"Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction, but even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion. Determining whether administrative action is ripe for judicial review requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. DOI*, 538 U.S. 803, 807-08 (2003), citations and quotations omitted.

"Prudential considerations of ripeness are discretionary." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000). "While 'pure legal questions that require little SACtual development are more likely to be ripe,' a party bringing a pre-enforcement challenge must nonetheless present a 'concrete SACtual situation . . . to delineate the boundaries of what conduct the government may or may not regulate without running afoul' of the Constitution." *Alaska Right to Life v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007), quoting *San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1132 (9th Cir. 1996).

The gravamen of the Plaintiff's claims arise from alleged failure to return two "assault-style" rifles seized by Elk Grove PD.  In the prior iteration of the complaint (now omitted altogether) Plaintiff implicitly conceded these weapons are not registered as required under the California's Assault Weapons Control Act ("AWCA"), California Penal Code section 12275 et seq., which establishes a registration and permit procedure for the lawful possession of firearms classified as "assault weapons." Cal.Penal Code § 12275.5.  (See Paragraphs 117D, 304, First Amended Complaint).  The SAC does not allege that Plaintiff has complied with the AWCA nor does he allege that the rifles are registered.

Only legal property may be returned to the person from whom it was taken. *Ensoniq Corp. supra*, 65 Cal. App. 4th at 1547.  "[T]he People have the right to detain any property which it is unlawful to possess, and such right exists whether the property was lawfully seized or not." (*People v. Superior Court (McGraw)* (1979) 100 Cal.App.3d 154, 157.

California Penal Code Section 12021.3.1 provides a mechanism for any person who claims title

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

to any firearm that is in the custody or control of a court or law enforcement agency and who wishes to have the firearm returned to him or her whereby the person makes an application for a determination by the California Department of Justice as to whether he is eligible to possess a firearm.

Likewise, under California Penal Code section 33850, a "person who claims title to any firearm" in law enforcement custody may seek the return of that firearm. (Pen.Code, § 33850, subd. (a).)  The firearms cannot be returned by a court or law enforcement agency unless the person seeking them obtains a Penal Code section 33865 notification that the person is eligible to possess a firearm and "the firearm has been recorded in the Automated Firearms System in the name of the individual who seeks its return." (Pen.Code, § 33855, subd. (b).)

Here, to claim a theoretical right under the Second Amendment arising from the alleged failure to return the weapons, Plaintiff must first establish a lawful right to the return of such weapons.  In other words, Plaintiff has not sufficiently alleged he has obtained determination from the State whether he is lawfully entitled to return of the assault weapons seized, nor that there has been some determination in the positive by the State.  There are no allegations that he made an application to the CA DOJ as to whether he is eligible, nor that he can claim title to the firearm under California Penal Code section 33850.  In addition, Plaintiff has sought return of the property but has not alleged if he appealed the denial of that motion.  Accordingly, the claims are not ripe, and the failure to allege compliance with those section warrants dismissal of this entire action with prejudice.

**E.    Plaintiff does not have Article III standing for Facial challenges and/or the Second Amendment does not protect the right to possess specific firearms**

Article III limits the jurisdiction of federal courts to "cases" and "controversies." *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.1993). Standing is an essential, core component of the case or controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff bears the burden of establishing his standing to sue. *Id.* at 561, 112 S.Ct. at 2136-37. To do so, he must demonstrate three elements which constitute the "irreducible constitutional minimum" of Article III standing. *Id.* at 560, 112 S.Ct. at 2136. First, plaintiff must have suffered an "injury-in-SACt" to a legally protected interest that is both "concrete and particularized" and "actual or imminent," as opposed to "`conjectural' or `hypothetical.'" Second, there must be a causal connection between his injury and the conduct complained of. Third, it must be "likely" — not merely "speculative" — that his

4861-4104-1833, v. 1

injury will be "redressed by a favorable decision." *Id*. at 560-61, 112 S.Ct. at 2136 (citations omitted). Because plaintiff seeks declaratory and injunctive relief only, there is a further requirement that he show a very significant possibility of future harm; it is insufficient for him to demonstrate only a past injury. *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir.1995)

Here, it was Plaintiff's wife that was held under California Welfare and Institutions Code section 5150, not Plaintiff.   Thus, the injury-in-fact, if at all, was in relation to California Welfare and Institutions Code section 5150, was to Plaintiff's wife, not Plaintiff.  Plaintiff does not allege he is likely to be held under California Welfare and Institutions Code section 5150, nor that his firearms in the home would be seized again pursuant to Cal. Welf. & Inst. Code § 8102(a).   Regardless, neither California Welfare and Institutions Code sections 5150 and 8102 restrict possession of firearms specific to Plaintiff, who is not alleged to be mentally ill or subject said statutes, nor does he anticipate as much.

Indeed, one California court, *City of San Diego v. Boggess*, 216 Cal. App. 4th 1494, 1500 (2013) found that section 8102 is "outside the Second Amendment:"

> Section 8102 authorizes the seizure and possible forfeiture of weapons belonging to persons detained for examination under section 5150 because of their mental condition. (*Rupf v. Yan* (2000) 85 Cal.App.4th 411, 416–417, 102 Cal.Rptr.2d 157 (*Rupf* ); *People v. One Ruger .22–Caliber Pistol* (2000) 84 Cal.App.4th 310, 312, 100 Cal.Rptr.2d 780.) Section 8102, subdivision (a) provides in part: "Whenever a person, who has been detained or apprehended for examination of his or her mental condition ... is found to own, have in his or her possession or under his or her control, any firearm whatsoever, or any other deadly weapon, the firearm or other deadly weapon shall be confiscated by any law enforcement agency or peace officer, who shall retain custody of the firearm or other deadly weapon." At the time the weapons are seized, the agency must notify the person from whom the weapon is seized of the procedure for the return of the confiscated firearms. (§ 8102, subd. (b).) The law enforcement agency must make the firearms available for return unless it timely files a petition to determine whether returning them "would be likely to result in endangering the person or others, and ... send[s] a notice advising the person of his or her right to a hearing on this issue." (§ 8102, subds.(c), (d); *Rupf*, 85 Cal.App.4th at p. 420, 102 Cal.Rptr.2d 157.) Section 8102 thus "places the onus upon law enforcement to initiate the forfeiture proceeding, and to bear the burden of proof on the issue of the danger presented by return of the weapons." (Rupf, at p. 420, 102 Cal.Rptr.2d 157, citing § 8102, subd. (c).)
>
> "Section 8102 directly safeguards public health and safety by allowing law enforcement officers to confiscate any firearm in the possession or control of a person who is appropriately detained or apprehended for a mental examination. Keeping a firearm away from a mentally unstable person is a reasonable exercise of the police power. **649 It is not unreasonable to conclude there is a significant risk that a mentally unstable gun

owner will harm himself or others with the weapon." (*Rupf*, supra, 85 Cal.App.4th at p. 423, 102 Cal.Rptr.2d 157.)

In adjudicating a facial challenge to section 8102, and finding that it falls outside the Second Amendment, the *City of San Diego v. Boggess* court noted that the United States Supreme Court stated in *District of Columbia v. Heller* (2008) 554 U.S. 570, stated: 'nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places....'  *City of San Diego*, 216 Cal. App. 4th at 1506.

"The Second Amendment protects the right to keep and bear arms in general, but it does not protect the right to possess <u>specific</u> firearms. *Rodriguez v. City of San Jose*, No. 5:15-CV-03698-EJD, 2017 WL 4355095, at *2 (N.D. Cal. Sept. 29, 2017) (emphasis in original), *aff'd*, 930 F.3d 1123 (9th Cir. 2019), and *aff'd*, 773 F. App'x 994 (9th Cir. 2019) (affirming dismissal of claim by spouse of a person whose firearms were confiscated under section 8102 as having a Second Amendment right to the return of those confiscated firearms, finding issue preclusion precluded plaintiff from relitigating the matters raised in *City of San Jose v. Rodriguez*, No. H40317, 2015 WL 1541988 (2015) (finding no Second Amendment violation to wife when guns seized under section 8102 for husband).

In *Walters v. Wolf*, 660 F.3d 307 (8th Cir. 2011), the Eighth Circuit found no violation of the plaintiffs' Second Amendment rights because the government's retention of a confiscated firearm did not prohibit Walters from retaining or acquiring another firearm, reasoning that "Walters must do more than show that the City kept him from possessing one particular firearm to establish a violation of the Second Amendment; Walters must also show that the City kept him from acquiring any other legal firearm." *Walters*, 660 F.3d at 316-18 discussing *Garcha v. City of Beacon*, 351 F.Supp.2d 213 (S.D.N.Y.2005), and *Bane v. City of Philadelphia*, Civil Action No. 09-2798, 2009 WL 6614992 (E.D.Pa. June 18, 2010). Instead, the Court viewed the matter as involving the government's retention of property, and reversed the lower court on procedural due process grounds. *Walters*, 660 F.3d at 315.

Later, in *Rodgers v. Knight*, 781 F.3d 932 (8th Cir. 2015), the Eighth Circuit affirmed its position in *Walters* stating that even "the unlawful retention of specific firearms does not violate the Second Amendment, because the seizure of one firearm does not prohibit the owner from retaining or acquiring other firearms." *Id* at 941-942 citing *Walters* at 317-18.

---

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

Absent any right to these specific rifles, how can Plaintiff establish standing?  He cannot, particularly when combined with his apparent refusal to lay lawful title to the rifles, and seek clearance from the Department of Justice or register them in accordance with California Penal Code Sections 12021.3.1 and 33850.   For these additional reasons, the SAC should be dismissed.

**F.    Plaintiff's claims against the District Attorney in her official capacity for prosecuting crimes and any claimed policies for gun prosecution is tantamount to an action against the State of California, to which Monell does not apply**

Alternately, all the claims against the District Attorney or the "County", specifically the second, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, and sixteenth claims for relief, appear based on multiple conclusory allegations about various "policies" surrounding gun prosecutions or application of statutes whether to return firearms.

These moving Defendants submit these policy allegations, are based on conduct that is attributable to State of California action, not a local municipality.

First, it is now well settled that a suit against individuals in their official capacities is a suit against the public entity and not the named defendant.  See *Kentucky, dba Bureau of State Police v. Graham,* 473 U.S. 159, 165-160 (1985) (the real party in interest in an official capacity suit is the government entity and not the named official).

Second, it is well established that district attorneys of California in their official prosecutorial capacities are arms of the State. See e.g. *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) ("[T]he San Diego County district attorney was acting as a state official in deciding to proceed with Weiner's criminal prosecution. Weiner's § 1983 claim against the County, therefore, fails. The County was not the actor; the state was." (emphasis added)); *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) ("Jackson alleges, in effect, that the District Attorney's Office is liable for Murphy's unlawful prosecutorial conduct. The District Attorney's Office, however, acts as a state office with regard to actions taken in its prosecutorial capacity, and is not subject to suit under § 1983. *Weiner,* 210 F.3d at 1030." Who is the actual public entity alleged in this case?   The State of California.

/ / /

/ / /

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

Third, notwithstanding the conclusory allegations the District Attorney acts for the County in refusing to return property, there is no authority to support such a proposition.[4]  It is the State (i.e. the People) which hold evidence for criminal matters, and the courts which control its disposition.  Cal. Penal Code 1536.  There is no requirement the District Attorney intervene or hold the evidence.

Thus, any Monell claim based on policies of the Office of the District Attorney are those of the State, not the County.  Because Monell provides for liability only against local governments and municipalities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("[M]unicipalities and other local government units ... [are] among those persons to whom § 1983 applies."); see also *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); (explaining a *Monell* claims requires a plaintiff to demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental body), Plaintiff's claims are not asserting local policies, and all the claims asserted against Defendants should be dismissed.

**G.**   **Plaintiff's claims for damages are barred by Eleventh Amendment Immunity**

Where Plaintiff seeks damages against the District Attorney in her official capacity, such is barred by the Eleventh Amendment.

Neither states nor state officials acting in their official capacities are "person[s]" under § 1983 suits.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63-64, 71 n.10 (1989); *Pitts v. County of Kern*, (1998) 17 Cal.4th 340, 348.  See *Howlett v. Rose*, 496 U.S. 356, 375, 383 (1990) ("the State and arms of the State ... are not subject to suit under '1983 in either federal court or state court").  In *McMillian v. Monroe County*, 520 U.S. 781 (1998), the United States Supreme Court reaffirmed that state government actors cannot be liable under §1983 pursuant to the Eleventh Amendment.   In *McMillian*, the Court examined the Alabama Constitution, which expressly designated sheriffs as members of the state executive department, under supervision of the Attorney General as the ultimate legal authority for the state.  *Id*.  The federal and state courts of California have expressly adopted the McMillian analysis in evaluation of §1983 claims.  See, e.g., *Pitts*, supra, 17 Cal.4th 340; *County of Los Angeles v. Superior Court*, (Peters), 68 Cal.App.4th 1166 (1998); *Weiner v. San Diego County*, 210 F.3d

---

[4] Constitutional challenges to the trial court's refusal under California Welfare and Institutions section 8102 to return confiscated firearms to a person who was detained due to his or her mental condition have been rejected by the California courts. See *Rupf v. Yan* (2000) 85 Cal.App.4th 411, 427–428; *People v. One Ruge*r .22–Caliber Pistol (2000) 84 Cal.App.4th 310, 312.)

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

1025, 1028 (9th Cir. 2000) (following Pitts); *Sanders v. City and County of San Francisco*, 226 F. App'x 687, 692-93 (9th Cir. 2007) (same).

In accordance with *McMillian*, state and federal courts in California have analyzed the role of district attorneys pursuant to California Constitution, Article V, §13, which provides, in pertinent part:

> Subject to the powers and duties of the Governor, the Attorney General shall be the chief law officer of the State.  It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff . . . in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respect jurisdictions as to the Attorney General may deem advisable.

With regard to application of Eleventh Amendment immunity for California District Attorneys, the Ninth Circuit also has recognized that the California Supreme Court is the court of last resort for the interpretation of California law.  See *Weiner v. County of San Diego*, 210 F.3d 1025, 1030 (9th Cir. 2000) ("In addition to California's constitutional and statutory law, we also consider its case law, giving due respect to decisions by the California Supreme Court as the ultimate interpreter of California State law") (emphasis added).  As the "ultimate interpreter" of California law, the California Supreme Court also clearly established in Pitts that Eleventh Amendment immunity applies to the actions of a district attorney specific to training of the employees who work for her.  *Pitts*, at 362-363.

Accordingly, Plaintiff may not seek damages against the DA.

## H.    Declaratory relief against the District Attorney is not appropriate under the Ex Parte Young doctrine exception to Eleventh Amendment immunity

In *Ex parte Young*, 209 U.S. 123, the Supreme Court held that the Eleventh Amendment does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that "such officer [has] some connection with the enforcement of the act."  However, the exception only applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution." *Id.* at 156, 28 S.Ct. 441. See also e.g. *Richardson v. Flores*, 28 F.4th 649, 652 (5th Cir. 2022) (finding *Ex parte Young* doctrine not applicable to the Texas Secretary of State, who was not the proper party for relief on election signature verifications), cert. denied sub nom. *Weisfeld v. Scott*, 143 S.

4861-4104-1833, v. 1

Ct. 773, 215 L. Ed. 2d 45 (2023)

Here, the plain textual language of Cal. Welf. & Inst. Code, §§ 5150 and 8102 do not reveal that the District Attorney has any connection with the enforcement of those sections.    Accordingly, any attempt to seek declaratory or injunctive relief against the District Attorney in her official capacity is not appropriate.

Moreover, merely because California Penal Code section 30800 authorizes a District Attorney to file a civil action in lieu of prosecution is not sufficient to trigger the Ex parte Young exception to the Eleventh Amendment in this case.    For example, in *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412 (6th Cir.1996), a children's rights organization and a parent sued the Ohio Attorney General and certain local prosecutors. The plaintiffs challenged Ohio statutes which allowed a parent or guardian to treat a child's illness by spiritual means in accordance with religious beliefs without violating a duty owed to the child. *Id*. at 1413-14.  The Sixth Circuit found that because "[t]he Attorney General did not threaten to commence and was not about to commence proceedings...." the mere "[g]eneral authority to enforce the law of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id*. (quoting *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993)).  This is the same here: Plaintiff does not allege he was threatened with a petition under California Penal Code section 30800 by the Sacramento District Attorney.    Accordingly, the claims are not subject to the *Ex parte Young* exception to the Eleventh Amendment, and should be dismissed.

**I.    Plaintiff's claims challenging California Code of Civil Procedures 1021.11 should be dismissed as moot**

As the Ninth Circuit noted in the appeal in this case, in light of the permanent injunction issued in *Miller v. Bonta*, No. 22-cv-1446, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022), which enjoins enforcement of California Code of Civil Procedures 1021.11, this claim (thirteenth) is now moot.

**J.    The Fifteenth and Sixteenth Claims as arising from the seizure or return of the firearms as violations of the Fourth, Fifth or Fourteenth Amendments fail to state claims against these moving defendants**

These claims are based on the seizure or failure to return the firearms.    First, Plaintiff cannot

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

4861-4104-1833, v. 1

pursue a claim under the Fifth Amendment because that Amendment only applies to actions by the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008).  Second, Plaintiff does not allege the District Attorney or the County seized any weapons and thus the claims fail.  Third, the alleged failure to return is barred as argued above.  Accordingly, these claims fail and should be dismissed.

**K.    The state law claim for inverse condemnation fails to state a valid claim**

Article I, Section 19 of the California Constitution states: "private property may be taken or damaged for public use only when just compensation. . . has first been paid to. . . the owner." This has been interpreted by the Supreme Court to mean that any physical injury to real property proximately caused by a public improvement as deliberately designed and constructed is compensable. See *Pacific Bell v. City of San Diego,* (2018) Cal. App. 4th 596, 602, citing to *Albers v. County of Los Angeles,* (1965) 62 Cal. 2nd 250, 263-264. To establish liability for inverse condemnation, Plaintiff must prove: First*,* that he has an interest in real or personal property; Second, the Defendant substantially participated in the planning, approval, construction, or operation of a public project or public improvement; Third, Plaintiff's property suffered damage; and Fourth, the Defendant's project, act or omission was a substantial cause of the damage. *Yamagiwa v. City of Half Moon Bay*, (2007) 523 F. Supp. 2d 1036, 1088. A public entity is liable for inverse condemnation "if the entity substantially participated in the planning, approval, construction, or operation of the public project or improvement that proximately caused injury to the private property." *Paterno v. State of California*, (2003) 113 Cal. App. 4th 998, 1029.

Here, Plaintiff is collaterally estopped from asserting this claim based on the denial of the 1538.5 motion.  Otherwise, Plaintiff has not sufficiently alleged lawful ownership of the weapons, nor that Defendants participated in the planning, approval, construction, or operation of a public project or public improvement, nor that such public improvement caused damages.  Inverse condemnation does not apply under the allegations of the SAC.  Accordingly, the motion should be granted.

**L.    Plaintiff has no standing to assert injunctive relief**

As noted above, plaintiff must show standing separately for injunctive relief. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000).  Plaintiff can only pursue an

injunction if he can establish a "likelihood of substantial and immediate irreparable injury" so as to satisfy Article III standing requirements. See *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). The alleged injury cannot be "conjectural," "hypothetical," or "speculative." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (determining the plaintiff lacked standing where he failed to show the real and immediate threat that he would again be subject to a chokehold during a traffic stop).

Here, Plaintiff does not state facts establishing a likelihood of any irreparable injury in the future to justify any form of injunctive relief.   There are no "sufficient immediacy and reality" to the allegations of future injury to warrant invocation of the jurisdiction of the District Court. *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (declining to enjoin prosecution of future crimes).   Indeed, the general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. *Hygrade Provision Co. v. Sherman*, 266 U.S. 497, 500 (1925).   Rather, it must appear that 'the danger of irreparable loss is both great and immediate'; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. *Fenner v. Boykin*, 271 U.S. 240, 243, 244 (1926).

In addition, Plaintiff cannot show any likelihood of prospective harms being committed against him, and is seeking a remedy for return of property by his motion under California Penal Code section 1538.5, See *Bishop v. Boral Industries, Inc*., 2019 U.S Dist. LEXIS 153495 *23-24 (determining it proper to strike injunctive relief where plaintiff failed to establish the need for prospective relief, and already had remedy available for prior wrongs alleged).    Accordingly, any request for injunctive relief should be dismissed.

Respectfully submitted,

Dated:  March 11, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  /s/ John R. Whitefleet
      John R. Whitefleet
      Attorney for Defendants COUNTY OF
      SACRAMENTO and ANNE MARIE
      SCHUBERT

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
4861-4104-1833, v. 1