**[Exempt From Filing Fee Government Code § 6103]**

DAVID W. TYRA, State Bar No. 116218
dtyra@kmtg.com
TERILYNN DIEPENBROCK, State Bar No. 129075
tdiepenbrock@kmtg.com
ALEC D. TYRA, State Bar No. 339922
atyra@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile:  (916) 321-4555

Attorneys for Defendants City of Elk Grove,
Bobby Davis, and Jonathan P. Hobbs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA, <br><br> Plaintiff, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE, <br><br> Defendants. | Case No. 2:22-CV-01162-JAM-DB <br><br> **NOTICE OF JOINDER AND JOINDER OF DEFENDANTS BOBBY DAVIS, JONATHAN P. HOBBS AND CITY OF ELK GROVE IN DEFENDANTS COUNTY OF SACRAMENTO AND ANNE MARIE SCHUBERT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> Date:  May 21, 2024 <br> Time:  1:30 p.m. <br> Crtrm.:  6 <br> Judge:  Hon. Dale A. Drozd <br><br> Complaint Filed: July 5, 2022 <br> FAC Filed:  September 2, 2022 <br> SAC Filed:  February 31, 2024 <br><br> Trial Date:  Not Assigned |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Bobby Davis, Jonathan P. Hobbs and City of Elk Grove (hereinafter referred to as "Elk Grove Defendants") hereby join in the motion of Defendants County of Sacramento and Anne Marie Schubert's ("County of Sacramento

1  Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint based upon Federal
2  Rules of Civil Procedure, Rules 12(b)(1), 12(b)(6), and 12(f) and will request the Court at the
3  hearing scheduled on this motion for May 21, 2024 at 1:30 p.m., or as soon thereafter as the matter
4  may be heard in Courtroom 6 of the above entitled Court, for the same relief, i.e., dismissal based
5  upon the above-cited Federal Rules of Civil Procedure.

6  In support of this Joinder, the Elk Grove Defendants adopt all arguments, facts, and points
7  and authorities submitted by moving parties County of Sacramento Defendants as though the Elk
8  Grove Defendants had set forth all such matters in full.

## I.      INTRODUCTION

10  Plaintiff asserts sixteen causes of action across 289 paragraphs of allegations. Plaintiff
11  asserts his second, fourth, seventh, ninth, tenth, twelfth, thirteenth, fourteenth, fifteenth, and
12  sixteenth causes against the County of Sacramento Defendants to which the County of Sacramento
13  Defendants move to dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6).  The Elk
14  Grove Defendants are named in nine causes of action:  Plaintiff's second, fourth, seventh, ninth,
15  tenth, thirteenth, fourteenth, fifteenth, and sixteenth.

## II.     ELK GROVE DEFENDANTS' JOINDER

17  A defendant's joinder in a co-defendant's motion saves judicial resources and prevents
18  redundant arguments and needless duplicative filings. The joinder is treated as though the joining
19  party had filed its own motion as to the arguments "joined." *See e.g. Aetna Life Ins. Co. v. Alla*
20  *Medical Services, Inc.*, 855 F.2d 1470, 1472, 1474-1475 (9th Cir. 1988).

21  The Elk Grove Defendants clarify, for the purposes of this joinder, that Plaintiff  alleged
22  the same causes of action against the Elk Grove Defendants as he alleged against the  County of
23  Sacramento Defendants *except* that Plaintiff does *not* allege the twelfth cause of action ("Custom,
24  Policy and Practice, Violation of Plaintiff's Right to Keep and Bear Arms") against the Elk Grove
25  Defendants. Therefore, the following arguments made by moving parties County of Sacramento
26  Defendants in their moving papers are adopted by the Elk Grove Defendants with equal force and
27  effect.

28  / / /

2486854.1 10784.256

2

NOTICE OF JOINDER AND JOINDER OF ELK GROVE DEFENDANTS IN
MOTION TO DISMISS SECOND AMENDED COMPLAINT

1    Specifically, the Elk Grove Defendants assert in joinder:

2    **A.    Court Lacks Jurisdiction (*Penn*)**

3    The Court should decline jurisdiction under *Penn Gen. Casualty Co. v. Pennsylvania,* 294
4    U.S. 189, 195 (1935).  (*See* Defendants Marie Schubert  And County Of Sacramento's
5    Memorandum Of Points And Authorities In Support Of Motion To Dismiss Plaintiff's Second
6    Amended Complaint (hereinafter referred to as "County of Sac. Defs. MPA") at page 4, line 20 –
7    page 6, line 8.)

8    **B.    Court Lacks Jurisdiction *(Rooker/Feldman)***

9    The Rooker/Feldman doctrine confirms that the Court should abstain from these
10   proceedings because this is a matter for Supreme Court review. *(D.C. Court of Appeals v.*
11   *Feldman*, 460 U.S. 462, 476 (1983) and *Doe & Associates Law Offices v. Napolitano*, 252 F.3d
12   1026, 1029 (9th Cir.2001)).  (*See* County of Sac. Defs. MPA at page 6, lines 9 – 16.)

13   **C.    Plaintiff is Estopped from Challenging the Denial of the Return of Firearms.**

14   Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court
15   judgments that those judgments would be given in the courts of the state from which the judgment
16   emerged. See e.g. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); in California, "[c]ollateral estoppel
17   precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior*
18   *Court*, 51 Cal.3d 335, 341 (1990). (*See*  County of Sac. Defs. MPA at page 6, lines 18– 26.)

19   **D.    Plaintiff's Claims are not Ripe for Judicial Determination.**

20   The claims are not ripe and warrants dismissal of this entire action with prejudice.   (*See*
21   County of Sac. Defs. MPA at pages 6, line 27 through page 8, line 18.)

22   **E.    Plaintiff Lacks Article III Standing.**

23    Article III limits the jurisdiction of federal courts to "cases" and "controversies." *Casey v.*
24   *Lewis*, 4 F.3d 1516, 1519 (9th Cir.1993).  Plaintiff bears the burden of establishing his standing to
25   sue. *Id*. at 561, 112 S.Ct. at 2136-37. To do so, he must demonstrate three elements which
26   constitute the "irreducible constitutional minimum" of Article III standing.  (*See* County of Sac.
27   Defs. MPA at pages  8, line 19 through page 11, line 4.)

28   / / /

F. **Plaintiff's Claims Against Local Municipalities are Tantamount to Action Against the State of California to Which *Monell v. Dep't Of Soc. Servs.*, 436 U.S. 658, 690 (1978) Does Not Apply.**

Plaintiff alleges *policy* allegations all of which are based on conduct that is attributable to a State of California action. (*See* County of Sac. Defs. MPA at pages 11, line 5 through page 12, line 12.)

G. **Plaintiff's Thirteenth Cause of Action Should be Dismissed as Moot.**

Plaintiff's thirteenth cause of action is rendered moot in light of the permanent injunction issued in *Miller v. Bonta*, No. 22-cv-1446, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022) (*See* County of Sac. Defs. MPA at page 14, lines 20 – 24.)

H. **Plaintiff Does Not Have Standing To Assert Injunctive Relief.**

Plaintiff does not state facts establishing a likelihood of any irreparable injury in the future to justify any form of injunctive relief. (*See* County of Sac. Defs. MPA at page 15, line 26 through page 16, line 20.)

## III. CONCLUSION

The Elk Grove Defendants join in the above referenced arguments and respectfully request that the Court dismiss Plaintiff's second, fourth, seventh, ninth, tenth, thirteenth, fourteenth, fifteenth and sixteenth causes of action for the reasons outlined herein and in joinder with County of Sacramento Defendants' Motion Dismiss pursuant to Federal Rules of Procedure 12(b)(1), 12(b)(6), and 12(f).

DATED: March 11, 2024

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: *[signature]*
David W. Tyra
Terilynn Diepenbrock
Alec D. Tyra
Attorneys for Defendants City of Elk Grove, Bobby Davis, and Jonathan P. Hobbs