1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Anya M. Binsacca
   Supervising Deputy Attorney General
3  Jay C. Russell, State Bar No. 122626
   Deputy Attorney General
4    455 Golden Gate Avenue
     Suite 11000
5    San Francisco, CA  94102
     Telephone:  (415) 510-3617
6    Fax:  (415) 703-5843
     E-mail:  Jay.Russell@doj.ca.gov
7  *Attorneys for Defendants Gavin Newsom, in his
   official capacity as Governor of California, and Rob*
8  *Bonta, in his official capacity as Attorney General of
   California*

9

               IN THE UNITED STATES DISTRICT COURT
10
               FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12

| 13 | **ARNOLD ABRERA,** | Case No.: 2:22-cv-01162-DAD-DB |
|---|---|---|
| 14 | Plaintiff, | **MEMORANDUM OF POINTS AND** |
| | | **AUTHORITIES IN SUPPORT OF STATE** |
| 15 | v. | **DEFENDANTS' MOTION TO DISMISS** |
| | | **PLAINTIFF'S SECOND AMENDED** |
| 16 | | **COMPLAINT** |
| 17 | **GAVIN NEWSOM, in his official capacity** | |
| | **as Governor of the State of California, et al.,** | Date:        May 21, 2024 |
| | | Time:        1:30 p.m. |
| 18 | Defendants. | Courtroom:   4 |
| | | Judge:       Honorable Dale A. Drozd |
| 19 | | Trial Date:  None Set |
| | | Action Filed: July 5, 2022 |

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Legal and Factual Background ..................................................................................... 1

    I.      Summary of Plaintiff's Allegations ....................................................... 1

    II.     Plaintiff's Challenges to State Firearms Laws ...................................... 2

Legal Standards ........................................................................................................... 3

Argument ..................................................................................................................... 4

    I.      The Second Amended Complaint Violates Rule 8 ................................ 4

    II.     Because Plaintiff's Claims Are Pending in State Court, This Court Should Abstain from Asserting Jurisdiction ...................................................... 6

          A.    This Court Should Abstain from Exercising Jurisdiction Under the Prior Exclusive Jurisdiction Doctrine ................................. 6

          B.    Alternatively, Abstention Is Appropriate Under Younger v. Harris ........... 7

          C.    If Adjudicated in State Court, Plaintiff's Claims Are Barred by the Rooker-Feldman Doctrine .................................................. 8

    III.    Sovereign Immunity Bars Plaintiff's Claims Against Governor Newsom ............ 9

    IV.    Plaintiff's Equal Protection Claim Fails to State a Claim Under Rule 12(b)(6) .................................................................................... 11

    V.    Plaintiff's Claims Related to Code of Civil Procedure Section 1021.11 Are Moot .................................................................................... 12

Conclusion ................................................................................................................. 13

Certification of Counsel ............................................................................................. 14

**TABLE OF AUTHORITIES**

<u>**Page**</u>

**CASES**

*Agua Caliente Band of Cahuilla Indians v. Hardin*
    223 F.3d 1041 (9th Cir. 2000) ............................................................................. 9

*Arizonans for Official English v. Arizona*
    520 U.S. 43 (1997) ............................................................................................. 13

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990) ............................................................................. 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ........................................................................................... 3

*Beltran v. Cal.*
    871 F.2d 777 (9th Cir. 1988) ............................................................................. 7

*Bianchi v. Rylaarsdam*
    334 F.3d 895 (9th Cir. 2003) ............................................................................. 8

*Canatella v. State of Cal.*
    304 F.3d 843 (9th Cir. 2002) ............................................................................. 7

*Chapman v. Deutsche Bank Nat'l Tr. Co.*
    651 F.3d 1039 (2011) ..................................................................................... 3, 6

*City of Cleburne, Tex. v. Cleburne Living Ctr.*
    473 U.S. 432 (1985) ......................................................................................... 11

*Coalition to Defend Affirmative Action v. Brown*
    674 F.3d 1128 (9th Cir. 2012) ......................................................................... 11

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*
    527 U.S. 666 (1999) ........................................................................................... 9

*Colorado River Water Conservation Dist. v. United States*
    424 U.S. 800 (1976) ........................................................................................... 3

*District of Columbia Ct. App. v. Feldman*
    460 U.S. 462 (1983) ........................................................................................... 8

*Doe v. Lawrence Livermore Nat'l Lab.*
    131 F.3d 836 (9th Cir. 1997) ............................................................................. 9

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Epstein v. Wash. Energy Co.*
 83 F.3d 1136 (9th Cir. 1996) ................................................................. 3

4

5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
 544 U.S. 280 (2005) ........................................................................... 8

6

*Freeman v. City of Santa Ana*
 68 F.3d 1180 (9th Cir. 1995) ......................................................... 11, 12

7

8

*Hirsh v. Justices of Supreme Court of the State of Cal.*
 67 F.3d 708 (9th Cir. 1995) ................................................................. 7

9

10

*Li v. Kerry*
 710 F.3d 995 (9th Cir. 2013) ................................................................ 3

11

*Long v. Van de Kamp*
 961 F.2d 151 (9th Cir. 1992) .............................................................. 10

12

13

*Los Angeles Cnty. Bar Ass'n v. Eu*
 979 F.2d 697 (9th Cir. 1992) .............................................................. 10

14

15

*McHenry v. Renne*
 84 F.3d 1172 (9th Cir. 1996) .......................................................2, 3, 4, 6

16

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*
 457 U.S. 423 (1982) ........................................................................... 7

17

18

*Miller v. Bonta*
 646 F. Supp. 3d 1218 (S.D. Cal. 2022) ............................................. 5, 13

19

20

*N. Star Int'l v. Ariz. Corp. Comm'n*
 720 F.2d 578 (9th Cir. 1983) ................................................................ 3

21

*Nat'l Audubon Soc'y, Inc. v. Davis*
 307 F.3d 835 (9th Cir. 2002) .............................................................. 10

22

23

*Pennhurst State Sch. & Hosp. v. Halderman*
 465 U.S. 89 (1984) ............................................................................. 9

24

25

*Rooker v. Fidelity Trust Co.*
 263 U.S. 413 (1923) ........................................................................... 8

26

*Rosenbaum v. City and County of San Francisco*
 484 F.3d 1142 (9th Cir. 2007) ............................................................ 12

27

28

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss Second Am. Compl. (2:22-cv-01162-JAM-DB)

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Rupf v. Yan*
    85 Cal. App. 4th 411 (2000) ..................................................................................... 7

*San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*
    546 F.3d 1087 (9th Cir. 2008) ................................................................................ 7

*Silveira v. Lockyer*
    312 F.3d 1052 (9th Cir. 2002) .............................................................................. 11

*Snoeck v. Brussa*
    153 F.3d 984 (9th Cir. 1998) ................................................................................ 10

*United States v. Kama*
    394 F.3d 1236 (9th Cir. 2005) ................................................................................ 6

*Weinstein v. Edgar*
    826 F. Supp. 1165 (N.D. Ill. 1993) ...................................................................... 10

*Worldwide Church of God v. McNair*
    805 F.2d 888 (9th Cir. 1986) .................................................................................. 8

*Ex parte Young*
    209 U.S. 123 (1908) ............................................................................................... 9

*Younger v. Harris*
    401 U.S. 37 (1971) ......................................................................................... 3, 7, 8

**STATUTES**

United States Code, Title 42
    § 1983 .................................................................................................................... 9

California Code of Civil Procedure
    § 1021.11 ........................................................................................................ 5, 12

California Penal Code
    § 1538.5 ................................................................................................................. 9

California Welfare and Institutions Code
    § 5150 .................................................................................................................. 1, 2
    § 8102 ........................................................................................................... *passim*

# TABLE OF AUTHORITIES
## (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  First Amendment ................................................................................................ 12
  Second Amendment ....................................................................................... *passim*
  Fourth Amendment ............................................................................................... 4
  Eleventh Amendment.................................................................................1, 9, 10, 11
  Fourteenth Amendment.................................................................................2, 11, 12

**COURT RULES**

Federal Rules of Civil Procedure
  Rule 8 .................................................................................................2, 4, 5, 6
  Rule 8(a) ........................................................................................................ 1, 3
  Rule 8(a)(2) ......................................................................................................... 4
  Rule 8(d).......................................................................................................... 1, 4
  Rule 8(d)(1) ......................................................................................................... 4
  Rule 8(e)............................................................................................................. 4
  Rule 12(b)(1) ....................................................................................................... 3
  Rule 12(b)(6) ................................................................................................ 3, 4, 11

**OTHER AUTHORITIES**

Senate Bill 1327 ......................................................................................... 5, 12

**INTRODUCTION**

Despite having been given leave to submit "a short and plain statement of the claims showing that [Plaintiff] is entitled to relief," Plaintiff Arnold Abrera continues to violate the requirements of Federal Rules of Civil Procedure 8(a) and (d). Neither California Governor Gavin Newsom nor Attorney General Rob Bonta should be forced to respond to Abrera's prolix and confusing allegations.

It appears that Abrera's primary complaint is that local law officers took possession of his firearms under laws that promote public safety and security after Abrera's spouse was placed on a mental-health wellness hold, although he also continues to allege that a "tapestry" of California laws violate his Second Amendment rights. The weapons confiscation appears to be the subject of an ongoing state court action, and this Court should defer to that court's jurisdiction and otherwise abstain from interfering. Nor can Governor Newsom be held to answer for Abrera's allegations, which are essentially claims against the State barred under the Eleventh Amendment. And the valid state laws that Abrera appears to challenge are founded on sound public policy and do not impair his constitutional rights. Accordingly, Abrera still has not stated a cause of action against either the Governor or the Attorney General, and the State Defendants' motion to dismiss should be granted.

**LEGAL AND FACTUAL BACKGROUND**

I.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff Arnold Abrera alleges that he and his wife owned six firearms, all of which were kept in their Elk Grove residence. Second Am. Compl. (SAC) ¶¶ 55, 57, 61. On December 27, 2020, Elk Grove police officers went to the Abrera residence in response to a 911 call. SAC ¶ 56. Responding officers placed Abrera's wife on a 72-hour hold under California Welfare and Institutions Code section 5150. *Id.* Under Welfare and Institutions Code section 8102, the officers seized all of the firearms in the Abrera home. SAC ¶ 60.

Following that seizure, the Elk Grove City Attorney filed a petition in Sacramento County Superior Court, entitled *City of Elk Grove v. Euginie Abrera*, No. 34-2021-20000745, seeking a judicial determination regarding the return of firearms under Welfare and Institutions Code

1

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss Second Am. Compl. (2:22-cv-01162-JAM-DB)

1   section 8102.  SAC ¶ 63.  Abrera does not provide any information in the Second Amended

2   Complaint concerning the status of this proceeding, but alleges that the state court denied his

3   "motion for Return of Property" and that "all of [his] firearms" will "not be returned without a

4   court order."  *Id.* ¶ 73.

5          In addition, Abrera alleges that an arrest warrant was issued (ostensibly by the City of Elk

6   Grove) for his possession of two unregistered "semi-auto rifles."  SAC ¶ 62.  Abrera further

7   alleges that the Sacramento County District Attorney filed charges for the possession of these

8   weapons in a "felony complaint," which was ultimately dismissed.  *Id.* ¶¶ 66, 71.

9   **II.    PLAINTIFF'S CHALLENGES TO STATE FIREARMS LAWS**

10         This Court dismissed Abrera's First Amended Complaint with the admonition that he

11  "should focus on 'linking his factual allegations to actual legal claims.'"  (Order Granting

12  Defendants' Mot. to Dismiss at 6, ECF No. 74 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1176

13  (9th Cir. 1996)).)  Abrera has now *added* causes of action in his Second Amended Complaint, but

14  again without linking the alleged facts to any of the prior or newly stated causes of action.

15         Abrera appears to assert that California's regulations on assault weapons and ammunition

16  violate his Second Amendment rights.  *See generally*, SAC ¶¶ 121, 123, 130, 139, 153-156, 166-

17  168, 176, 193,278-279, 285-286.[1]  Abrera also alleges that California Penal Code section 5150

18  and California Welfare & Institutions Code section 8102—which allows weapons to be retained

19  when a household member is held for mental health reasons—are unconstitutional both "as

20  written" and "as applied."  *Id.* ¶¶ 135, 143.   Abrera also continues to allege that his Fourteenth

21  Amendment rights have been violated because California allegedly enforces statutes regulating

22  firearms more zealously than those related to immigration or abortion.  *Id.* ¶¶ 215-225.  Abrera

23

24         [1] In the titles to several of his claims, Abrera seeks "declaratory and injunctive relief and
25  monetary damages, except to Defendants Newsom and Bonta whereby only equitable relief is
    sought."  *See, e.g.*, Second Claim for Relief at 24.  Defendants are unsure whether these causes of
26  action are being asserted against them, and so move to dismiss all causes of action under Rule 8,
    on the grounds that this confusing language fails to identify if they are "being sued, for what
27  relief, and on what theory, with enough detail to guide discovery."  *McHenry v. Renne*, 84 F.3d at
    1177.

28

2

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss Second Am. Compl. (2:22-cv-01162-JAM-DB)

1  seeks injunctive relief against these alleged "customs, policies, and practices" and "the return of

2  his [fire]arms." *Id.* ¶ 228.[2]

3  **LEGAL STANDARDS**

4  Under Federal Rule of Civil Procedure 8(a), complaints must contain a "short and plain

5  statement" providing "enough facts to state a claim to relief that is plausible on its face" to

6  survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That "short

7  and plain statement" requires that a plaintiff's alleged grounds for any entitlement to relief be

8  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

9  will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Prolix, confusing

10  complaints . . . impose unfair burdens on litigants and judges," and are thus subject to dismissal.

11  *McHenry v. Renne,* 84 F.3d at 1179-80.

12  Relatedly, "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only

13  'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Li v. Kerry*,

14  710 F.3d 995, 998 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556 n.3). A

15  motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the

16  claims in the complaint. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

17  1983). Dismissal of the complaint or of any claim within it "can be based on the lack of a

18  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

19  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[C]onclusory allegations

20  of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state

21  a claim." *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

22  Finally, comity and abstention doctrines provide independent grounds for dismissing an

23  action under Rule 12(b)(1). *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043-44

24  (2011) (applying the prior exclusive jurisdiction doctrine); *see also Colorado River Water

25  Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971).

26  ———————————
   [2] The Second Amended Complaint also includes claims alleging that "preferential
27  treatment" afforded to peace officers violates Abrera's Equal Protection rights (SAC ¶¶ 229-240),
   for damages for the seizure and retention of his firearms (*id.* ¶¶ 241-251), and for inverse
   condemnation (*id.* ¶¶ 268-276). Abrera does not allege any wrongdoing by the State Defendants
28  with respect to these claims.

3

**ARGUMENT**

I.   **THE SECOND AMENDED COMPLAINT VIOLATES RULE 8**

The entire Second Amended Complaint should be dismissed because its prolix allegations still do not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," or with Rule 8(d)(1), which requires that "each allegation must be simple, concise, and direct."

To comply with Rule 8, a complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d at 1177.  Even where the factual elements of a cause of action are present, but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *Id.* at 1178.  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179.  Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* (construing former Rule 8(e), now 8(d)) (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) and *Von Poppenheim v. Portland Boxing & Wrestling Comm.*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)).

The Second Amended Complaint includes a mix of potential claims along with general grievances against an alleged "tapestry" of laws concerning the purchase and registration of firearms.  SAC ¶104.  But Abrera's vague and ambiguous assertions require the State Defendants and the Court to sift through extraneous allegations to guess whether relevant and potentially answerable allegations exist somewhere in the pleadings.  For instance, Abrera's second cause of action, entitled "State Ban and Seizures of AR15s, and Similar Semi-Automatic Rifles Legal Under Federal Law (As-Applied)," purports to allege a violation of his Second Amendment rights.  SAC at 24.  This claim is made "Except to Defendants Newsom and Bonta Whereby Only Equitable Relief is Sought." *Id.*  The allegations then confusingly state that "by maintaining and enforcing a set of customs, practices, and policies . . . Defendants are propagating customs, policies, and practices that violate the Second and Fourth Amendments." *Id.* ¶ 136.  Later in this

4

1   same cause of action, Abrera baldly states that "the statutes, as-written, violate the Second

2   Amendment." *Id.* ¶ 139. He makes almost identical allegations in the fourth cause of action

3   alleging that various statutes are unconstitutional as applied to him. *Id.* ¶145. Defendants are left

4   to guess what laws are being challenged, the grounds for the challenges, and what "equitable

5   relief" Abrera seeks against the State Defendants

6       In that same regard, Abrera's seventh cause of action challenges laws that have allegedly

7   been "applied" to him without identifying the statutes in question, instead alleging a general "gun

8   control policy" or "Gun Control Actions" untethered to any specific law. SAC ¶¶ 176, 177.

9   Abrera further alleges that the Defendants "employ[] legal maneuvers and public statements to

10  foster an environment of intimidation and fear among gun owners," again without identifying the

11  alleged "maneuvers and public statements." *Id.* ¶ 179. The State Defendants are left guessing

12  what laws and what actions inform Abrera's allegations.

13      Other claims are so obtuse as to be unintelligible. For example, in his tenth cause of action,

14  Abrera "asserts an Equal Protection challenge to the written and unwritten policy of 'collateral

15  consequences' being applied to immigration cases involving illegal aliens but not naturalized

16  citizens and the poor." *Id.* ¶ 215. Apart from being irrelevant, the allegations again leave the

17  State Defendants without sufficient notice of what unconstitutional actions they purportedly have

18  undertaken that would support an Equal Protection claim.

19      In his thirteenth cause of action, Abrera reiterates his claims concerning Senate Bill 1327

20  (California Code of Civil Procedure section 1021.11), despite the permanent injunction ordered in

21  *Miller v. Bonta,* 646 F. Supp. 3d 1218, 1232 (S.D. Cal. 2022) prohibiting the State "from

22  implementing or enforcing California Code of Civil Procedure § 1021.11."[3]

23      Abrera's vague claims do not meet the standards of clarity required by Rule 8, and instead

24  leave the State Defendants to decipher what constitutional violations have been alleged, against

25  whom, and how they should be addressed. Given the hodgepodge of assertions, the Second

26  Amended Complaint does not clearly state "who is being sued, for what relief, and on what

27  ─────────────

28      [3] That injunction informed the Ninth Circuit's dismissal of Abrera's appeal in this matter
    on mootness grounds. *Abrera v. Newsom*, No. 22-16897, 2023 WL 9423957, at *1 (9th Cir.,
    Aug. 14, 2023).

1  theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177-78.  The Second

2  Amended Complaint should be dismissed for its failure to comply with Rule 8.

3  **II.    BECAUSE PLAINTIFF'S CLAIMS ARE PENDING IN STATE COURT, THIS COURT**
   **SHOULD ABSTAIN FROM ASSERTING JURISDICTION**

4

5      Attempting to decipher Abrera's obtuse allegations, it appears that the gravamen of all his

6  claims is that firearms were taken from his home under Welfare & Institutions Code section 8102,

7  and two of the weapons have not been returned.  SAC ¶¶ 73-81, 94-98.  Although not completely

8  clear, it appears that Abrera's challenge to that retention and demand for the firearms' return

9  remains pending in Sacramento County Superior Court.  *Id.* ¶¶ 73.  To the extent that those state

10 court proceedings have been adjudicated, Abrera's claims are barred under the *Rooker-Feldman*

11 doctrine.

12     Because any ruling that resolves that dispute would also resolve the basis of Abrera's

13 claims here—namely, the seizure and retention of Abrera's weapons under Welfare & Institutions

14 Code section 8102—this Court should decline jurisdiction and allow the state action to proceed.

15     **A.    This Court Should Abstain from Exercising Jurisdiction Under the Prior**
           **Exclusive Jurisdiction Doctrine**

16

17     If Abrera is litigating the status of the confiscated weapons in pending state court

18 proceedings, the Court should dismiss his complaint under the doctrine of "prior exclusive

19 jurisdiction."  *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011)

20 ("[W]here parallel state and federal proceedings seek to 'determine interests in specific property

21 as against the whole world' (*in rem*), or where 'the parties' interests in the property . . . serve as

22 the basis of the jurisdiction' for the parallel proceedings (*quasi in rem*), then 'the doctrine of prior

23 exclusive jurisdiction fully applies'" [quoting *Penn. Gen. Cas. Co. v. Penn. ex rel Schnader*, 294

24 U.S. 189, 195 (1935)]).  This doctrine thus bars a court from assuming jurisdiction over a *res* that

25 is the subject of a previously filed *rem* or *quasi in rem* action in state court.  *Id.*; *see also United*

26 *States v. Kama,* 394 F.3d 1236, 1240, n.2 (9th Cir. 2005) (Ferguson, J., concurring) ("[W]here a

27 state statute places items seized by local law enforcement under judicial control, seizure by state

28 police itself constitutes an assertion of *in rem* jurisdiction over the seized item").

6

1    Here, Abrera's previously filed action for the return of the weapons ostensibly remains

2    pending in state court, and so this action is barred under the "prior exclusive jurisdiction" doctrine

3    and should be dismissed.

4    **B.    Alternatively, Abstention Is Appropriate Under *Younger v. Harris***

5    Federal courts generally abstain from granting injunctive or declaratory relief that would

6    interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971);

7    *Hirsh v. Justices of Supreme Court of the State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per

8    curiam) ("*Younger* and its progeny generally direct federal courts to abstain from granting

9    injunctive or declaratory relief that would interfere with pending state judicial proceedings.").

10   This abstention doctrine derives from principles of equity, comity, and federalism. *San Jose*

11   *Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th

12   Cir. 2008).

13   A federal court must abstain if three conditions are met: 1) the state proceedings are

14   ongoing; 2) the proceedings implicate important state interests; and 3) the state proceedings

15   provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *Middlesex*

16   *Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Additionally, the Ninth

17   Circuit requires that the federal proceeding "would enjoin the [state] proceeding or have the

18   practical effect of doing so." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm.*, 546

19   F.3d at 1092. Courts assess "whether the state court proceedings were ongoing as of the time the

20   federal action was filed." *Canatella v. State of Cal.*, 304 F.3d 843, 850 (9th Cir. 2002); *Beltran v.*

21   *Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) ("[T]he critical question is not whether the state

22   proceedings are still 'ongoing', but whether 'the state proceedings were underway before

23   initiation of the federal proceedings'") (citation omitted)).

24   Abrera's allegations show that all these requirements are met. First, there is an ongoing

25   state action. SAC ¶ 73. Second, the challenged law—Welfare & Institutions Code section

26   8102—promotes important state interests. *Rupf v. Yan,* 85 Cal. App. 4th 411, 423 (2000) (section

27   8102 "directly safeguards public health and safety"). Third, the state court forum is adequate for

28   Abrera to present his federal claims. *Id*. at 424-25. Finally, an order from the state court

7

1  resolving that dispute would moot his allegations here concerning Welfare & Institutions Code

2  section 8102 and end his standing to bring his Second Amendment claims.  Conversely, a ruling

3  here would have the "practical effect" of enjoining the state proceeding.

4       Accordingly, this case is subject to *Younger* abstention and should be dismissed.

5  **C.    If Adjudicated in State Court, Plaintiff's Claims Are Barred by the**
6       ***Rooker-Feldman* Doctrine**

7       To the extent Abrera is requesting this Court to review and overturn the superior court's

8  order on his "Motion for Return of Property," he asks this Court to act as a de facto reviewing

9  court.  Such review is barred by the *Rooker-Feldman* doctrine, and the Second Amended

10  Complaint should be dismissed.

11      Under the *Rooker-Feldman* doctrine, lower federal courts have no authority to review final

12  determinations by state courts.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923);

13  *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 468 (1983); *see also Exxon Mobil Corp.*

14  *v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (*Rooker-Feldman* doctrine bars federal

15  jurisdiction when the losing party in state court files suit in federal court after the state court

16  proceedings have ended, complains of an injury caused by the state court judgment, and seeks

17  review and rejection of the judgment).  The doctrine also bars lower federal courts from

18  reviewing federal constitutional challenges to state laws, where such challenges are inextricably

19  intertwined with a challenge to a final determination by a state court.  The United States Supreme

20  Court articulated the test in *Feldman*:  "If the constitutional claims presented to a United States

21  District Court are inextricably intertwined with the state court's denial in a judicial proceeding of

22  a particular plaintiff's application [for relief], then the District Court is in essence being called

23  upon to review the state court decision.  This the District Court may not do."  *Feldman*, 460 U.S.

24  at 483 n.16.  "*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-

25  guessing state court decisions by barring the lower federal courts from hearing de facto appeals

26  from state-court judgments."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003).  Any

27  other rule would waste judicial resources and result in unnecessary friction between state and

28  federal courts.  *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

8

Although not entirely clear, Abrera implies that the state court action ended when he moved the superior court for an order to return his weapons, and that motion was denied.  *See* SAC ¶ 73 ("[T]he government refused to return all of Plaintiff's firearms, even after the court dismissed the case, and after Plaintiff filed a Cal. Pen. Code §1538.5 Motion for Return of Property, which was denied by the Court").  To the extent that Abrera's complaint is a de facto appeal from a state court judgment, it should be dismissed under the *Rooker-Feldman* doctrine.

**III.   SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST GOVERNOR NEWSOM**

Abrera alleges that his case against the State Defendants arises under 42 U.S.C. § 1983.  SAC ¶¶ 35, 37.  Governor Newsom is named for having allegedly "issue[d] executive orders that alter or create laws affecting gun ownership, using his executive authority to influence state policy on firearms."  *Id.* ¶ 28.  Governor Newsom is immune to such claims and should be dismissed from the litigation.

"Claims under § 1983 are limited by the scope of the Eleventh Amendment."  *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  The Eleventh Amendment bars suits against a state in federal court for all types of legal or equitable relief in the absence of consent by the State or abrogation of that immunity by Congress.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).  "The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'"  *Pennhurst*, 465 U.S. at 101 (citation omitted).  The "'general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'"  *Id.* (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).  "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."  *Id.* at 101-02.

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized a limited exception to Eleventh Amendment immunity.  The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law."  *Agua Caliente Band of Cahuilla Indians v. Hardin*,

9

1   223 F.3d 1041, 1045 (9th Cir. 2000).  However, this exception applies only where "it is plain that

2   such officer must have some connection with the enforcement of the act, or else it is merely

3   making him a party as a representative of the State, and thereby attempting to make the State a

4   party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at

5   157).  "This connection must be fairly direct; a generalized duty to enforce state law or general

6   supervisory power over the persons responsible for enforcing the challenged provision will not

7   subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

8   Further, "[a]bsent a real likelihood that the state official will employ his supervisory powers

9   against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Long v.*

10   *Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992).

11        Abrera's pleading does not and cannot allege that the Governor has any connection—direct

12   or otherwise—to enforcing Welfare & Institutions Code section 8102, which forms the basis for

13   Abrera's Second Amendment claims.  Nor can Governor Newsom grant Abrera's alleged

14   "Application for Return of Firearms" under various Penal Code sections, the basis for his ninth

15   cause of action.  As discussed above, the Governor is named because he allegedly "issues

16   executive orders." SAC ¶ 28.  But the Governor's general authority is an insufficient connection

17   and does not make him a proper defendant in this action.  *See Nat'l Audubon Soc'y, Inc. v. Davis*,

18   307 F.3d 835, 847 (9th Cir. 2002) (holding suit was "barred against the Governor and the state

19   Secretary of Resources, as there is no showing that they have the requisite enforcement

20   connection to Proposition 4"); *see also Weinstein v. Edgar*, 826 F. Supp. 1165, 1167 (N.D. Ill.

21   1993) (stating that if a governor's general obligation to faithfully execute the laws was a

22   sufficient connection to the enforcement of the challenged statute, "then the constitutionality of

23   every statute enacted by the Illinois legislature necessarily could be challenged by merely naming

24   the Governor as a party defendant").

25        Governor Newsom cannot be sued in these circumstances.  The Governor's general

26   authority to issue executive orders is an insufficient connection to Abrera's allegations and does

27   not make him a proper defendant in this action.  Abrera's claims focus on the confiscation of

28   firearms by Elk Grove police officers following a domestic disturbance at the Abrera home.  *See,*

10

1    *e.g.*, SAC ¶ 1 ("Plaintiff has filed this suit seeking damages, declaratory, and injunctive relief

2    against county and city entities for the return of six firearms seized from his home").  There is

3    not—nor could there be—an allegation that Governor Newsom had any involvement in the

4    searches, seizures, or arrests that form the basis of these claims.

5         In short, Abrera's allegations against Governor Newsom are nothing more than the

6    unremarkable assertions that the Governor "issues executive orders."  SAC ¶ 28.  Allegations of a

7    generalized duty to enforce state law are insufficient to overcome Eleventh Amendment

8    sovereign immunity.  *See, e.g.*, *Coalition to Defend Affirmative Action v. Brown* 674 F.3d 1128,

9    1134 (9th Cir. 2012) ("The individual state official sued 'must have some connection with the

10   enforcement of the act'" (quoting *Ex parte Young*, 209 U.S. at 157)).

11        Abrera's claims against Governor Newsom should be dismissed.

12   **IV.   PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS TO STATE A CLAIM UNDER RULE
13        12(B)(6)**

14        Although not entirely clear, Abrera's tenth cause of action appears to allege that matters

15   involving firearms—by implication the enforcement of California Welfare & Institutions Code

16   section 8102, which directs confiscation of firearms when someone is detained to examine their

17   mental condition under certain code sections—are "not neutral," ostensibly in comparison to

18   those involving immigration and reproductive rights.  SAC ¶¶ 215-221.  But because Abrera fails

19   to compare the enforcement of section 8102 to any applicable control group, his equal-protection

20   claim necessarily fails and should be dismissed.

21        The Fourteenth Amendment's Equal Protection Clause guarantees that the government

22   treats similar individuals in a similar manner.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*,

23   473 U.S. 432, 439 (1985); U.S. Const. amend. XIV, § 1 (prohibiting states from "deny[ing] to any

24   person within its jurisdiction the equal protection of the laws").  "The first step in equal protection

25   analysis is to identify the [government's] classification of groups" and, "[o]nce the plaintiff

26   establishes governmental classification, it is necessary to identify a 'similarly situated' class

27   against which the plaintiff's class can be compared."  *Freeman v. City of Santa Ana*, 68 F.3d

28   1180, 1187 (9th Cir. 1995) (citation omitted); *see also Silveira v. Lockyer*, 312 F.3d 1052, 1088

11

Mem. of P. & A. Supp. State Defs.' Mot. to Dismiss Second Am. Compl. (2:22-cv-01162-JAM-DB)

1   (9th Cir. 2002), abrogated on other grounds by *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008)

2   ("[I]n order for a state action to trigger equal protection review at all, that action must treat

3   similarly situated persons disparately") (citation omitted).

4       In his tenth cause of action, Abrera does not define the parameters or characteristics of any

5   similarly situated "control group" against which he can be compared.  *See Freeman*, 68 F.3d at

6   1187 ("The similarly situated group is the control group.").  Abrera alleges that "Defendants'

7   policy choices"—ostensibly, enforcing laws related to assault weapons—"trigger strict scrutiny

8   under the Second Amendment and Equal Protection Clause."  SAC ¶ 214.  Although his

9   allegations are patently unclear, Abrera appears to suggest that the proposed control group

10  consists of persons whose firearms have been confiscated under California Welfare and

11  Institutions Code section 8102.  But Abrera does not allege that he has been treated differently

12  than other firearms owners.  In any event, Abrera fails to define any similarly situated control

13  group, what—if any—additional characteristics are shared by the individuals in that group, and

14  how that group is treated differently.  *See Rosenbaum v. City and County of San Francisco*, 484

15  F.3d 1142, 1154 (9th Cir. 2007) (plaintiffs' "undifferentiated control group" "was not comparable

16  because these groups were not similarly situated because of their varying characteristics").  Even

17  if Abrera could define a control group of firearms owners, there is no allegation—nor could there

18  be—that it is "similarly situated" to persons subject to immigration laws or those asserting rights

19  to reproductive privacy, whom Abrera seems to allege are treated more leniently than gun

20  owners.

21      Because Abrera has not and cannot identify a similarly situated class of individuals against

22  which to compare himself, he fails to meet his threshold burden in attempting to state an equal

23  protection claim.  The State Defendants' motion to dismiss should be granted.

24  **V.   PLAINTIFF'S CLAIMS RELATED TO CODE OF CIVIL PROCEDURE SECTION 1021.11
        ARE MOOT**

25

26      In his thirteenth causes of action, Abrera claims that Code of Civil Procedure section

27  1021.11, enacted under Senate Bill 1327, violates his First Amendment rights.  SAC ¶¶ 253-254.

28  But as the Ninth Circuit has explained, that law cannot be enforced following the permanent

injunctions issued in *Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022), and *South Bay Rod & Gun Club, Inc. v. Bonta*, No. 22-cv-1461-BEN-JLB (S.D. Cal. Mar. 20, 2023).  Abrera's claims are accordingly moot and should be dismissed.

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  Here, Abrera seeks "declaratory and equitable relief."  SAC ¶ 267.  This is precisely the relief provided through the final judgments entered in *Miller* and *South Bay*.  Those judgments eliminate any case or controversy raised in Abrera's thirteenth cause of action.  As such, it should be dismissed.

## CONCLUSION

The Court should dismiss all claims against Governor Newsom and Attorney General Bonta.

Dated:  March 11, 2024                          Respectfully submitted,

                                               ROB BONTA
                                               Attorney General of California
                                               ANYA M. BINSACCA
                                               Supervising Deputy Attorney General


                                               JAY C. RUSSELL
                                               Deputy Attorney General
                                               *Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

13

**CERTIFICATION OF COUNSEL**

Under Paragraph I.C. of the Court's Standing Order in Civil Cases, I certify that on March 5, 2024, I met and conferred with Plaintiff's counsel via a telephone conference regarding the contents of and allegations in the Second Amended Complaint and any potential resolution. The parties did not reach a resolution.

_____
Jay C. Russell

SA2022303127
44079597.docx