1

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO and ANNE MARIE SCHUBERT
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA, | CASE NO.  2:22-cv-01162-DAD-DB |
| Plaintiff, | **DEFENDANTS ANNE MARIE SCHUBERT AND COUNTY OF SACRAMENTO'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| GAVIN NEWSOM,  in his official capacity as Governor of the State of California; et al., | Date:   May 21, 2024<br>Time:  1:30 p.m. |
| Defendants. | Courtroom: 4 |
| _____/ | Complaint Filed:  7/5/22<br>First Amended Complaint filed: 9/2/22<br>Second Amended Complaint filed: 2/13/24 |

Defendant ANNE MARIE SCHUBERT[1] in her official capacity as County of Sacramento District Attorney and Defendant COUNTY OF SACRAMENTO hereby submit the following Reply to the Opposition to Defendants' motion to dismiss the Second Amended Complaint of Plaintiff ARNOLD ABRERA.

## I.     SUMMARY

Defendants moved to dismiss arguing Plaintiff has no standing to challenge California Welfare and Institutions Code sections 5150 or 8102, that this court should abstain from jurisdiction, and/or that

---

[1] As previously noted, Ms. Schubert is no longer the elected District Attorney.  Thien Ho was elected District Attorney of Sacramento County in 2022, and officially took office in January 2023.

1

1   the Eleventh Amendment bars this action and the Ex Parte Young doctrine does not apply.

2          In opposition, Plaintiff largely sidesteps issues by making repeated and generalized references to

3   the Second Amendment, wholly ignoring arguments and authorities that support dismissal of this action.

4   Accordingly, Defendants submit the motion should be granted and this action dismissed without leave to

5   amend.

6                                    **II.      ARGUMENT**

7   **A.      The Court should decline jurisdiction under *Penn General***

8          Defendants argued that because this case arises from seizure of personal property by law

9   enforcement, and California statutory authority under Penal Code section 1538.5 gives jurisdiction to the

10  state courts for the provision of said in rem matters, this court should decline jurisdiction under *Penn*

11  *Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189 (1935) citing cases such as *In re Seizure of*

12  *Approximately 28 Grams of Marijuana*, 278 F. Supp. 2d 1097, 1106–07 (N.D. Cal. 2003).

13         In opposition, Plaintiff argues the doctrine of *Penn General* does not apply because there is no

14  longer pending in rem proceedings in state court.  This argument misses the mark and wholly ignores the

15  numerous cases cited by moving defendants that the California courts retain jurisdiction over seized

16  property.  Accordingly, this court must therefore decline jurisdiction.

17  **B.      Alternatively, Rooker/Feldman Abstention applies**

18         Defendants argued that the Rooker-Feldman doctrine bars this court from disturbing the state

19  court decision to not return the firearms.  Plaintiff argues his federal claims arise independently.

20         This argument theoretically could be true but for the fact that the SAC is replete with pleas to

21  have the firearms returned, which clearly implicates that such effectively seeks to usurp/overturn the

22  denial of the motion to return the rifles in state court.   Accordingly, the Rooker-Feldman doctrine

23  applies.

24  **C.      Collateral Estoppel/Issue Preclusion**

25          Defendants alternatively argued that Plaintiff was collaterally estopped from challenging the

26  denial of the return of the weapons, as the state court has already done so.   Plaintiff cavalierly dismisses

27  the argument because he brings "federal claims", which of course wholly ignores Plaintiff seeks return

28  of the weapons.

COUNTY OF SACRAMENTO AND DISTRICT ATTORNEYS' REPLY TO OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
4853-8790-5203, v. 1

**D.**    **The claims are not ripe because Plaintiff has not alleged compliance with California Penal Code Sections 12021.3.1 and 33850 to legally lay title to the two rifles, and his alleged refusal to do so warrants dismissal; and/or because he is pursuing return in state court**

Defendants argued that because Plaintiff does not allege he complied with registration under the California's Assault Weapons Control Act ("AWCA"), California Penal Code section 12275 et seq., there are insufficient allegations Plaintiff sought a determination from the State whether he is lawfully entitled to return of the assault weapons seized, such that the claims for the return of the weapons are not ripe.

Plaintiff in opposition argues without authority that he need not register because he "challenges that process in his complaint" but fails to cite any place in the SAC where he actually does so. Defendants submit a thorough search of the SAC fails to show any such challenge.  Indeed only California Penal code section 33850 is mentioned once in Paragraph 204, under the ninth claim for "application for return of firearms", which is otherwise barred as argued above.

**E.**    **Plaintiff does not have Article III standing for facial challenges and/or the Second Amendment does not protect the right to possess specific firearms**

Defendants argued that Plaintiff does not have Article III standing to challenge California Welfare and Institutions Code sections 5150, or 8102, because these sections were applied to his wife, Plaintiff does not allege to be mentally ill or subject to said statutes, and/or because section 8102 is "outside the Second Amendment" as found by *City of San Diego v. Boggess*, 216 Cal. App. 4th 1494, 1500 (2013) because keeping a firearm away from a mentally unstable person is a reasonable exercise of the police power, and/or because the Second Amendment "does not protect the right to possess <u>specific</u> firearms" citing *Rodriguez v. City of San Jose*, No. 5:15-CV-03698-EJD, 2017 WL 4355095, at *2 (N.D. Cal. Sept. 29, 2017) (emphasis in original), *aff'd*, 930 F.3d 1123 (9th Cir. 2019), and *aff'd,* 773 F. App'x 994 (9th Cir. 2019) (affirming dismissal of claim by spouse of a person whose firearms were confiscated under section 8102 as having a Second Amendment right to the return of those confiscated firearms) and *Walters v. Wolf*, 660 F.3d 307 (8th Cir. 2011) (no violation of the plaintiffs' Second Amendment rights because the government's retention of a confiscated firearm did not prohibit Walters from retaining or acquiring another firearm) and *Rodgers v. Knight*, 781 F.3d 932, 941-942 (8th Cir. 2015) ("the unlawful retention of specific firearms does not violate the Second

3

Amendment, because the seizure of one firearm does not prohibit the owner from retaining or acquiring other firearms."

In opposition, Plaintiff conveniently ignores all the above authorities without actually addressing the principles of Article III standing in terms of California Welfare and Institutions Code sections 5150 or 8102.   This failure should be viewed as a concession.   For these additional reasons, the SAC should be dismissed.

**F.      Plaintiff's claims against the District Attorney in her official capacity for prosecuting crimes and any claimed policies for gun prosecution is tantamount to an action against the State of California, to which Monell does not apply**

Defendants argued that the second, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, and sixteenth claims for relief against the District Attorney or the "County" are based on multiple conclusory allegations about prosecutorial policies that are those of the State, not the County, and because of that *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) does not apply.

In opposition, Plaintiff fails to adequately address how any of the claimed policies (which Defendants maintain are related to the prosecution of crimes) are NOT those of the State, not the locality in which the District Attorney is situated.   As such, he effectively concedes the issue.   See e.g. *In re Bowman*, 630 F. Supp. 3d 1216, 1221, n.5 (N.D. Cal. 2022) (finding the failure to adequately address and issue amounts to a concession on the point).   Defendants submit the second, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, and sixteenth claims for relief against the District Attorney or the "County" claims Defendants should be dismissed.

**G.**      Plaintiff's claims for damages are barred by Eleventh Amendment Immunity

Defendants argued that where Plaintiff seeks damages against the District Attorney in her official capacity, such is barred by the Eleventh Amendment based on clear authority that prosecution of crimes is State function.

In opposition, Plaintiff concedes the issue. (Opposition, p 5).   The motion therefore should be granted.

///

///

4

**H.      Declarative relief against the District Attorney is not appropriate under the Ex Parte Young doctrine exception to Eleventh Amendment immunity**

Defendants argued that the *Ex parte Young* doctrine did not apply the District Attorney in her official capacity as arising from the enforcement of California Welf. & Inst. Code, §§ 5150 and 8102, because the District Attorney has no connection with the enforcement of those sections, and merely because California Penal Code section 30800 authorizes a District Attorney to file a civil action in lieu of prosecution is not sufficient to trigger the Ex parte Young exception to the Eleventh Amendment because there are no allegations that Plaintiff has been threatened with a petition under California Penal Code section 30800.   Accordingly, the claims are not subject to the *Ex parte Young* exception to the Eleventh Amendment, and should be dismissed.

In opposition, Plaintiff fails to address the issues as raised, instead reiterating that Plaintiff is seeking return of his firearms.  (Opposition, p.6).  Defendants submit the lack of substantive argument as to the application of the Eleventh Amendment acts as a concession to its merits, and thus the action should be dismissed.

**I.      Plaintiff's claims challenging California Code of Civil Procedures 1021.11 should be dismissed as moot**

Defendant argued that as the Ninth Circuit noted in the appeal in this case, in light of the permanent injunction issued in *Miller v. Bonta*, No. 22-cv-1446, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022), which enjoins enforcement of California Code of Civil Procedures 1021.11, these claims are now moot.  Plaintiff in opposition argues that a state court could ignore the decision of lower federal courts. That may be true, but this case is venued in federal court and the issue was already adjudicated.

**J.      The Fifteenth and Sixteenth Claims as arising from the seizure or return of the firearms as violations of the Fourth, Fifth or Fourteenth Amendments fail to state claims against these moving defendants**

Defendants argued that the Fifteenth and Sixteenth Claims as arising from the seizure or return of the firearms as violations of the Fourth, Fifth or Fourteenth Amendments fail to state claims against these moving defendants because (1) the Fifth Amendment only applies to actions by the federal government and (2) Plaintiff does not allege the District Attorney or the County seized any weapons and

5

1  thus the claims fail (3) or are barred as argued above.

2  In opposition, Plaintiff insists the claims are valid without any substantive argument or citation

3  to any authority.   Such acts as a concession to the issues. Accordingly, these claims fail and should be

4  dismissed.

5  **K.      The state law claim for inverse condemnation fails to state a valid claim**

6  Defendants argued the claim for inverse condemnation failed to sufficiently state a claim because

7  (1) Plaintiff is collaterally estopped from asserting this claim based on the denial of the 1538.5 motion,

8  (2) Plaintiff has not sufficiently alleged lawful ownership of the weapons, or (3) that Defendants

9  participated in the planning, approval, construction, or operation of a public project or public

10  improvement as required for such a claim or (4) that such public improvement caused damages, such

11  that an inverse condemnation does not apply under the allegations of the SAC.

12  In opposition, Plaintiff first argues that an inverse claim can arise from personal property, an

13  issue the Defendants did not raise or argue in the motion.  Otherwise, Plaintiff argues the "enforcement

14  actions leading to the confiscation and retention of Mr. Abrera's firearms signify a substantial

15  governmental engagement, reflecting public policy measures on gun control. This is tantamount to

16  substantial participation in a public project, satisfying the legal criteria established in *Yamagiwa v. City*

17  *of Half Moon Bay*, 523 F. Supp. 2d 1036, 1088 (2007)."

18  Plaintiff's argument stretches credulity and must be rejected.  *Yamagiwa* involved property

19  damage due to flooding from wetlands developed after the City built a public improvement project

20  along/near a beach, which is factually distinguishable from this case, and wholly fails to speak to an

21  "enforcement action" or whether such is considered a "public project" or improvement.  Plaintiff's logic

22  is flawed, and would turn the definition of public project into something unworkable.   Accordingly, the

23  motion should be granted.

24  **L.      Plaintiff has no standing to assert injunctive relief**

25  Defendants argued plaintiff must show standing separately for injunctive relief,  but fails to do so

26  because Plaintiff does not state facts establishing a likelihood of any irreparable injury in the future to

27  justify any form of injunctive relief, and has an avenue of relief for return of property by his motion

28  under California Penal Code section 1538.5, which this court has no jurisdiction over and/or now

6

COUNTY OF SACRAMENTO AND DISTRICT ATTORNEYS' REPLY TO OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
4853-8790-5203, v. 1

1   Plaintiff is barred from challenging under estoppel or *Rooker/Feldman*.

2          In opposition, Plaintiff does not point to any allegations in the SAC, nor articulate any facts that

3   establishes a likelihood of any irreparable injury in the future to justify any form of injunctive relief.

4   Plaintiff ignores that the general rule is that equity will not interfere to prevent the enforcement of a

5   criminal statute. *Hygrade Provision Co. v. Sherman*, 266 U.S. 497, 500 (1925).  Rather, it must appear

6   that 'the danger of irreparable loss is both great and immediate'; otherwise, the accused should first set

7   up his defense in the state court, even though the validity of a statute is challenged. *Fenner v. Boykin,*

8   271 U.S. 240, 243, 244 (1926).  Accordingly, any request for injunctive relief should be dismissed.

9

10                                          Respectfully submitted,

11  Dated:  April 1, 2024                   PORTER SCOTT
                                            A PROFESSIONAL CORPORATION
12

13                                          By  /s/ John R. Whitefleet
                                                John R. Whitefleet
14                                              Attorney for Defendants SCHUBERT and
                                                COUNTY OF SACRAMENTO
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTY OF SACRAMENTO AND DISTRICT ATTORNEYS' REPLY TO OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
4853-8790-5203, v. 1