ROB BONTA, State Bar No. 202668
Attorney General of California
ANYA M. BINSACCA, State Bar No. 189613
Supervising Deputy Attorney General
JAY C. RUSSELL, State Bar No. 122626
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3617
  Fax:  (415) 703-5843
  E-mail:  Jay.Russell@doj.ca.gov
*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; ANNE MARIE SCHUBERT, in her official capacity as County of Sacramento District Attorney; COUNTY OF SACRAMENTO; BOBBY DAVIS, in his official capacity as Chief of the Elk Grove Police Department; JONATHAN P. HOBBS, in his official capacity as the City Attorney for the City of Elk Grove; CITY OF ELK GROVE,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01162-DAD-DB<br><br>**STATE DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:　　　　May 21, 2024<br>Time:　　　　1:30 p.m.<br>Courtroom:　6<br>Judge:　　　Hon. Dale A. Drozd<br>Trial Date:　None Set<br>Action Filed: July 5, 2022 |

1

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl.  (2:22-cv-01162-DAD-DB)

# INTRODUCTION

The Court should dismiss Plaintiff Arnold Abrera's Second Amended Complaint because—similar to the complaint's two prior iterations—it fails to clearly and concisely state any viable claim for relief against Defendants Governor Gavin Newsom and Attorney General Rob Bonta. Although Abrera has added numerous causes of action to the Second Amended Complaint, it still fails to clearly identify which laws are allegedly unconstitutional as written, the bases for alleging that any law is constitutionally infirm, or how the State Defendants may have unconstitutionally applied any particular law or otherwise violated Abrera's constitutional rights

In his opposition, Abrera contends that he has alleged that his "request" to have his firearms returned was "denied" by a state court and that there are no current *in rem* proceedings. But there is no clear allegation in the Second Amended Complaint that state litigation concerning his property has ceased. And whether pending or final, any decision concerning Abrera's property should not be disturbed by this Court, and it should decline to exercise jurisdiction.

Moreover, Governor Newsom is immune from Abrera's generalized claims of constitutional violations, and Abrera's equal protection violation claim fails because he is not "similarly situated" to the groups of persons to whom he compares himself.

For all these reasons, the Court should grant the State Defendants' motion to dismiss the Second Amended Complaint.

# ARGUMENT

**I.  PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH THAT THE SECOND AMENDED COMPLAINT IS A SHORT AND PLAIN STATEMENT ESTABLISHING JURISDICTION AND GROUNDS FOR RELIEF**

Abrera's complaint should be dismissed under Federal Rule of Civil Procedure 8 because it does not clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996).

In his opposition, Abrera argues that "seven distinct defendants are identified, each accused of violating Mr. Abrera's Second Amendment rights through specific actions." Pl.'s Opp'n to State Defs.' Mot. to Dismiss (Pl.'s Opp'n) 4. Although Abrera concedes that the gravamen of his action is that the City of Elk Grove and the County have allegedly refused to return his firearms

2

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl.  (2:22-cv-01162-DAD-DB)

that were seized during a domestic welfare check, he vaguely posits that "State laws further compound these violations by preventing Mr. Abrera from replacing his wrongfully seized firearms." *Id.* at 4-5.  Similar to prior iterations of the complaint, the State Defendants can only guess which State laws have allegedly "compounded the violation" of Abrera's rights, whether as written or applied.  Although Abrera further asserts that the Second Amended Complaint "effectively separates the roles of municipal and state defendants" (*id.* at 5), the allegations fail to identify the laws that are allegedly unconstitutional as written.  Nor does Abrera identify any activity undertaken by the State Defendants that would amount to the unconstitutional application of any law.

Abrera opposes the State Defendants' Rule 8 motion mostly by listing the named Defendants and reciting the causes of action asserted.  Pl.'s Opp'n 4-5.  But Abrera does nothing to clarify which laws within the alleged "overarching 'tapestry'" of statutes are unconstitutional on their face (Pl.'s Opp'n at 1), what actions the State Defendants have taken to violate his constitutional rights, or why the "complexity of the case justifies the detailed allegations." *Id.* at 5.

Because Abrera's challenge is not clearly articulated, the State Defendants cannot determine what laws are allegedly unconstitutional and how the laws violate constitutional precepts.  Given these flaws, the Second Amended Complaint should be dismissed for failure to comply with Rule 8.

## II. GIVEN THE STATE COURT PROCEEDINGS, THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION

In his opposition, Abrera asserts that a "request" made under California Penal Code section 1583.5 for the return of his firearms was "denied," citing the allegations in paragraph 73 of the Second Amended Complaint.  Pl.'s Opp'n 5.  But in that same paragraph of the complaint, Abrera alleges that he was "was given disinformation, and advised [the firearms] would not be returned without court order."  Pl.'s Second Am. Compl. (SAC) ¶ 73.  Thus, despite Abrera's assertion now that there are no *in rem* proceedings "pending," Defendants rely on Abrera's own allegations concerning his action for the return of firearms, specifically that a state court could order their

3

return if a proper motion is made.  SAC ¶¶ 73-75; *see also* Pl.'s Opp'n 3 ("Mr. Abrera also faces the cumbersome process of filing an Application for Return of Firearms").  And regardless of whether those proceedings are pending or resolved, this Court should decline jurisdiction.

The Supreme Court has long recognized that, in actions concerning property (i.e., *in rem* proceedings), exclusive jurisdiction in one court is necessary "to avoid unseemly and disastrous conflicts in the administration of our dual judicial system . . . and to protect the judicial processes of the court first assuming jurisdiction."  *Penn Gen. Casualty Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195, (1935) (citations omitted); *In re Seizure of Approximately 28 Grams of Marijuana,* 278 F. Supp. 2d 1097, 1101 (N.D. Cal. 2003).  That exclusive jurisdiction arises upon the action being commenced and does not depend on the status of the case's outcome.  *In re Seizure of Approximately 28 Grams of Marijuana*, 278 F. Supp. 2d 1102 (declining jurisdiction with state property seizure proceedings pending); *see also Scarabin v. DEA,* 966 F.2d 989, 993 (5th Cir. 1992) ("A federal agency cannot obtain jurisdiction over the res . . . when a state court obtains jurisdiction first.").

Even if there "are no in rem proceedings actively 'pending'" (Pl.'s Opp'n at 5), this Court should abstain from exercising jurisdiction.  If Abrera's application remains pending or may be reasserted, abstention under *Penn General* and *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), is appropriate.  If the application is no longer "pending" because it has been fully adjudicated, that decision cannot be disturbed under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  "The purpose of the [*Rooker-Feldman*] doctrine is to protect state judgments from collateral federal attack.  Because district courts lack the power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'"  *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Dist. of Columbia v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Abrera's application in state court will resolve whether he can legally possess the firearms in question.  Given those proceedings—whether pending or adjudicated—there are no grounds for the Court to exercise jurisdiction here, and the State Defendants' motion to dismiss should be granted.

4

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl.  (2:22-cv-01162-DAD-DB)

### III. GOVERNOR NEWSOM IS IMMUNE FROM PLAINTIFF'S CLAIMS

Absent any authority, Abrera asserts that Governor Newsom is not immune from the alleged claims because the Governor's "legislative actions . . . necessitate judicial correction." Pl.'s Opp'n 6-7. Abrera further asserts that unidentified "executive orders . . . contribute to the enactment of clearly unconstitutional gun laws." *Id.* at 7. Similar to the past iterations of Abrera's complaint, these arguments fail: there are not, nor can there be, any allegations that Governor Newsom was involved in actions that allegedly violated Abrera's Second Amendment rights, namely, the confiscation of illegal weapons under Welfare and Institutions Code section 8102. Abrera's claims are thus barred under the doctrine of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 1000 (1984) (holding that the Eleventh Amendment "bars a suit against state officials when the state is the real, substantial party in interest").

Abrera's generalized claim that the Governor signed "recent laws" that do not align with Abrera's views of what weapons should be available to the public and who should be permitted to have them is insufficient to vitiate the Governor's Eleventh Amendment sovereign immunity. *See Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (noting that actions for declaratory and injunctive relief against state officers survive sovereign immunity only where "it is plain that such officer must have some connection with the enforcement of the act"). But apart from unspecified "legislative action" and "executive orders," the Second Amended Complaint does not allege that Governor Newsom undertook to enforce any provision of either the California Penal Code or Welfare and Institutions Code.

Sovereign immunity bars Plaintiffs' declaratory and injunctive relief claims against Governor Newsom. He should be dismissed.

### IV. PLAINTIFF'S EQUAL PROTECTION CLAIMS FAIL

Abrera opposes the State Defendants' motion to dismiss his equal protection claims by asserting, again without legal support, that "significant discrepancies in the treatment of different groups under California" should allow his complaint to proceed. Pl.'s Opp'n 7. Abrera further asserts that his cause of action "does not require a narrowly defined 'control group' but draws

5

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl. (2:22-cv-01162-DAD-DB)

upon the State's broader legal treatment across fundamentally different rights domains to showcase discriminatory practices." *Id.* at 8.  This argument suffers from the same incoherence as the complaint in general and should be rejected under Rule 8.  In any event, if Abrera is arguing that there is "disparate treatment" between persons asserting reproductive rights, immigration rights, and the right to possess a firearm (*id.* at 8), the argument fails.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  The Equal Protection Clause does not bar various classifications of persons or disparate treatment of unrelated groups of persons, but rather "keeps governmental decision-makers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  "'The first step in equal protection analysis is to identify the [government's] classification of groups,'" and "[o]nce the plaintiff establishes governmental classification, it is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (citation omitted); *see also Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir. 2002), ("[I]n order for a state action to trigger equal protection review at all, that action must treat similarly situated persons disparately") (citation omitted, abrogated on other grounds by *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008).

Abrera does not and cannot allege that he is "similarly situated" to persons asserting reproductive or immigration rights. *See Freeman*, 68 F.3d at 1187 ("The similarly situated group is the control group.").  Indeed, Abrera fails to allege any characteristics that are shared between himself and these groups that might support an equal protection claim. *See Rosenbaum v. City and Cty. of San Francisco*, 484 F.3d 1142, 1154 (9th Cir. 2007) (plaintiffs' "undifferentiated control group" "was not comparable because these groups were not similarly situated because of their varying characteristics.").  Abrera instead alleges that differently situated groups are treated differently under different laws than those at issue here.  That is not an equal protection claim.

6

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl.  (2:22-cv-01162-DAD-DB)

Abrera has not and cannot identify a similarly situated class of individuals with which to compare his rights and the alleged equal protection violations. He has thus failed to meet his initial burden to state an equal protection claim.

### V. PLAINTIFF'S CAUSE OF ACTION CHALLENGING CODE OF CIVIL PROCEDURE SECTION 1021.11 IS MOOT

Finally, Abrera continues to argue that his claims concerning Code of Civil Procedure section 1021.11 are not moot, asserting that the "Municipal Defendants have the power to enforce the civil statute" despite the district court's ruling in the consolidated cases of *Miller v. Bonta* and *South Bay Gun Club v. Bonta*. Pl.'s Opp'n 9. Abrera misstates the law, and his arguments should be rejected.

In *Miller v. Bonta*, No. 22-cv-1446-BEN-MDD, and *South Bay Rod & Gun Club, Inc. v. Bonta*, 646 F. Supp. 3d 1232 (S.D. Cal. Mar. 20, 2023), the district court's final judgment declared California Code of Civil Procedure section 1021.11 unconstitutional and permanently enjoined the Governor, Attorney General, and anyone "in active concert or participation with them who receive actual notice of this injunction order" from using the law's fee-shifting provision in any action. *South Bay Rod & Gun Club*, 646 F. Supp. 3d at 1245. That final judgment moots Abrera's claims here. *Sea-Land Service, Inc. v. Int'l Longshoremen's and Warehousemen's Union*, 939 F.2d 866, 870 (9th Cir. 1991). Given the final and permanent injunction issued in *Miller* and *South Bay Rod & Gun Club*, there no longer exists any law "for the court to declare unconstitutional or to enjoin," and it "could not be clearer that this case is moot." *Givens v. Newsom*, 629 F. Supp. 3d 1020, 1025 (E.D. Cal. 2022) (citing *Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022); *see also Abrera v. Newsom*, No. 22-16897 (9th Cir. Aug. 14, 2023) (granting motion to dismiss for mootness).

The district court's order permanently enjoins the State Defendants from enforcing the law. Arguing that the district court's order does not resolve the matter, Abrera cites *People v. Bradley*, 1 Cal.3d 80, 86 (1969), which held that California state courts "are not bound by the decisions of the lower federal courts even on federal questions. However, they are persuasive and entitled to great weight." But whether a California court is "bound by the decisions" in *Miller* and *South*

7

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl. (2:22-cv-01162-DAD-DB)

*Bay Rod & Gun Club* is of no consequence here: the district court has enjoined anyone "who receive actual notice of [the] injunctive order" that the statute cannot be enforced. Abrera (or any other potential litigant) is not required to resort to a state court proceeding to enforce that injunction. If anyone having received notice seeks to enforce Civil Code section 1021.11, an action to enforce the injunction can and should be brought to the district court's attention.

There is no longer a justiciable controversy concerning California Code of Civil Procedure section 1021.11, as its enforcement has been completely and permanently enjoined in all respects. Abrera's claims concerning its application are moot, and Defendants' motion should be granted.

## CONCLUSION

For these reasons, the State Defendants request that the Court grant their motion to dismiss the Second Amended Complaint.

Dated: April 2, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Jay C. Russell*

JAY C. RUSSELL
Deputy Attorney General
*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

SA2022303127
44114491.docx

8

State Defendants' Reply to Opp'n to Mot. To Dismiss Second Am. Compl.  (2:22-cv-01162-DAD-DB)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Abrera, Arnold v. Gavin Newsom, et al.** | Case No. | **2:22-cv-01162-JAM-DB** |

I hereby certify that on <u>April 2, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **STATE DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 2, 2024</u>, at San Francisco, California.

| | |
|---|---|
| M. Mendiola | *M. Mendiola* |
| Declarant | Signature |

SA2022303127
44116899.docx