UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No.  2:22-cv-01162-DAD-SCR<br><br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS AND GRANTING<br>PLAINTIFF LEAVE TO AMEND<br><br>(Doc. Nos. 81, 82, 83) |

This matter is before the court on the motion to dismiss plaintiff's second amended complaint filed on behalf of defendants Anne Marie Schubert and County of Sacramento and the motion to dismiss plaintiff's second amended complaint filed on behalf of defendants Gavin Newsom and Rob Bonta, both filed on March 11, 2024.  (Doc. Nos. 81, 83.)  In addition, on March 11, 2024, defendants Bobby Davis, Jonathan P. Hobbs, and City of Elk Grove filed a notice of joinder in the motion to dismiss filed on behalf of defendants Anne Marie Schubert and County of Sacramento.  (Doc. No. 82.)  On April 16, 2024, the pending motions were taken under submission on the papers.  (Doc. No. 89.)  For the reasons explained below, the pending motions to dismiss will be granted.  Plaintiff will be granted further leave to amend.

/////

/////

1

1

**BACKGROUND**

2          Plaintiff filed his operative second amended complaint ("SAC") on February 13, 2024,

3    broadly alleging that defendants' specified and unspecified policies, as well as a wide variety of

4    specified and unspecified California statutes and regulations, violate the Second Amendment.

5    (Doc. No. 77.)  In his SAC, plaintiff alleges as follows.[1]

6          Defendant Gavin Newsom is the governor of California.  (*Id.* at ¶ 11.)  Defendant Rob

7    Bonta is the Attorney General of California.  (*Id.* at ¶ 12.)  According to plaintiff, defendant City

8    of Elk Grove and its city attorney, defendant Jonathan P. Hobbs, as well as Sacramento County

9    District Attorney defendant Anne Marie Schubert[2], have "endorsed and followed Newsom and

10   Bonta's gun confiscation and enforcement regime going after law abiding gun owners through

11   both the civil and criminal process."  (*Id.* at ¶¶ 20, 22, 23.)  Defendant Bobby Davis is the chief of

12   police of the Elk Grove police department.  (*Id.* at ¶ 21.)

13         Plaintiff owned a rifle that is classified as an "assault weapon" under California law.  (*Id.*

14   at ¶ 6.)  Plaintiff wishes to use "large-capacity" magazines.  (*Id.* at ¶ 7.)  Plaintiff also wishes to

15   acquire a particular type of rifle but fears prosecution under unspecified California "laws . . .

16   policies, practices, and customs."  (*Id.* at ¶ 8.)  Plaintiff seeks a judicial declaration that various

17   specified California statutes and regulations, as well as defendants' unspecified "policies,

18   practices, and customs," violate the Second Amendment.  (*Id.* at ¶ 49.)

19   ───────────────

20   [1]  Plaintiff's allegations in his SAC span over 40 pages and nearly 300 paragraphs, many of which
     are vague to the point of being conclusory.  (*See, e.g.*, Doc. No. 77 at ¶¶ 88 ("The amalgamation

21   of these factors—unjustified legal prosecution based on arbitrary features, failure to adhere to
     statutory protocols for property return, and the overarching challenges in vindicating one's legal

22   rights—collectively show a systemic system of enforcement necessitating judicial oversight.");
     104 ("Plaintiff is also seeking to enjoin the State of California from enforcing the tapestry of

23   firearm laws in general . . . .")).  Certain sections of plaintiff's SAC provide background
     information that appears to have no bearing on any of plaintiff's claims, while others do not

24   include factual allegations at all but are instead purported summaries of constitutional
     amendments or decisions from district courts and the Ninth Circuit.  (*See, e.g.*, Doc. No. 77 at

25   ¶¶ 42–48; 107–08.)  In this background section, the court recounts an abbreviated summary of
     plaintiff's most relevant allegations as best it can.

26

27   [2]  The court notes that defendant Schubert was the Sacramento County District Attorney from
     2014 until January 2, 2023.  Since that time, Thien Ho has served as the District Attorney of

28   Sacramento County.

In his SAC, plaintiff also alleges as follows. On December 27, 2020, officers of the Elk Grove police department responded to a 911 call originating from plaintiff's residence. (*Id.* at ¶ 56.) Officers entered plaintiff's home without a warrant. (*Id.*) Plaintiff's wife was detained pursuant to an involuntary psychiatric hold pursuant to California Welfare and Institutions Code § 5150. (*Id.*) Six firearms owned by plaintiff and his wife were then seized from plaintiff's residence pursuant to California Welfare and Institutions Code § 8102.[3] (*Id.* at ¶¶ 57–60.) Plaintiff alleges this seizure was wrongful because his wife did not have possession of the firearms at the time, given that the firearms were in locked safes located next to plaintiff's side of the bed. (*Id.* at ¶ 61.)

On January 25, 2021, a "Petition for Judicial Determination Re: Return of Firearms" was filed by defendant Jonathan P. Hobbs in his role as city attorney for defendant City of Elk Grove. (*Id.* at ¶ 63.) "An arrest warrant for plaintiff was requested on or after January 29, 2021," on the grounds that two of the seized firearms were "unregistered bullet button rifles" and had certain characteristics, including the lack of fixed magazines. (*Id.* at ¶ 62.) On March 18, 2021, defendant district attorney Anne Marie Schubert filed a felony criminal complaint against plaintiff "because of cosmetic features completely unrelated to the actual functioning of the rifle[s]." (*Id.* at ¶ 66.) This criminal case brought against plaintiff was subsequently dismissed. (*Id.* at ¶ 71.) Plaintiff filed a motion for return of property pursuant to California Penal Code § 1538.5, which was denied by an unspecified court. (*Id.* at ¶ 73.)

In his SAC, plaintiff asserts 16 claims against the various defendants, all for violations of the Second Amendment, on the following bases:[4] (1) an "as-written" challenge[5] to the "state ban

---

[3] Section 8102 provides in relevant part that "[w]henever a person, who has been detained or apprehended for examination of his or mental condition . . . is found to own, have in his or her possession or under his or her control, any firearm whatsoever," the firearm "shall be confiscated by any law enforcement agency or peace officer, who shall retain custody of the firearm or other deadly weapon." Cal. Welf. & Inst. Code § 8102(a).

[4] The exact nature of and basis for certain of the claims asserted by plaintiff are difficult to follow at times.

[5] Plaintiff brings several claims against statutes "as-written." The court hereafter construes these claims as facial challenges to the statutes specified therein.

and seizures of AR15s, and similar semi-automatic rifles legal under federal law," consisting of certain specified statutes "and others, alongside certain regulations," in violation of the Second Amendment, against defendants Newsom and Bonta; (2) an as-applied challenge to the "state ban and seizures of AR15s, and similar semi-automatic rifles legal under federal law," asserted against uncertain, meaning not specifically identified, defendants; (3) a facial challenge to California Welfare and Institutions Code ("WIC") § 5150, WIC § 8102, and California Penal Code § 30800, for violation of the Second Amendment, asserted against defendants Newsom and Bonta; (4) an as-applied challenge to those statutes, asserted against uncertain defendants; (5) a facial challenge to the "state ban on magazines holdings more than 10 rounds of ammunition," for violation of the Second Amendment, asserted against defendants Newsom and Bonta; (6) a facial and as-applied challenge to the "state ban of modern semi-automatic handguns, unsafe handgun list, and microstamping," for violation of the second Amendment, asserted against defendants Newsom and Bonta; (7) an as-applied challenge to an undefined "policy of 'gun control' aimed at restricting Second Amendment freedoms through a series of incremental measures without the need for a constitutional amendment," asserted against uncertain defendants; (8) a facial and as-applied challenge to unnamed statutes or regulations regulating the purchase of ammunition that "effectively act as a *de facto* ban on firearms," asserted against defendants Newsom and Bonta; (9) an "application for return of firearms" seeking uncertain injunctive relief,[6] asserted against uncertain defendants; (10) treating undocumented immigrants and the right to abortion more favorably than gun owners and the Second Amendment, in violation of the Equal Protection Clause of the Fourteenth Amendment, asserted against uncertain defendants; (11) taking a "proactive approach to gun control" with regard to plaintiff but not with regard to police officers, in violation of the Equal Protection Clause of the Fourteenth Amendment, asserted against defendant Anne Marie Schubert; (12) "not returning AR15s [to] the parties" and destroying

---

[6] As is common to many of plaintiff's claims asserted in his SAC, it is unclear if plaintiff is seeking to enjoin the enforcement of certain California statutes listed in his claim 9. For instance, in his allegations supporting that claim, plaintiff appears to allege that California Penal Code §§ 33850, 33855, 33860, and 33880 facially violate the Second Amendment. (*See* Doc. No. 77 at ¶ 204.) However, plaintiff does not include those provisions in the list of statutes and regulations he seeks to enjoin in his prayer for relief. (*See id.* at 44.)

4

firearms in violation of the Second Amendment, asserted against defendants Anne Marie

Schubert and County of Sacramento; (13) a facial challenge to California Code of Civil Procedure

§ 1021.11 for violation of the First Amendment, asserted against all defendants; (14) inverse

condemnation in violation of California Constitution Article I, § 19, asserted against defendants

Newsom and Bonta; (15) firearm seizures and warrantless arrest in violation of the Fourth

Amendment, asserted against uncertain defendants; (16) firearm seizures in violation of the Due

Process Clause of the Fifth and Fourteenth Amendments, asserted against uncertain defendants.

(*Id.* at 23–43.)

Plaintiff filed his initial complaint in this action on July 5, 2022.  (Doc. No. 1.)  The

parties stipulated to allow plaintiff to file a first amended complaint ("FAC") (Doc. No. 14),

which he filed on September 2, 2022 (Doc. No. 16).  On January 25, 2024, the previously-

assigned district judge granted the defendants' motions to dismiss plaintiff's FAC due to

plaintiff's failure to comply with Federal Rule of Civil Procedure 8.[7]  (Doc. No. 74.)  The court

granted plaintiff leave to file his SAC and he did so on February 13, 2024 (Doc. No. 77).

On March 11, 2024, defendants Anne Marie Schubert and County of Sacramento filed

their motion to dismiss plaintiff's SAC for several reasons, including failure to comply with

Rule 8.  (Doc. No. 81.)  Defendants Bobby Davis, Jonathan P. Hobbs, and City of Elk Grove filed

a notice of joinder in that motion to dismiss on the same day.  (Doc. No. 82.)  Also on March 11,

2024, defendants Rob Bonta and Gavin Newsom filed their motion to dismiss plaintiff's SAC,

also for many reasons including failure to comply with Rule 8.  (Doc. No. 83.)  On March 25,

2024, plaintiff filed his three oppositions to the pending motions.  (Doc. Nos. 84, 85, 86.)  On

April 1, 2024, defendants Anne Marie Schubert and County of Sacramento filed their reply

thereto (Doc. No. 87); defendants Rob Bonta and Gavin Newsom did likewise on April 2, 2024

(Doc. No. 88).

/////

/////

---

[7]  That same day, this case was reassigned to the undersigned.  (Doc. No. 76.)

1

**LEGAL STANDARD**

2          A district court may dismiss a plaintiff's complaint for failure to comply with Federal

3    Rule of Civil Procedure 8.  *See McLaughlin v. McCloud*, No. 20-35339, 2023 WL 2555704, at *1

4    (9th Cir. Mar. 17, 2023).[8]  Rule 8 requires that a pleading must contain "a short and plain

5    statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

6    "A complaint should 'fully set[ ] forth who is being sued, for what relief, and on what theory

7    . . . .'"  *Salazar v. Cnty. of Orange*, 564 F. App'x 322, 322 (9th Cir. 2014) (alterations in original)

8    (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)).  "The propriety of dismissal for

9    failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit.

10   . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies

11   to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."

12   *McHenry*, 84 F.3d at 1179.

13

**ANALYSIS**

14   **A.     The Motion to Dismiss Filed by Defendants Rob Bonta and Gavin Newsom**

15          In their motion to dismiss, defendants Rob Bonta and Gavin Newsom (collectively, "the

16   State defendants") argue that the claims asserted against them in plaintiff's SAC must be

17   dismissed for several reasons.  (Doc. No. 83-1.)

18          First, the State defendants argue that plaintiff's SAC violates Federal Rule of Civil

19   Procedure 8.  (*Id.* at 10–12.)  They contend that plaintiff' SAC "includes a mix of potential claims

20   along with general grievances against an alleged 'tapestry' of laws concerning the purchase and

21   registration of firearms," and that plaintiff's "vague and ambiguous assertions require the State

22   defendants and the Court to sift through extraneous allegations to guess whether relevant and

23   potentially answerable allegations exist somewhere in the pleadings."  (*Id.* at 10.)  The State

24   defendants contend that plaintiff's allegations leave them to decipher what constitutional

25   violations have been alleged, against whom, and how they should be addressed.  (*Id.* at 11.)

26   /////

27   ────────────────

28   [8]  Citation to the unpublished Ninth Circuit opinions cited in this order is appropriate pursuant to
     Ninth Circuit Rule 36-3(b).

1   In opposition, plaintiff argues that length alone is not a basis for dismissing a complaint

2   and that the "depth and breadth" of his allegations is required by the "multifaceted legal issues"

3   and "complex interrelated actions" at issue in this case.  (Doc. No. 84 at 4.)  Plaintiff, who is

4   represented by counsel, further contends that he clearly delineates his claims in his SAC:

5   Claims 1, 3, 5, 6, and 8 are brought against "State Defendants"; claims 2, 4, 11, 12, 14, and 16 are

6   brought against "Municipal Defendants"; and claims 7, 9, 10, 15, and 16 are brought against both

7   "Municipal Defendants" and "State Defendants."  (*Id.* at 5.)

8       As noted, on January 25, 2024, the previously-assigned district judge issued an order

9   dismissing plaintiff's FAC for failure to comply with Rule 8.  (*See* Doc. No. 74 at 6.)  In that

10  order, the court found the following:

11      Plaintiff's FAC consists of roughly thirty (30) pages of introduction,
        historical background of gun laws, regulations, and policies in
12      California, the United States, and the Philippines, and scattered facts
        surrounding the underlying action.  Fifty (50) pages of the FAC
13      contain the thirteen (13) claims for relief.  The FAC fails to make
        clear connections between specific allegations and individual
14      Defendants and does not "provide defendants notice of what legal
        claims are asserted against which defendants."
15

16  (*Id.*) (quoting *McHenry*, 84 F.3d at 1175–76).

17      In his SAC—now consisting of 45 pages and 16 claims for relief—plaintiff has removed

18  most of the irrelevant introductory allegations as well as the allegations regarding historical gun

19  regulations in various jurisdictions.  (*See* Doc. No. 77 at ¶¶ 1–118.)  Plaintiff also includes more

20  detail regarding which specific statutes he is challenging as unconstitutional (*see, e.g., id.* at

21  ¶ 130), though many of his claims remain extremely vague in this regard.[9]

22  _____

23  [9]  The State defendants briefly argue that certain of plaintiff's claims, such as claim 10, remain
    "unintelligible" and thereby violate Rule 8.  (Doc. No. 83-1 at 11.)  In claim 10, as best the court
24  can tell, plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment
    on the grounds that some or all defendants treat undocumented immigrants better than they treat
    gun owners, and on the grounds that some or all defendants care more about protecting the right
25  to an abortion than about protecting the Second Amendment.  (*See* Doc. No. 77 at ¶¶ 213–28.)
    Plaintiff's counsel is cautioned that this claim is plainly inadequately pled and would be subject to
26  dismissal under Rule 12(b)(6) if the court could be certain which defendants the claim is asserted
    against.  However, as will be discussed in this order, because the court cannot even discern which
27  defendants claim 10 is asserted against, the court finds dismissal under Rule 8 to be more
    appropriate.
28

7

1    But while plaintiff has added some degree of clarity to his claims, he has removed clarity

2    in other ways.  Specifically, the court cannot determine which claims in plaintiff's SAC are

3    asserted against which defendants.  Seven of the claims (claims 2, 4, 7, 9, 10, 15, and 16) are

4    brought for "Declaratory and Injunctive Relief and Monetary Damages, Except to Defendants

5    Newsom and Bonta Whereby Only Equitable Relief Is Sought."  (*See id.* at 24, 26, 30, 33, 34,

6    42.)  In the view of the undersigned, these descriptions might suggest that these claims are

7    asserted against all defendants—though the court notes that this assumption is undercut by

8    plaintiff's thirteenth claim, which is expressly asserted against "All Defendants."  (*Id.* at 39.)

9    However, in attempting to clarify which claims are asserted against which defendants in

10    his opposition to the State defendants' motion to dismiss, plaintiff further muddies the waters.

11    There he states that claims 2 and 4 are "relevant to Municipal Defendants," while claims 7, 9, 10,

12    15, and 16 are asserted against "Municipal Defendants" and "State Defendants."[10]  (Doc. No. 84

13    at 5.)  Plaintiff does not explain how the State defendants could reasonably discern that claims 7,

14    9, 10, 15, and 16 are asserted against them while claims 2 and 4 are not, when all seven claims are

15    described in the same manner quoted above.  Indeed, plaintiff's contention in this regard is flatly

16    contradicted by the text of claims 2 and 4, in which the State defendants are in fact the only

17    defendants identified by name.  Plaintiff's contention is also contradicted by his own opposition:

18    He first states that claim 16 is asserted only against "Municipal Defendants," then in the very next

19    sentence states that claim 16 is asserted against both "Municipal Defendants" and "State

20    Defendants."  (*See* Doc. No. 84 at 5.)  In short, it appears even plaintiff, let alone the State

21    /////

22    /////

23    /////

24    /////

25    /////

26

27    ───────────────
     [10]  As will be discussed more fully later in this order, plaintiff does not define which persons or
     entities are included in "Municipal Defendants" or "State Defendants" anywhere in his
28    opposition.

8

1  defendants, "cannot determine from the complaint who is being sued, for what relief, and on what

2  theory . . . ." *McHenry*, 84 F.3d at 1178.[11]

3         The court concludes from the above that plaintiff's SAC does not properly put the State

4  defendants on notice of what claims are being asserted against them in violation of Rule 8. *See*

5  *Mazgaj v. Galvez*, No. 24-cv-00776-JAH-AHG, 2025 WL 642016, at *5 (S.D. Cal. Feb. 27,

6  2025) ("As written, the Complaint impermissibly asks the Court and Defendants to piece together

7  the claims alleged and speculate as to which of these claims pertain to which Defendant. This

8  structure and form of pleading is forbidden by Rule 8."). Accordingly, the motion to dismiss the

9  claims asserted in plaintiff's SAC as to defendants Newsom and Bonta will be granted. *See id.* at

10 *4–5 (granting the defendant's motion to dismiss for failure to comply with Rule 8 where the 46-

11 page complaint "fail[ed] to make it clear which claims are asserted against which Defendants");

12 *McHenry*, 84 F.3d at 1176 ("This time, the claims for relief designated legal theories on which the

13 relief was based, but the plaintiffs did not specify which defendants were liable on which of the

14 claims. Instead, each claim says "defendants' " [sic] conduct violated various rights of plaintiffs,

15 without saying which defendants."); *Salazar*, 564 F. App'x at 322 ("As the district court correctly

16 held, a fatal flaw in plaintiff's Third Amended Complaint was that it 'impermissibly lump[ed]

17 together claims and defendants.' This left 'Defendants guessing [which] claim [wa]s brought

18 against them.'") (alterations in original).

19 **B.     The Motion to Dismiss Filed by Defendants Schubert and County of Sacramento**

20        Like the State defendants, defendants Anne Marie Schubert and County of Sacramento

21 (collectively, "defendants Schubert and County") move to dismiss plaintiff's complaint for a

---

23 [11]  Of plaintiff's claims asserted clearly against defendants Newsom and Bonta, almost all are also
24 subject to dismissal under Rule 8. For instance, plaintiff asserts claims 1, 3, 6, and 8 only against
   defendants Newsom and Bonta. (Doc. No. 77 at 23, 25, 28.) Yet plaintiff's allegations are
25 unclear as to which statutes, regulations, or actions are being challenged as unconstitutional in
   these claims. (*See id.* at ¶¶ 123 (challenging "California's Penal Codes §§ 30600(a), 30605(a),
26 and others, alongside certain regulations"), 135–36 (challenging specific statutes as well as
   defendants' "customs, policies, and practices that violate the Second and Fourteenth
27 Amendments"), 168 (challenging "[t]he regulatory scheme, including Cal. Penal Code §§ 16380,
   16900, 31900 et seq., and specific regulations"), 189–93 (challenging vague "restrictions [that]
28 effectively act as a *de facto* ban on firearms")).

9

1   variety of reasons including failure to comply with Rule 8. (*See* Doc. No. 81-1 at 9 n.2.) The

2   court hereby incorporates the discussion set forth above as to how most of plaintiff's claims do

3   not adequately inform defendants Schubert and County whether those claims are asserted against

4   them.

5          Additionally, while plaintiff contends that claims 2, 4, 7, 9, 10, 15, and 16 are asserted

6   against "Municipal Defendants," he does not define the phrase "Municipal Defendants" anywhere

7   in his briefing or in his SAC.[12]   The court and defendants are left to assume that "Municipal

8   Defendants" refers to defendants Schubert and County, but this assumption has its own

9   difficulties. For instance, plaintiff contends in his opposition that claim 11 is asserted against

10  "Municipal Defendants" (Doc. No. 84 at 5), but in his SAC that claim is asserted only against

11  defendant Schubert (Doc. No. 77 at 36).[13]  Perhaps more obviously, defendant County of

12  Sacramento is not a municipality, nor is defendant Schubert—who is alleged to be the

13  Sacramento County District Attorney[14] (*id.* at ¶ 23)—a municipal employee.

14         Finally, while plaintiff's claim 12 is clearly asserted against defendants Schubert and

15  County in his SAC, the factual basis underlying this claim—for a "custom, policy and practice" in

16  violation of the Second Amendment—is unclear from the allegations of plaintiff's SAC. (*See id.*

17  at 38.) Rather, plaintiff impermissibly relies on "shotgun pleading" by incorporating all 240

18  preceding factual allegations and then alleging his claim in almost entirely conclusory fashion.

19  (*See id.* at ¶ 241); *see also Kittel v. City of Oxnard*, No. 17-cv-06709-MWF-GJS, 2017 WL

20  10543341, at *6 (C.D. Cal. Dec. 6, 2017) ("[E]ach claim incorporates by reference hundreds of

21  allegations, many of which are clearly irrelevant to the claim at issue. Although incorporation by

22

23  [12]  In his SAC, plaintiff refers at times to "City and County defendants" but does not define this
    phrase either. (*See, e.g.*, Doc. No. 77 at ¶ 186.)

24

25  [13]  At the same time, the court notes that plaintiff alleges in support of claim 11 that "defendants"
    are violating his rights afforded by the Equal Protection Clause (Doc. No. 77 at ¶ 236), even
26  though plaintiff states in his SAC that claim 11 is asserted only against one defendant, Schubert.
    For that matter, the court additionally notes that plaintiff refers repeatedly to "plaintiffs" in the
27  plural in his SAC. (*See id.* at ¶¶ 40, 49, 110.)

28  [14]  See footnote 2, above.

1    reference is common practice, 'allegations . . . which incorporate each preceding paragraph,

2    regardless of relevancy, are not permitted.' . . . This style of 'shotgun' pleading violates

3    Rule 8."); *Ceragioli v. Butte Cnty.*, No. 2:23-cv-01113-TLN-DMC, 2024 WL 1311901, at *3

4    (E.D. Cal. Mar. 26, 2024) (granting the defendants' motions to dismiss where the plaintiffs'

5    complaint was "rife with legal conclusions cast in the form of factual allegations" and where

6    those "'allegations' are later incorporated by reference within the four causes of action that are

7    asserted against Defendants without any designation of which facts support each claim for each of

8    the Defendants," and concluding that "[t]his lack of clarity permeates the Complaint and is a

9    sufficient basis for dismissal"). The only facts specifically alleged in support of claim 12 are so

10   vague as to fail to provide defendants Schubert and County with notice of their purported conduct

11   being challenged. (*See* Doc. No. 77 at ¶¶ 244–45) ("Defendant District Attorney has a custom,

12   policy, and/or practice of not returning AR15s the parties [sic] in violation of the Second

13   Amendment; in addition to having the arms subject to destruction pursuant to Cal. Pen. Code

14   § 30800 . . . . Defendant District Attorney made a policy decision to declare protected arms a

15   nuisance and to have them destroyed and that 'interest of justice' excludes the Second

16   Amendment.").

17            Accordingly, the motion to dismiss the claims in plaintiff's SAC as to defendants

18   Schubert and County for failure to comply with Rule 8 will also be granted.

19   **C.      The Motion to Dismiss Filed by Defendants Bobby Davis, Jonathan P. Hobbs, and**

20   **         City of Elk Grove**

21            Defendants Bobby Davis, Jonathan P. Hobbs, and City of Elk Grove (collectively,

22   "defendants Davis, Hobbs, and City") filed a notice of joinder in the motion to dismiss filed by

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

1    defendants Schubert and County.  (Doc. No. 82.)[15]

2              The court incorporates the discussion above and notes certain additional Rule 8

3    deficiencies as to plaintiff's allegations with respect to these defendants.  The failure to define

4    any of the terms used to describe various sets of defendants in this action—e.g., "Municipal

5    Defendants"—is particularly egregious with respect to defendants Davis, Hobbs, and City given

6    the minimal factual allegations regarding their conduct included in plaintiff's SAC.  The

7    allegations mentioning defendant Hobbs' conduct are, in full:

8              Defendant Jonathan P. Hobbs is the City Attorney, acting as the
              general legal counsel to the City of Elk Grove.  He has endorsed and
9              followed Newsom and Bonta's gun confiscation and enforcement
              regime going after law abiding gun owners through both the civil and
10             criminal process.  . . .

11             The City of Elk Grove and its officials, including Police Chief Bobby
              Davis and City Attorney Jonathan P. Hobbs, are liable for their roles
12             in enforcing the state's gun confiscation regime.  Their actions and
              policies, in alignment with state directives, have directly impacted
13             the plaintiff, leading to the seizure of his firearms.  . . .

14             Unbeknownst to Plaintiff, on January 25, 2021, a Petition for Judicial
              Determination Re: Return of Firearms Welfare & Institutions Code
15             section 8102 was filed by defendant Jonathan P. Hobbs as the City
              of Elk Grove Attorney, captioned *City of Elk Grove vs. Euginie*
16             *Abrera*, Sacramento Superior Court case number 34-2021-
              20000745.
17

18    (Doc. No. 77 at ¶¶ 22, 30, 63.)

19             Moreover, apart from this paragraph describing defendant Davis's liability in conclusory

20    terms, the only factual allegation mentioning defendant Davis in the 289-paragraph complaint is

21    the following:  "Defendant Bobby Davis is the Chief of the Elk Grove Police Department."  (*Id.*

22    _____

23    [15]  Defendants Davis, Hobbs, and City do not expressly raise the issue of Rule 8 in their notice of
      joinder, though they do "adopt all arguments, facts, and points and authorities submitted by
24    [defendants Schubert and County] as though [defendants Davis, Hobbs, and City] had set forth all
      such matters in full."  (Doc. No. 82 at 2.)  In any event, the court may dismiss the claims in
25    plaintiff's SAC as to defendants Davis, Hobbs, and City under the circumstances present here.
      *See Mazgaj v. Galvez*, No. 24-cv-00776-JAH-AHG, 2025 WL 642016, at *3 n.5, *5 (S.D. Cal.
26    Feb. 27, 2025) (dismissing the plaintiff's complaint as to all defendants for failure to comply with
      Rule 8, even though only one defendant filed a motion to dismiss, because "the Court may
27    dismiss the complaint as to all Defendants where '. . . such defendants are in a position similar to
      that of moving defendants or where claims against such defendants are integrally related'")
28    (quoting *Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981)).

at ¶ 21.)  Similarly, plaintiff's only factual allegations regarding defendant City are the following: "Defendant City of Elk Grove [. . .] is a municipality chartered by the State of California. It has endorsed and followed Newsom and Bonta's gun confiscation and enforcement regime going after law abiding gun owners through both the civil and criminal process."  (*Id.* at ¶ 20.)

  In sum, plaintiff has not provided any clarity in his SAC or his opposition to the pending motions regarding which of his claims are asserted against defendants Davis, Hobbs, and City, nor can these defendants glean any such clarity from the SAC given the total absence of factual allegations therein regarding their conduct.  These defendants cannot have any idea if they are "being sued, for what relief, and on what theory" under these circumstances.  *McHenry*, 84 F.3d at 1178.  Accordingly, the claims in plaintiff's SAC as to defendants Davis, Hobbs, and City will be dismissed for failure to comply with Rule 8.

### D. Leave to Amend

  The court will grant plaintiff's request for leave to amend.  (*See, e.g.*, Doc. No. 84 at 10.) Plaintiff can certainly remedy some of the Rule 8 deficiencies in his pleading, beginning with clearly delineating which claims are asserted against which defendants.  The court also notes the lack of clarity with which plaintiff has described which statutes he is challenging as unconstitutional and under which of his claims these challenges arise.  However, plaintiff is cautioned that the court is unlikely to entertain further requests for leave to amend.  *Cf. Hensley v. ZGF Architects, Inc.*, No. 21-35965, 2023 WL 3034816, at *1 (9th Cir. Apr. 21, 2023) ("The district court properly dismissed Hensley's action because after repeated amendment, Hensley's operative amended complaint failed to comply with Rule 8.").  To that end, plaintiff is advised that any third amended complaint he may elect to file should address any and all potential deficiencies identified by the various defendants in their motions to dismiss, including arguments the court did not address in this order.  Additionally, plaintiff is encouraged to further "focus on linking [his] factual allegations to actual legal claims."  *McHenry*, 84 F.3d at 1176.

/////

/////

/////

**CONCLUSION**

For the reasons explained above,

1.     The motion to dismiss plaintiff's second amended complaint filed by defendants Anne Marie Schubert and County of Sacramento (Doc. No. 81), in which defendants Bobby Davis, Jonathan P. Hobbs, and City of Elk Grove filed a notice of joinder (Doc. No. 82) is GRANTED;

2.     The motion to dismiss plaintiff's second amended complaint filed by defendants Rob Bonta and Gavin Newsom (Doc. No. 83), is GRANTED; and

3.     Within twenty-one (21) days of the date of entry of this order, plaintiff shall file either a third amended complaint or a notice of his intent not to do so.

IT IS SO ORDERED.

Dated:   **March 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

14