**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO and ANNE MARIE SCHUBERT
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD ABRERA, | CASE NO. 2:22-cv-01162-DAD-DB |
| Plaintiff, | **DEFENDANTS ANNE MARIE SCHUBERT AND COUNTY OF SACRAMENTO'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| GAVIN NEWSOM, in his official capacity as Governor of the State of California; et al., | Date: June 16, 2025<br>Time: 1:30 p.m.<br>Courtroom: 4 |
| Defendants. | |
| | Complaint Filed: 7/5/22<br>First Amended Complaint filed: 9/2/22<br>Second Amended Complaint filed: 2/13/24<br>Third Amended Complaint filed: 4/16/25 |
| _____/ | |

# TABLE OF CONTENTS

I.    INTRODUCTION/ALLEGATIONS/CLAIMS .................................................... 1

II.   STANDARD ........................................................................................................ 2

III.  ARGUMENT ...................................................................................................... 3

      A. The fifth "cause of action" asserts the prosecution of Plaintiff violated the Second
         Amendment for which immunity applies to the District Attorney .................................. 3

      B.  Eleventh Amendment Immunity applies to bar damages against the DA as
          to all claims ................................................................................................................ 4

      C.  Declaratory Relief Against the District Attorney is Not Appropriate Under the
          Ex Parte Young Doctrine Exception to Eleventh Amendment Immunity ...................... 5

      D.  Plaintiff Cannot Obtain an Injunction to Prevent Enforcement of Criminal Statutes ..... 7

      E.  Plaintiff fails to allege Standing for Injunctive Relief .................................................... 7

      F.  The Fifth and Sixth Claims Against the County Fail to State Monell Claims ............... 9

      G.  Seventh Claim for State Law Inverse Condemnation fails as a matter of law ............. 10

      H.  Where Plaintiff seeks return of the rifles, the Federal Court Must Decline
          Jurisdiction Under *Penn General* .............................................................................. 11

      I.  Rooker/Feldman Abstention .......................................................................................... 13

      J.  Collateral Estoppel/Issue Preclusion ........................................................................... 14

      K.  Ripeness ...................................................................................................................... 14

IV.   CONCLUSION ................................................................................................. 16

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

**TABLE OF AUTHORITIES**

Page(s)

Cases

*1st Westco Corp. v. Sch. Dist. of Philadelphia,*
    6 F.3d 108 (3d Cir. 1993)......................................................................................... 6

*Alaska Right to Life v. Feldman,*
    504 F.3d 840 (9th Cir. 2007) ................................................................................ 14

*Albers v. County of Los Angeles,*
    (1965) 62 Cal. 2nd 250 ......................................................................................... 10

*Allen v. McCurry,*
    449 U.S. 90 (1980)................................................................................................ 14

*AmeriSource Corp. v. United States,*
    525 F.3d 1149 (Fed. Cir. 2008)............................................................................ 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................... 2

*Ashelman v. Pope,*
    793 F.2d 1072 (9th Cir. 1986) ............................................................................... 3

*Bd. of Cty. Comm'rs v. Brown,*
    520 U.S. 397 (1997)............................................................................................. 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................................. 2

*Broam v. Bogan,*
    320 F.3d 1023 (9th Cir. 2003) ............................................................................... 3

*Bronson,*
    500 F.3d .................................................................................................................. 9

*Buckley v. Fitzsimmons,*
    509 U.S. 259 (1993).............................................................................................. 3

*Burnett v. City of Santa Clara,*
    No. 10-CV-01903-LHK, 2011 WL 890495 (N.D. Cal. Mar. 14, 2011) ............................ 13

*Butler v. Judge of United States Dist. Ct.,*
    116 F.2d 1013 (9th Cir.1941) .............................................................................. 12

*Ceballos v. Garcetti,*
    361 F.3d 1168 (9th Cir. 2004) ............................................................................... 5

*Children's Healthcare is a Legal Duty, Inc. v. Deters,*
    92 F.3d 1412 (6th Cir.1996) .................................................................................. 6

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983)................................................................................................. 8

*County of Los Angeles v. Superior Court,* (Peters),
    68 Cal.App.4th 1166 (1998) .................................................................................. 4

*Customer Co. v. City of Sacramento,*
    (1995) 10 Cal.4th 368, 41 Cal.Rptr.2d 658, 895 P.2d 900 ............................... 11

*D.C. Court of Appeals v. Feldman,*
    460 U.S. 462 (1983)............................................................................................ 13

4927-6442-9884, v. 1

*D'Lil v. Best W. Encina Lodge & Suites,*
   538 F.3d 1031 (9th Cir. 2008) ................................................................. 7

*Doe & Associates Law Offices v. Napolitano,*
   252 F.3d 1026 (9th Cir.2001) ................................................................. 13

*Dougherty v. City of Covina,*
   654 F.3d 892 (9th Cir. 2011) ................................................................. 9

*Ensoniq Corp. v. Superior Court,*
   65 Cal.App.4th 1537 (1998) ................................................................. 12, 13, 15

*Ex parte Young,*
   209 U.S. 123 ................................................................. 5, 6

*Fayetteville Inv'rs v. Commercial Builders, Inc.,*
   936 F.2d 1462 (4th Cir.1991) ................................................................. 2

*Fenner v. Boykin,*
   271 U.S. 240 ................................................................. 8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
   528 U.S. 167 (2000) ................................................................. 8

*Genzler v. Longanbach,*
   410 F.3d 630 (9th Cir. 2005) ................................................................. 4

*Howlett v. Rose,*
   496 U.S. 356 (1990) ................................................................. 4

*Hygrade Provision Co. v. Sherman,*
   266 U.S. 497 (1925) ................................................................. 7, 8

*Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit,*
   453 F.3d 1160 (9th Cir.2006) ................................................................. 13

*Imbler v. Pachtman,*
   424 U.S. 409 (1976) ................................................................. 3, 4

*In re Seizure of Approximately 28 Grams of Marijuana,*
   278 F. Supp. 2d 1097 (N.D. Cal. 2003) ................................................................. 13

*Jackson v. Barnes,*
   749 F.3d 755 (9th Cir. 2014) ................................................................. 10

*Kentucky, dba Bureau of State Police v. Graham,*
   473 U.S. 159 (1985) ................................................................. 9

*Knaefler v. Mack,*
   680 F.2d 671 (9th Cir.1982) ................................................................. 12

*Lacey v. Maricopa Cty.,*
   693 F.3d 896 (9th Cir. 2012) ................................................................. 3

*Lucido v. Superior Court,*
   51 Cal.3d 335 (1990) ................................................................. 14

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ................................................................. 7, 8

*Mateos–Sandoval v. County of Sonoma,*
   (N.D. Cal. 2013) 942 F.Supp.2d 890 ................................................................. 11

*McMillian v. Monroe County,*
   520 U.S. 781 (1998) ................................................................. 4

*Monell v. Dept. of Soc. Servs.,*
   436 U.S. 658 (1978) ................................................................. 9, 10

*Nat'l Park Hosp. Ass'n v. DOI,*

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

538 U.S. 803 (2003) ............................................................................................ 14

*Nova Health Sys. v. Gandy*,
  416 F.3d 1149 (10th Cir. 2005) ...................................................................... 8

*Okpalobi v. Foster*,
  244 F.3d 405 (5th Cir. 2001) ........................................................................... 9

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ...................................................................................... 7, 8

*Pareto v. F.D.I.C.*,
  139 F.3d 696 (9th Cir. 1998) ............................................................................ 2

*Paterno v. State of California*,
  (2003) 113 Cal. App. 4th 998 ......................................................................... 11

*Penn Gen. Casualty Co. v. Pennsylvania*,
  294 U.S. 189 (1935) .................................................................................. 11, 12

*People v. One Ruger .22–Caliber Pistol*,
  (2000) 84 Cal.App.4th 310 ............................................................................... 9

*People v. Superior Court (Laff)*,
  25 Cal.4th 703 (2001) ..................................................................................... 12

*People v. Superior Court (McGraw)*,
  (1979) 100 Cal.App.3d 154 ............................................................................ 15

*People v. Superior Court, Orange County*,
  28 Cal.App.3d 600 (1972) .............................................................................. 12

*Pitts v. County of Kern*,
  (1998) 17 Cal.4th 340 ................................................................................... 4, 5

*Richardson v. Flores*,
  28 F.4th 649 (5th Cir. 2022) ............................................................................. 5

*Rupf v. Yan*,
  (2000) 85 Cal.App.4th 411 ............................................................................... 9

*San Diego Gun Rights Comm. v. Reno*,
  98 F.3d 1121 (9th Cir. 1996) .......................................................................... 14

*Sanders v. City and County of San Francisco*,
  226 F. App'x 687 (9th Cir. 2007) ...................................................................... 4

*Scarabin v DEA*,
  966 F.2d 989 (1992) ....................................................................................... 12

*Sonnier v. Los Angeles County*,
  33 Fed.Appx. 252 (9th Cir. 2002) ..................................................................... 5

*Stevens v. Rifkin*,
  608 F.Supp. 710 (N.D. Cal. Oct. 17, 1984) ...................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .......................................................................................... 2

*Thomas v. Anchorage Equal Rights Comm'n*,
  220 F.3d 1134 (9th Cir. 2000) ........................................................................ 14

*Thompson v. Illinois Dep't of Prof'l Regulation*,
  300 F.3d 750 (7th Cir.2002) .............................................................................. 2

*United States v. $79,123.49 in United States Cash and Currency*,
  830 F.2d 94 (7th Cir.1987) .............................................................................. 11

*United States v. $490,920 in United States Currency*,
  911 F.Supp. 720 (S.D.N.Y.1996) .................................................................... 12

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

*United States v. One 1977 Mercedes Benz*,
    708 F.2d 444 (9th Cir.1983) ............................................................... 12
*Weiner v. San Diego County*,
    210 F.3d 1025 (9th Cir. 2000) .................................................... 4, 5, 10
*Weisfeld v. Scott*,
    143 S. Ct. 773, 215 L. Ed. 2d 45 (2023) ............................................. 5
*Wildearth Guardians v. United States EPA*,
    759 F.3d 1064 (9th Cir. 2014) ........................................................... 7
*Will v. Michigan Dept. of State Police*,
    491 U.S. 58 (1989) ............................................................................. 4
*Yamagiwa v. City of Half Moon Bay*,
    (2007) 523 F. Supp. 2d 1036 ........................................................... 11

Statutes

28 U.S.C. § 1257 ................................................................................... 13
28 U.S.C. § 1738 ................................................................................... 14
42 U.S.C. Section 1983 .............................................................. 1, 2, 4, 5
Article I, Section 19 of the California Constitution .............................. 10
Cal. Penal Code 1536 ............................................................... 9, 12, 13
Cal. Welf. & Inst. Code § 8102(a) ......................................................... 1
California Constitution, Article V, §13 ................................................... 4
California Penal Code section 1538.5 ............................................. 1, 15
California Penal Code section 1583.5 ........................................... 13, 14
California Penal Code section 30630 ..................................................... 6
California Penal Code section 30800 ..................................................... 6
California Penal Code Section 30915 ..................................................... 6
California Penal Code section 30945 ..................................................... 7
California Penal Code section 33850 ................................................... 15
California Penal code sections 30510 and 30515 .................................. 1
California Penal Code §§ 30515, 30800, 30915, and 30945 .......... 1, 2, 7
California Welfare and Institutions Code section 5150 ......................... 1
section 33865 ....................................................................................... 15
subdivision (a) of Section 30630 ........................................................... 6
§ 33850, subd. (a) ................................................................................ 15
§§ 30600, 30605, and 30800 ......................................................... 1, 2, 7

Rules

Federal Rule of Civil Procedure Rule 12(b)(6) ..................................... 2

Regulations

TAC, ¶ 28-36 ......................................................................................... 1

Other Authorities

*Bishop v. Boral Industries, Inc.*,

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

2019 U.S Dist. LEXIS 153495 *23-24 ................................................................................................ 8

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

1    Defendant ANNE MARIE SCHUBERT[1] in her official capacity as County of Sacramento

2    District Attorney and Defendant COUNTY OF SACRAMENTO hereby move to dismiss the Third

3    Amended Complaint ("TAC") of Plaintiff ARNOLD ABRERA and submit the following Memorandum

4    of Points and Authorities in support.

5    <center>**I.    INTRODUCTION/ALLEGATIONS/CLAIMS**</center>

6    This case stems from a 911 call on December 27, 2020 by Plaintiff, whose wife Euginie Abrera

7    expressed suicide ideations by firearm.  The Elk Grove Police Department responded, placed Plaintiff's

8    wife on a hold under California Welfare and Institutions Code section 5150, and seized six firearms in

9    the home pursuant to Cal. Welf. & Inst. Code § 8102(a).   (TAC, ¶ 28-36)

10    Of the six firearms, two were semi-automatic style rifles, which Plaintiff now alleges his wife

11    purchased and are "held as community property".  (TAC, ¶35).   Elk Grove filed a petition against

12    Euginie Abrera in January 2021 to prevent return of the two rifles.  (TAC, ¶ 63).  Plaintiff does not

13    allege the outcome of that petition.   While criminal charges were filed against Plaintiff on March 8,

14    2021, for violation of California Penal code sections 30510 and 30515 for unlawful possession of said

15    rifles, *People v Abrera*, Sacramento County Superior Court Case No. 21FE004857, those charges were

16    dismissed on April 13, 2022.  (TAC, ¶s  119, 139).   Plaintiff later filed a motion for return of the rifles

17    before the Sacramento County Superior Court pursuant to California Penal Code section 1538.5. which

18    was denied. (TAC, ¶ 140)

19    As against these moving Defendants, Plaintiff asserts that the prosecution of the crimes and the

20    failure to return the weapons violated the Second Amendment in his fifth and sixth claims pursuant to 42

21    U.S.C. Section 1983, as well as state law claim for "inverse condemnation" in his seventh claim for

22    relief.

23    Specifically, in his Fifth Claim entitled "SECOND AMENDMENT - STATE BAN AND

24    SEIZURES OF AR15s, AND SIMILAR SEMI-AUTOMATIC RIFLES LEGAL UNDER FEDERAL

25    LAW" (p, 20, SAC), Plaintiff alleges California Penal Code §§ 30515, 30800, 30915, and 30945, along

26    with penalties under §§ 30600, 30605, and 30800 violate his Second Amendment rights "as written", in

27    connection with the criminal charges filed against him.  (TAC, ¶s 116-152).

28

---

[1] M. Schubert is no longer the elected District Attorney.  Thien Ho was elected District Attorney of Sacramento County in 2022, and officially took office in January 2023.

<center>1</center>

The Sixth Claim entitled "SECOND AMENDMENT – STATE BAN AND SEIZURES OF AR15s, AND SIMILAR SEMI-AUTOMATIC RIFLES LEGAL UNDER FEDERAL LAW (Monell - 42 U.S.C. § 1983 - Custom, Policy and Practice – As-Applied -- Cal. Penal Code §§ 30515, 30800, 30915, and 30945—along with related penalties under §§ 30600 and 30605" appears to allege the failure to return the weapons are based on a purported policy of the DA acting on behalf of the County.  (TAC, ¶s 157-158).  Lastly, Plaintiff asserts a state law inverse condemnation claim in the seventh claim under the California Constitution.

Defendants ANNE MARIE SCHUBERT in her official capacity as County of Sacramento District Attorney and Defendant COUNTY OF SACRAMENTO now move to dismiss the claims asserted against them.

## II.    STANDARD

Complaints must contain a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6).  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  This requires more than a recitation of the elements of the claim.  Id.  The statement must include enough facts, taken as true, to suggest a right to relief.  Id.    However, mere "conclusory allegations of law and unwarranted inferences" do not.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on Rule 12(b)(6) motions to dismiss, the court should consider documents that are explicitly incorporated into the complaint by reference, *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  In addition, "in the event of conflict between the bare allegations of the complaint and any exhibit attached ..., the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc*., 936 F.2d 1462, 1465 (4th Cir.1991).  Under the rule, if a plaintiff "attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir.2002).

/ / /

/ / /

# III.    ARGUMENT

**A.    The fifth "cause of action" asserts the prosecution of Plaintiff violated the Second Amendment for which immunity applies to the District Attorney**

The law is well established that state prosecutors acting in an official role as an advocate and performing functions "intimately associated with the judicial phase of the criminal process" are entitled to absolute immunity from federal civil rights claims. See *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (a prosecutor, regardless of the motives for initiating and pursuing an action, is absolutely immune from suit claimed to result from a prosecution under a statute later held to be unconstitutional) see also  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). This immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); see also *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) ("If the [prosecutor's] action "was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights.") (citation omitted).

This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427. Prosecutorial immunity protects prosecutors from charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence. See *Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. Oct. 17, 1984). A plaintiff's allegation that a prosecutor was engaged in a conspiracy to violate his or her civil rights is insufficient to remove the prosecutor's entitlement to prosecutorial immunity. See *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceedings, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.") (as amended). "[A]bsolute immunity for prosecutorial advocacy is justified because, 'the alternative of qualifying a prosecutor's immunity would disserve the broader public interest' in protecting the prosecutor's abilities to exercise independent judgment and to advocate

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

vigorously without the threat of retaliation." *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (quoting *Imbler*, 424 U.S. at 430).

Here, fifth "cause of action" against the District Attorney clearly appears to seek a remedy arising from being prosecuted of crimes he now claims are unconstitutional.  (TAC, ¶s 119-125)  In accordance with the above authorities, the District Attorney is absolutely immune from said claims irrespective of whether the claimed statutes are unconstitutional or not, and therefore the motion should be granted.

**B.     Eleventh Amendment Immunity applies to bar damages against the DA as to all claims**

Where Plaintiff seeks damages against the District Attorney in her official capacity, such is barred by the Eleventh Amendment.

Neither states nor state officials acting in their official capacities are "person[s]" under § 1983 suits.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63-64, 71 n.10 (1989); *Pitts v. County of Kern*, (1998) 17 Cal.4th 340, 348.  See *Howlett v. Rose*, 496 U.S. 356, 375, 383 (1990) ("the State and arms of the State ... are not subject to suit under '1983 in either federal court or state court").  In *McMillian v. Monroe County*, 520 U.S. 781 (1998), the United States Supreme Court reaffirmed that state government actors cannot be liable under §1983 pursuant to the Eleventh Amendment.  In *McMillian*, the Court examined the Alabama Constitution, which expressly designated sheriffs as members of the state executive department, under supervision of the Attorney General as the ultimate legal authority for the state.  *Id.*  The federal and state courts of California have expressly adopted the McMillian analysis in evaluation of §1983 claims.  See, e.g., *Pitts*, supra, 17 Cal.4th 340; *County of Los Angeles v. Superior Court*, (Peters), 68 Cal.App.4th 1166 (1998); *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000) (following Pitts); *Sanders v. City and County of San Francisco*, 226 F. App'x 687, 692-93 (9th Cir. 2007) (same).

In accordance with *McMillian*, state and federal courts in California have analyzed the role of district attorneys pursuant to California Constitution, Article V, §13, which provides, in pertinent part:

> Subject to the powers and duties of the Governor, the Attorney General shall be the chief law officer of the State.  It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff . . . in all matters pertaining to

the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respect jurisdictions as to the Attorney General may deem advisable.

The Ninth Circuit has repeatedly relied on *Pitts* in holding that the district attorneys in California are immune from § 1983 liability pursuant to the Eleventh Amendment. See, e.g., *Ceballos v. Garcetti*, 361 F.3d 1168, 1182 83 (9th Cir. 2004) (relying on *Pitts* and holding that "a district attorney is a state official when he acts as a public prosecutor. ... In the prosecution of criminal cases he acts by the authority and in the name of the people of the state."); *Sonnier v. Los Angeles County*, 33 Fed.Appx. 252, 254 (9th Cir. 2002) ("the Los Angeles County District Attorney is an agent of the state, not the county, and therefore is not a proper defendant in a § 1983 action"). With regard to application of Eleventh Amendment immunity for California District Attorneys, the Ninth Circuit also has recognized that the California Supreme Court is the court of last resort for the interpretation of California law.  See *Weiner v. County of San Diego*, 210 F.3d 1025, 1030 (9th Cir. 2000) ("In addition to California's constitutional and statutory law, we also consider its case law, giving due respect to decisions by the California Supreme Court as the ultimate interpreter of California State law") (emphasis added).  As the "ultimate interpreter" of California law, the California Supreme Court also clearly established in Pitts that Eleventh Amendment immunity applies to the actions of a district attorney specific to training of the employees who work for her.  *Pitts*, at 362-363.  Accordingly, Plaintiff may not seek damages against the DA, and this motion should be granted.

## C.    Declaratory Relief Against the District Attorney is Not Appropriate Under the Ex Parte Young Doctrine Exception to Eleventh Amendment Immunity

In *Ex parte Young*, 209 U.S. 123, the Supreme Court held that the Eleventh Amendment does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that "such officer [has] some connection with the enforcement of the act."  However, the exception only applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution." *Id*. at 156, 28 S.Ct. 441. See also e.g. *Richardson v. Flores*, 28 F.4th 649, 652 (5th Cir. 2022) (finding *Ex parte Young* doctrine not applicable to the Texas Secretary of State, who was not the proper party for relief on election signature verifications), cert. denied sub nom. *Weisfeld v. Scott*, 143 S.

4927-6442-9884, v. 1

Ct. 773, 215 L. Ed. 2d 45 (2023)

Here, merely because California Penal Code section 30800 authorizes a District Attorney to file a civil action in lieu of prosecution is not sufficient to trigger the *Ex parte Young* exception to the Eleventh Amendment in this case, particularly absent any allegations of future enforcement against Plaintiff.   For example, in *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412 (6th Cir.1996), a children's rights organization and a parent sued the Ohio Attorney General and certain local prosecutors. The plaintiffs challenged Ohio statutes which allowed a parent or guardian to treat a child's illness by spiritual means in accordance with religious beliefs without violating a duty owed to the child. *Id*. at 1413-14.   The Sixth Circuit found that because "[t]he Attorney General did not threaten to commence and was not about to commence proceedings...." the mere "[g]eneral authority to enforce the law of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id*. (quoting *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993)). This is the same here: Plaintiff does not allege he was threatened with a petition under California Penal Code section 30800 by the Sacramento District Attorney.   Defendants submit that the *Ex parte Young* doctrine does not apply to the District Attorney in her official capacity as arising from the enforcement of California Penal Code section 30800.

Review of the other California Penal Code sections fares no better for Plaintiff, again because there is no threat of future enforcement.  California Penal Code Section 30915 merely describes what a person may do when he or she obtains title to an assault weapon under California Penal Code section 30630:

> Any person who obtains title to an assault weapon registered under this article or that was possessed pursuant to subdivision (a) of Section 30630 by bequest or intestate succession shall, within 90 days, do one or more of the following:
> (a) Render the weapon permanently inoperable.
> (b) Sell the weapon to a licensed gun dealer.
> (c) Obtain a permit from the Department of Justice in the same manner as specified in Article 3 (commencing with Section 32650) of Chapter 6.
> (d) Remove the weapon from this state.

Here, Plaintiff does not allege he had lawful possession under California Penal Code section 30630. Regardless, Plaintiff does not allege he is been "threatened and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act" to trigger

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

1   the exception.

2       California Penal Code section 30945 dictates where a lawful registrant of an assault rifle may

3   possess the weapon.  Plaintiff does not allege he was or would be subject to this section, nor prosecuted

4   nor about to be, thereunder.  Accordingly, that section does not afford Plaintiff relief.

5       Likewise, California Penal Code section 30600 criminalizes "[a]ny person who, within this state,

6   manufactures or causes to be manufactured, distributes, transports, or imports into the state, keeps for

7   sale, or offers or exposes for sale, or who gives or lends any assault weapon…"   However, Plaintiff has

8   no standing to seek relief for this section, as there are no allegations he fell or falls under this statute, nor

9   are there any allegations of threat of prosecution.  Accordingly, the claims are not subject to the *Ex parte*

10  *Young* exception to the Eleventh Amendment, and the motion should be granted.

11  **D.    Plaintiff Cannot Obtain an Injunction to Prevent Enforcement of Criminal Statutes**

12      The general rule is that equity will not interfere to prevent the enforcement of a criminal statute

13  even though unconstitutional. *Hygrade Provision Co. v. Sherman*, 266 U.S. 497, 500 (1925); *O'Shea v.*

14  *Littleton*, 414 U.S. 488, 497 (1974) (declining to enjoin prosecution of future crimes).   Thus, any aspect

15  of his claims for injunctive relief in the prosecution of California Penal Code sections 30515, 30800,

16  30915, and 30945—along with related penalties under §§ 30600 and 30605, is not available.

17  **E.    Plaintiff fails to allege Standing for Injunctive Relief**

18      Absent seeking to enjoin enforcement of criminal statutes, it is not clear what Plaintiff is seeking

19  to enjoin against the District Attorney or the County.    For example, the DA is not the California

20  Legislature and any effort to challenge statutes facially is not relevant to her.

21      Otherwise, to establish Article III standing, a plaintiff must demonstrate that: (1) he or she

22  suffered an injury in fact that is concrete, particularized, and actual or imminent (not conjectural or

23  hypothetical); (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be

24  redressed by a favorable court decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). A

25  plaintiff's standing is assessed as of the time an action was initiated and is unaffected by subsequent

26  developments.  See *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). A

27  Plaintiff must establish standing with respect to each claim and form of relief. *Wildearth Guardians v.*

28  *United States EPA*, 759 F.3d 1064, 1070-1072 (9th Cir. 2014) (organization had standing to challenge

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
4927-6442-9884, v. 1

only certain EPA decisions); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 185 (2000) (requiring plaintiff to show standing separately for injunctive relief and civil penalties). Plaintiff can only pursue an injunction if he can establish a "likelihood of substantial and immediate irreparable injury" so as to satisfy Article III standing requirements. See *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). The alleged injury cannot be "conjectural," "hypothetical," or "speculative." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (determining the plaintiff lacked standing where he failed to show the real and immediate threat that he would again be subject to a chokehold during a traffic stop).

Here, Plaintiff does not state facts establishing a likelihood of any irreparable injury in the future to justify any form of injunctive relief.  There are no "sufficient immediacy and reality" to the allegations of future injury to warrant invocation of the jurisdiction of the District Court. *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (declining to enjoin prosecution of future crimes).  Indeed, the general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. *Hygrade Provision Co. v. Sherman*, 266 U.S. 497, 500.  Rather, it must appear that 'the danger of irreparable loss is both great and immediate'; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. *Fenner v. Boykin*, 271 U.S. 240, 243, 244.

In addition, Plaintiff cannot show any likelihood of prospective harms being committed against him, and an adequate alternate remedy (i.e. money damages) exists and is pled under the same claims for relief.  See *Bishop v. Boral Industries, Inc*., 2019 U.S Dist. LEXIS 153495 *23-24 (determining it proper to strike injunctive relief where plaintiff failed to establish the need for prospective relief, and already had remedy available for prior wrongs alleged).

Lastly, the principle of causation for constitutional standing requires a plaintiff's injury to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005) (internal quotation marks omitted and emphasis added) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "It is well-established that when a plaintiff brings a pre-enforcement challenge to the constitutionality of a particular statutory provision, the causation element of standing requires the

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
4927-6442-9884, v. 1

named defendants to possess authority to enforce the complained-of provision." *Bronson*, 500 F.3d at 1110. see also *Okpalobi v. Foster*, 244 F.3d 405, 426–28 (5th Cir. 2001) (en banc) (abortion providers lack standing to sue Louisiana Governor and Attorney General for declaratory and injunctive relief based upon unconstitutionality of Louisiana state tort statute authorizing private cause of action because defendants lack authority to enforce statute). Here, even assuming arguendo that Plaintiff has alleged an injury, he has failed to allege a causal connection between that injury and the DA or the County. There are no allegations that any of these Defendants would seek to invoke the sections complained of in the immediate future as against Plaintiff. Therefore, the motion should be granted.

## F.    The Fifth and Sixth Claims Against the County Fail to State Monell Claims

Plaintiff implicitly asserts an Monell type claim in the Fifth Claim, and expressly asserts a Monell type claim in the sixth claim. Defendants submit these claim fail as a matter of law.

A local government entity cannot be held liable under § 1983 "solely because it employs a tortfeasor—or, in other words, [the County] cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a cognizable claim under Monell, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision- or policy-making authority. *Monell*, 436 U.S. at 694.

Here, notwithstanding the conclusory allegations the District Attorney acts for the County in refusing to return property, [2] there is no authority to support such a proposition. Here, it is the superior court which control its disposition. Cal. Penal Code 1536. There is no statutory requirement the District Attorney intervene nor hold the evidence.

Otherwise, it is now well settled that a suit against individuals in their official capacities is a suit against the public entity and not the named defendant. See *Kentucky, dba Bureau of State Police v.*

---

[2] Constitutional challenges to the trial court's refusal under California Welfare and Institutions section 8102 to return confiscated firearms to a person who was detained due to his or her mental condition have been rejected by the California courts. See *Rupf v. Yan* (2000) 85 Cal.App.4th 411, 427–428; *People v. One Ruger* .22–Caliber Pistol (2000) 84 Cal.App.4th 310, 312.)

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

*Graham*, 473 U.S. 159, 165-160 (1985) (the real party in interest in an official capacity suit is the government entity and not the named official).  Second, it is well established that district attorneys of California in their official prosecutorial capacities are arms of the State. See e.g. *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) ("[T]he San Diego County district attorney was acting as a state official in deciding to proceed with Weiner's criminal prosecution. Weiner's § 1983 claim against the County, therefore, fails. The County was not the actor; the state was." (emphasis added)); *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) ("Jackson alleges, in effect, that the District Attorney's Office is liable for Murphy's unlawful prosecutorial conduct. The District Attorney's Office, however, acts as a state office with regard to actions taken in its prosecutorial capacity, and is not subject to suit under § 1983. *Weiner*, 210 F.3d at 1030."  Who is the actual public entity alleged in this case?   The State of California.

Thus, any Monell claim based on policies of the Office of the District Attorney are those of the State, not the County.  Because Monell provides for liability only against local governments and municipalities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("[M]unicipalities and other local government units ... [are] among those persons to whom § 1983 applies."); see also *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); (explaining a *Monell* claims requires a plaintiff to demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental body), Plaintiff's claims are not asserting local policies, and all the claims asserted against Defendants should be dismissed.

**G.** **Seventh Claim for State Law Inverse Condemnation fails as a matter of law**

Article I, Section 19 of the California Constitution states: "private property may be taken or damaged for public use only when just compensation. . . has first been paid to. . . the owner." This has been interpreted by the Supreme Court to mean that any physical injury to real property proximately caused by a public improvement as deliberately designed and constructed is compensable. See *Pacific Bell v. City of San Diego,* (2018) Cal. App. 4th 596, 602, citing to *Albers v. County of Los Angeles,* (1965) 62 Cal. 2nd 250, 263-264. To establish liability for inverse condemnation, Plaintiff must prove: First, that he has an interest in real or personal property; Second, the Defendant substantially participated in the planning, approval, construction, or operation of a public project or public

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

improvement; Third, Plaintiff's property suffered damage; and Fourth, the Defendant's project, act or omission was a substantial cause of the damage. *Yamagiwa v. City of Half Moon Bay*, (2007) 523 F. Supp. 2d 1036, 1088. A public entity is liable for inverse condemnation "if the entity substantially participated in the planning, approval, construction, or operation of the public project or improvement that proximately caused injury to the private property." *Paterno v. State of California*, (2003) 113 Cal. App. 4th 998, 1029.

Here, Plaintiff is collaterally estopped from asserting this claim based on the denial of the 1538.5 motion.  Otherwise, Plaintiff has not sufficiently alleged lawful ownership of the weapons, nor that Defendants participated in the planning, approval, construction, or operation of a public project or public improvement, nor that such public improvement caused damages.

Regardless, the unlawful seizure of property by law enforcement does not constitute a 'public use.' " (*Mateos–Sandoval v. County of Sonoma* (N.D. Cal. 2013) 942 F.Supp.2d 890, 912.) Unlawful property damage by law enforcement officers "never has been understood to give rise to an action for inverse condemnation in California, but rather has been treated as subject to the general tort principles applicable to governmental entities." ((*Customer Co. v. City of Sacramento* (1995) 10 Cal.4th 368, 377, 41 Cal.Rptr.2d 658, 895 P.2d 900.) Federal cases are in accord. (*Mateos–Sandoval v. County of Sonoma, supra*, 942 F.Supp.2d at pp. 895–896, 911–912 [allegedly unlawful police impoundment of a vehicle is not a taking]; *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) (holding that seizure and retention of innocent third party's property for use in criminal prosecution did not give rise to claim for just compensation, even where government action rendered property useless, because "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause").  Therefore, inverse condemnation does not apply to this context and the motion should be granted.

**H.     Where Plaintiff seeks return of the rifles, the Federal Court Must Decline Jurisdiction Under *Penn General***

A common-law rule of long standing prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court. *Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935); *United States v. $79,123.49 in United States*

*Cash and Currency*, 830 F.2d 94, 95 (7th Cir.1987); *Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir.1982) (dictum); *Butler v. Judge of United States Dist. Ct*., 116 F.2d 1013, 1015 (9th Cir.1941); cf., *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 450 n. 5 (9th Cir.1983), cert. denied, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). The purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res upon which jurisdiction of each depends. *See Penn General*, 294 U.S. at 195, 55 S.Ct. at 389.

The rule against concurrent in rem proceedings is not a constitutional limitation upon the jurisdiction of the federal courts. Rather, it is a prudential limitation applied by the Supreme Court in the interest of judicial harmony. This does not mean, however, that the matter is within the discretion of the district court. The language of *Penn General* indicates that a federal court must yield to a prior state proceeding. *Penn General*, 294 U.S. at 195, 55 S.Ct. at 389 (" [T]he jurisdiction of one court must of necessity yield to the other.").

Where state statutes place items seized by local law enforcement under judicial control, courts have held that seizure by police itself constitutes an assertion of jurisdiction over the seized items by the state courts. See *Scarabin v DEA*, 966 F.2d 989 (1992) (finding that state law granted courts exclusive control over res where statute provided that seized property "shall be retained under the direction of the judge" and, when no longer needed, "shall be disposed of according to law, under the direction of the judge"); *United States v. $490,920 in United States Currency,* 911 F.Supp. 720 (S.D.N.Y.1996) (finding statute provided in rem jurisdiction where statute and case law provided that seized items be held "in the custody of the court").

California courts have also interpreted California Penal Code section 1536 to confer jurisdiction on state courts to hear non-statutory motions for return of seized property held for use as evidence. "[E]ven in the absence of statutory authorization, the superior court possesses the inherent power to conduct proceedings and issue orders regarding property seized from a criminal suspect pursuant to a warrant issued by the court." *People v. Superior Court (Laff), 25 Cal.4th 703 (2001)*; see *also Ensoniq Corp. v. Superior Court,* 65 Cal.App.4th 1537, 1547 (1998). As such, courts retain jurisdiction to dispose of seized items even after the criminal case has been completed, *People v. Superior Court*,

*Orange County*, 28 Cal.App.3d 600, 607–08 (1972) (court had jurisdiction to hear motion for return of property made at return of 'not guilty' verdict), and may return property in the absence of any criminal proceeding in a 'special proceeding' separate from any underlying criminal case, *Ensoniq Corp*., 65 Cal.App.4th at 1547. This jurisdiction over seized property exists separate and apart from the criminal matter by virtue of the judicial control over seized items conferred by statute, in much the same manner as in rem jurisdiction.

The extent of judicial control conferred by section 1536 well might be sufficient on its own to find that, under *Penn General*, federal courts may not take jurisdiction over property seized by California state authorities without a state turnover order. *In re Seizure of Approximately 28 Grams of Marijuana*, 278 F. Supp. 2d 1097, 1106–07 (N.D. Cal. 2003).

Here, Plaintiff acknowledges he filed a motion for return of property under California Penal Code section 1583.5 which was denied (Paragraph 140, TAC).    The state court still has in rem jurisdiction over the firearms, such that the federal court must therefore decline jurisdiction.

I.     **Rooker/Feldman Abstention**

The application of the *Rooker-Feldman* doctrine, which is premised on the principle that federal district courts lack jurisdiction to review the decisions of a state judicial proceeding, (See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir.2001)), means that only the Supreme Court can review state court rulings, via the procedures set forth in 28 U.S.C. § 1257.

This court is not the appropriate venue for Plaintiff to challenge the decision in the state courts to not return the rifles. *Burnett v. City of Santa Clara,* No. 10-CV-01903-LHK, 2011 WL 890495, at *3 (N.D. Cal. Mar. 14, 2011) (finding claims barred where state court ordered destruction of the rifle based on Plaintiff's prior felony conviction and failure to register) citing *Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit,* 453 F.3d 1160, 1165 (9th Cir.2006) (dismissing plaintiff's federal court complaint as "a long list of rambling grievances regarding determinations made by the California superior court."). Under the Rooker–Feldman doctrine, federal courts do not have subject matter jurisdiction to review judgments or final determinations of state courts, even if the state court decision might involve federal constitutional issues. See Id.

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
4927-6442-9884, v. 1

1   Here, Plaintiff acknowledges he filed a motion for return of property under California Penal

2   Code section 1583.5 which was denied.   The motion to return the rifles was denied by the state court

3   and thus cannot be disturbed under the *Rooker-Feldman* doctrine.

4   **J.    Collateral Estoppel/Issue Preclusion**

5   Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court

6   judgments that those judgments would be given in the courts of the state from which the judgment

7   emerged. See e.g. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); in California, "[c]ollateral estoppel

8   precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51

9   Cal.3d 335, 341 (1990).   Here, Plaintiff admits the superior court denied his motion.   Under the

10  collateral estoppel principles, this court cannot upset that ruling.   Accordingly, Plaintiff is estopped from

11  challenging the denial of the return of the weapons, as the state court has already done so.

12  **K.    Ripeness**

13  "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of

14  premature adjudication, from entangling themselves in abstract disagreements over administrative

15  policies, and also to protect the agencies from judicial interference until an administrative decision has

16  been formalized and its effects felt in a concrete way by the challenging parties. The ripeness doctrine is

17  drawn both from Article III limitations on judicial power and from prudential reasons for refusing to

18  exercise jurisdiction, but even in a case raising only prudential concerns, the question of ripeness may be

19  considered on a court's own motion. Determining whether administrative action is ripe for judicial

20  review requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the

21  parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. DOI*, 538 U.S. 803, 807-08

22  (2003), citations and quotations omitted.

23  "Prudential considerations of ripeness are discretionary." *Thomas v. Anchorage Equal Rights

24  Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000). "While 'pure legal questions that require little factual

25  development are more likely to be ripe,' a party bringing a pre-enforcement challenge must nonetheless

26  present a 'concrete factual situation . . . to delineate the boundaries of what conduct the government may

27  or may not regulate without running afoul' of the Constitution." *Alaska Right to Life v. Feldman*, 504

28  F.3d 840, 849 (9th Cir. 2007), quoting *San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1132 (9th

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1

Cir. 1996).

California Penal Code Section 12021.3.1 provides a mechanism for any person who claims title to any firearm that is in the custody or control of a court or law enforcement agency and who wishes to have the firearm returned to him or her whereby the person makes an application for a determination by the California Department of Justice as to whether he is eligible to possess a firearm.

Likewise, Under California Penal Code section 33850, a "person who claims title to any firearm" in law enforcement custody may seek the return of that firearm. (Pen.Code, § 33850, subd. (a).) The person seeking return of any firearms must file an application for a Penal Code section 33865 notification that specifies the make and model of the firearms that are being sought and provides detailed information about any handguns. (Pen.Code, §§ 33850, 33865, subd. (c)(3).) The firearms cannot be returned by a court or law enforcement agency unless the person seeking them obtains a Penal Code section 33865 notification that the person is eligible to possess a firearm and "the firearm has been recorded in the Automated Firearms System in the name of the individual who seeks its return." (Pen.Code, § 33855, subd. (b).)

However, only legal property may be returned to the person from whom it was taken. *Ensoniq Corp. supra*, 65 Cal. App. 4th at 1547.  "[T]he People have the right to detain any property which it is unlawful to possess, and such right exists whether the property was lawfully seized or not." (*People v. Superior Court (McGraw)* (1979) 100 Cal.App.3d 154, 157.

Here, to claim a right under the Second Amendment arising from the alleged failure to return the weapons is not ripe, in that Plaintiff has not sufficiently alleged he has a right to the return of such weapons.  In other words, Plaintiff has not sufficiently alleged he has obtained determination from the State whether he is lawfully entitled to return of the assault weapons seized, nor that there has been some determination in the positive by the State.  There are no allegations that he made an application to the CA DOJ as to whether he is eligible, nor that he can claim title to the firearm under California Penal Code section 33850.    In addition, the denial of his motion under California Penal Code § 1538.5 implies he did not sufficiently satisfy the right to return of such firearms.   Accordingly, the claims are not ripe.

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT
4927-6442-9884, v. 1

## IV.     CONCLUSION

For each of the foregoing reasons, Defendants COUNTY OF SACRAMENTO and ANNE MARIE SCHUBERT should be dismissed from this case with prejudice.

Respectfully submitted,

Dated:  April 29, 2025

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  /s/ John R. Whitefleet
    John R. Whitefleet
    Attorney for Defendants COUNTY OF SACRAMENTO and ANNE MARIE SCHUBERT

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

4927-6442-9884, v. 1